FILED17 JUL '23 10:46USDC-ORP

# IN THE U.S. DISTRICT COURT

## FOR THE STATE OF OREGON

**NIMROD BENNIE HOWARD TAYLOR.,**          3:23-cv-01039-AN

Petitioner-Appellant,                    **Oregon App. Crt No: A179854**

                                         **Oregon Sup. Crt. No: S070022**

V.                                       **Multnomah County Cir. Court**

                                         **20CR44701/20CR53116**

## CHRISTOPHER RANDALL –

## MS. SUNDQUIST ET AL.,

Superintendent- Deer Ridge Correctional Institution

Respondent,

                              **PETITITONER-APPELLANT'S**

                              **WRIT OF HABEAS CORPUS**

Appeal from the Judgment of the Circuit Court

for Multnomah County

Honorable DAVID REES, Judge.

and The Oregon Court of Appeals.

Petitioner-Appellant, in the above entitled case, comes now as a Pro Se litigant, seeking immediate relief from violations of his 5th, 8th, and 14th amendment rights of the U.S. Constitution.   Respectfully requesting this Court, to enter an **"Order of Injunctive Relief" and or the Granting of this Petition for "Writ of HABEAS CORPUS",** against the Oregon Department of Corrections, to properly adjust Petitioner's release date to no later than September 11th 2023.

As of right now, Petitioner is not receiving all of his credit time served in the Multnomah County jail, from and between September 26th 2020, through October 19th 2020, for his case's 20CR44701 and 20CR53116, which were "{GLOBALLY COMBINED"} on October 19th 2020.

Appellant-Petitioner was initially arrested on August 13th 2020 and booked and released for 4th degree Assault and Burglary case 20CR44701.  The following month Appellant-Petitioner was arrested on September 26th 2020 for 2nd degree Assault case 20CR53116 and remained in Multnomah County jail.

Please see attached {EXHIBIT PAGES 1}, which is a copy of the arrest report sent to Appellant from his Third Trial Attorney, Public defender Jennifer List of The Multnomah Public Defender's Office.

This exhibit shows that Appellant was in fact in Multnomah County jail, arrested on September 26th 2020 and held until May 20th 2021, when Appellant was released on S.T.A.R.T Court Probation.

Furthermore, by reviewing {EXHIBIT PAGES 2} this Court will be able to see copies of Multnomah County Jail's, Inmate Commissary receipt's, which will show that Appellant was in fact in jail and repeatedly buying {Canteen-Commissary}.

As Multnomah County jail's, own computer copies of Appellant's, Inmate Trust Account records show.  If this court will review the underline dates please.

Appellant is in immediate danger of having his U.S. Constitutional rights of the 5th, 8th and 14th Amendments violated by Deer Ridge Prison and Oregon Department of Correction's (P.T.A Prison Term Analyst Joe McCool-OSCI) and (Technical Program Specialist Shawn C. Spooner) and OISC Administrator Tasha Petersen.

These above mentioned three, are only giving Appellant time served credit from October 19th2020, when both of his case's 20CR44701 and 20CR53116 were both

{"GLOBALLY COMBINED"} to present.

Instead of giving Appellant time credit served "from September 26th 2020" through to October 19th 2020 and up to present date.

Please see {EXHIBIT PAGES 3} which are response's, from the above-mentioned [Technical Program Specialist Shawn C. Spooner] and OISC Administrator Tasha Petersen, {in regards to Appellants prison Grievance complaints, and Appellant's attempts to exhaust D.O.C Administrative remedies.}

In which this Court can see Mr. Spooner's and Mrs. Petersen's explanation, as to why, they are only giving Appellant time credit beginning from October 19th 2020, when both Appellants cases were globally combined, instead of Appellants arrest date of September 26th 2020.

Also {EXHIBIT PAGES 4} are photo copies of Appellants written {Prison Grievance's Complaints} to P.T.A (Prison Term Analyst) Joe McCool, and his supervisor Stacy Hofmann, and attached, are their computer typed responses to Appellant's prison grievance's.

Therefore, making prison officials "Effectively Aware" that Appellant is not receiving all of his credit for time served.

Appellant/Petitioner thinks it is very important for this Court to notice the "Objective Mind state" of the above-mentioned Prison official's, to deprive Appellant of his U.S. Constitutional rights of the 5th, 8th, and 14th Amendments.

As there is no doubt that the above fore mentioned prison officials are completely aware that the Appellant/Petitioner was arrested and in Multnomah County jail, between September 26th 2020 through October 19th 2020.

There is no argument or denial, from the above fore-mentioned prison officials, or Multnomah County jail, or the Oregon Department of corrections-Deer Ridge State Prison, or the Multnomah District Attorney's Office, that Appellant/Petitioner was in jail on September 26th 2020 through October 19th 2020.

The above fore-mentioned just are refusing to give Appellant/Petitioner his time served credit.

As this Court can see by reviewing (EXHIBIT PAGES FIVE).

Which is a typed response letter from

Appellant/Petitioners appointed Multnomah public defender Jennifer F. List and her explanation as to why Appellant/Petitioner is not getting his time served credit.   Attached is a copy of the related Multnomah Court transcript.

So, in Laymen's terms, Pro Se Appellant/Petitioners Complaint here before This Court, is the fact that he is not been given time credit served, for time between September 26th 2020 and October 19th 2020, which is a total of 23 actual days, and with goodtime credit at 20%, it would be an additional 4 days, for a total of 27 days.

These 27 days would move Appellants release date to September 11th 2023, from October 9th 2023.

Appellant/Petitioner's argument here is a simple one now before this Court.

And Appellant /Petitioner respectfully present's the following Federal Question's before this Court.

1.)   If Appellant/Petitioner was in fact incarcerated from and between the dates of September 26th 2020, to and through October 19th 2020, should he receive time served credit for being in Multnomah County Jail for case's 20CR44701 and 20CR53116, especially if both of the cases are running "CONCURRENT"?

2.)   Would it violate Appellant/Petitioner's, 5th, 8th, and 14th Amendments of the U.S. Constitution, to be free from "Cruel and Unusual Punishment" and deprived him "Due Process", by being held in jail/prison longer than he should be, because he is not being given "ALL" of his time served credit?  Especially when the above fore-mentioned Prison officials and the District Attorney's Office are "ALL" completely and effectively made aware that Appellant/Petitioner was incarcerated in Multnomah County jail, between and from the time of September 26th 2020 through, to and past October 19th 2020?

3.)   Would it further violate Appellant's 5th, 8th and 14th Amendment rights of the U.S. Constitution, if the above-mentioned prison officials continue to deny Appellant credit time served for both cases, when knowing both of his cases are running concurrently and there is "NO" Court Order stipulating that Appellant/Petitioner should not get "ALL" his time served credit?


Appellant/ Petitioner's respectfully argues that once he was arrested the clock started running in respects to his "TIME SERVED".   As to the fact if Appellant/Petitioner was "BOOKED" on this case or that case, "BOTH" cases are running "CONCURRENT",

So as far as time served goes, every day counts, either way.  As this Court can see was the Multnomah Court Judge David Rees intention, as it is "Specifically" written on the Court's sentencing ORDER.  Please see (EXHIBIT PAGES ONE), where this Court can see copies of the Multnomah Court Order.

 "**Therefore because of the immediate risk of being wrongfully held in prison**",  Pro Se Appellant here, having not heard from his appointed Appellate attorney, request leniency from this Court when reviewing this motion, in accordance with the U.S. Supreme Court's ruling in Hines V. Kerner and respectfully pray and request immediate relief from this Court to avoid violations of his U.S. Constitutional rights, being deprived by Oregon Department of Correction's fore-mentioned.

As appellants current appeal before the Oregon Appeal Court in case No. A179854, will not address this issue in a timely matter.

Also Pro se Petitioner sought relief from the Supreme Court of Oregon and was denied, because he has not "Exhausted Oregon Court of Appeals", { Even though Petitioner's very issue of Complaint is his respectful argument here, is that the Appellate Court is and has deliberately impeded Petitioner's ability and access to utilize his "Due Process" of the 5th and 14th Amendment of the U.S. Constitution, by appointing Petitioner Appellate Court Attorney, Jedediah Peterson #084425 of O'CONNOR WEBER LLC., (503)226-0923, 1500 SW First Ave. Suite 1090 Portland, Oregon 97201.

The Appellate Court Commissioner Theresa M. Kidd, continues to have every motion Petitioner tries to file [e.g. Request for Injunctive Order and Mandamus motion- concerning Petitioners release date], **"STRICKEN"** from the record, stating the Appellate Court would not accept 'hybrid litigation', from Petitioner and his counsel.   Even though Petitioner has never had any of his phone calls answered by his appointed attorney and hasn't heard from his attorney in month's through mail.

Petitioner respectfully argues that the above mentioned is a violation of his 6th Amendment of the U.S. Constitution, as Petitioner does not have 'zealous counsel' as defined by the Oregon and or American Bar Association'{s}.

Petitioner's counsel is 'ineffective' and is consciously or as a result of incompetence, unconsciously, being used by the Appellate Court to "Muzzle" Petitioner, concerning the filing of any further motion's showing evidence of **"Reasonable Preponderance",** concerning Petitioner's criminal and civil litigations.  Which the Appellate Court, thereby is deliberately and or at the very least unintentionally, denying Petitioner access to the Court to litigate, which is a "Due Process" violation as defined by the U.S. Constitution.

Furthermore, Petitioners/Appellant's already wrong, release date 'was' October 8th 2023, but Appellant case was {Reversed and Remanded} back to the Multnomah Court for Re-Sentencing, as Appellant was illegally sentenced to 71 months, which exceeds the maximum legally allowed for a {Class "C"} Felony, which is a {H8} on the Oregon Multnomah sentencing Grid.


Please see "The Oregon Appellate Courts own ruling" in (Court of Appeals Case No. A179117).

In violation of Appellant's U.S. Constitutional rights, the above-mentioned Joe McCool and Shawn C. Spooner are both refusing to give Appellant all his time serve credit and are also not giving Appellant time credit for when he was order by The Oregon Appellate Court, to go back to Multnomah Court for Re-Sentencing and this is how Appellant's already wrong release date was pushed even further back from October 8th 2023 to October 9th 2023. Please see (EXHIBIT PAGES SIX).

**WHEREFORE**., Petitioner-Appellant respectfully request that this Court, grant this Petition and issue an Order that the Appellant be giving "ALL" of his credit for time served from September 26th 2020, through and between to October 19th 2020 and released no later than **September 11th 2023**, or the previous, earlier week day, if/as, the 11th of September falls on a weekend/National Holiday.   As Oregon Department of Corrections does not release prisoner's on weekends/holiday's, unless specifically ordered by a Court.

I Nimrod B.H. Taylor declare under penalty of perjury the above mentioned herein this motion, to be true to the best of my knowledge.

Dated 7-12th-2023

Nimrod B.H. Taylor #23849845 Deer Ridge Prison

3920East Ashwood Road Madras, Oregon 97741

# VERIFICATION OF SERVICE

## BY U.S. MAIL

I Nimrod B. H. Taylor #23849845, a prisoner at Deer Ridge State Prison of Oregon Department of Corrections, is now acting, as a Pro Se litigant, in respects to this/these motions and verification of service, as I have not heard from my Oregon Appellate Court appointed Attorney, Jedediah Peterson #084425 of O'CONNOR WEBER LLC., (503)226-0923, 1500 SW First Ave. Suite 1090 Portland, Oregon 97201, declare under penalty of perjury that I mailed a true copy of Appellants/Defendants Request for Injunctive relief to the below listed address.,

Oregon Court of Appeals 1163 State Street Salem, Oregon 97301-2563 – Oregon Supreme Court 1163 State St. Salem, OR 97301

Attorney General's Office 1162 Court Street North East Salem, Oregon 97301

Jedediah Peterson #084425 of O'CONNOR WEBER LLC., (503)226-0923, 1500 SW First Ave. Suite 1090 Portland, Oregon 97201,

Attorney Jennifer F. List 522 South West 5th avenue., Suite 100 Portland, OR 97204

Multnomah County Court of Oregon 1200SW 1st Ave. Portland, Or 97204 – American Bar Assoc. 1050 Connecticut Ave. NW 400 Wash. DC 20036

Office of Public Defense service - Brett J. Allin #142719 File No. 78142 - Appellate Div. 1175 Court St. North East Salem, OR 97301-4030

Oregon Bar Association P.O. Box 231935 -   Jefferson County Court of Oregon 129 SW. East St., Ste#101 Madras, OR 97741

U.S. District Court -Portland Div.1000SW 3rd Ave. Portland, OR 97204 - U.S. Attorney's Office 1000 SW 3rd Ave. Suite #600 Portland, OR 97204

I declare the above written true to the best of my knowledge as correct under penalty of perjury.

Dated: 7/12/2023                                  Nimrod B.H. Taylor #23849845 Deer Ridge Prison

3920 East Ashwood Road Madras, Oregon 97741

Petition for Writ of Habeas Corpus- U.S. District Court of Oregon                    Page 22 of 27

# IN THE U.S. DISTRICT COURT

## FOR THE STATE OF OREGON

**NIMROD BENNIE HOWARD TAYLOR**

Petitioner-Appellant,

V.

Oregon Court of Appeals

**Court No: A179854**

**Oregon Sup. Crt. No: S070022**

**Multnomah County Cir. Court**

**20CR44701/20CR53116**

**CHRISTOPHER RANDALL - MS. SUNDQUIST ET AL.,**

Superintendent- Deer Ridge Correctional Institution

Respondent-Defendant,

**REQUEST TO PROCEED**

**INFORMA PAUPERIS**

Appellant/Petitioner is completely indigent and has no properties or monies of any kind and everything he makes from his prison job his already being garnished by previous Court order's due to previous related Court filings

I declare the above written true to the best of my knowledge as correct under penalty of perjury.

Dated: 7/12/2023

Nimrod B.H. Taylor #23849845 Deer Ridge Prison

3920East Ashwood Road Madras, Oregon 97741

# IN THE U.S. DISTRICT COURT

## FOR THE STATE OF OREGON

**NIMROD BENNIE HOWARD TAYLOR**

Petitioner-Appellant,

Oregon Court of Appeals

Court No: A179854

Oregon Sup. Crt. No: S070022

V.

Multnomah County Cir. Court

20CR44701/20CR53116

**AFFIDAVIT IN SUPPORT**

**OF PETITIONER'S**

**CHRISTOPHER RANDALL –**

**MS. SUNDQUIST ET AL.,**

Superintendent- Deer Ridge Correctional Institution

Respondent-Defendant,

**WRIT OF HABEAS**

**CORPUS**

Pro Se Petitioner in the above entitled case respectfully submits this Affidavit in support of Petition for Writ of Habeas Corpus and declares the following true under penalty of perjury.

Petitioner seeks relief from this Court from the Oregon Appellate Court as follows.

## STATEMENT OF FACTS

1. Petitioner is being denied a total of 27 days that he served in Multnomah County Jail of Oregon and Oregon Department of Corrections, particularly Deer Ridge State Prison, are only acknowledging Petitioners time in Multnomah county jail, when both of his case's 20CR44701 and 20CR53116 were "Globally Combined"

2. Petitioner in addition to the above mentioned, also has several Civil Rights claims against Deer Ridge Prison (DRCI) , which include , unnecessary exposure to Covid-19 and for being thrown in the "Hole" (Ad-Seg) for no reason's out of result for his attempts at Civil Litigation.

3. Petitioner in the Oregon Appellate Court case A179854 has repeatedly tried to file several Affidavit's in Support of his Civil litigation to show the Appellate Court what was/is going on with Petitioner.

4. The Oregon Appellate Court responded by appointing Petitioner attorney Jedediah Peterson of O'Connor Weber LLC, Petitioner however has not heard from this Attorney in over 2 months, despite several attempts at telephone calls and letters to no avail.

5. Because Petitioner is challenging the time served credit for his release date of the 27 days that he is not receiving.

6. Petitioner's release date is now 10/9/2023 and if Petitioner could get his rightful 27 days credit back, this would knock his release date down to 9/11/2023 which is a significant difference.

7. Therefore Petitioner has now submitted this Affidavit in Support of Petitioner enclosed Writ of Habeas Corpus, because petitioner feels that the Appellate Court has appointed him an Attorney, who simply is just putting a "MUZZLE" on Petitioner, because every time Petitioner tries to file a motion in regards to his Appeal,( e.g. Injunctive Relief Order- in which Petitioner having not heard from his Attorney, tried to get the Appellate Court's help concerning his release date-To which the Appeal Court Commissioner Theresa M. Kidd , had Petitioner's motions **"STRICKEN"** from the records-Please see attached order. Petitioner has also addressed these very issues of complaints before the Supreme Court of Oregon, see., [ **Oregon Sup. Crt. No: S070022**].

In which Petitioners case was dismissed, because he had not 'exhausted remedies' before the Oregon Appellate Court.  Even though Petitioners very issue of complaint, is that the Court of Appeals, won't let Petitioner litigate, by appointing Petitioner ineffective assistance of counsel.

8. So, Petitioner has an appointed lawyer who won't accept his calls and will not contact Petitioner.  And the Appellate Court will not let Petitioner file any motions to **"ATTEMPT"** to challenge is unlawful imprisonment which Petitioner respectfully argues is a, 5th ,6th, 8th, and 14th amendment violations of the U.S. Constitution and in accordance with the U.S. Supreme Court's ruling in Hines v. Kerner, Petitioner prays for leniency from this Court as a Pro Se litigant.

I declare the following/and above fore mentioned as true to best of my knowledge as correct, under penalty of perjury.

Dated: 7/12/2023

Nimrod B.H. Taylor #23849845 Deer Ridge Prison

3920East Ashwood Road Madras, Oregon 97741

# EXHIBIT ONE

FILED

SEP 28 2020

CIRCUIT COURT

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

STATE of OREGON,                )    Booking       20 CR 53116
                  Plaintiff,    )    Number
                                )
        vs                      )    Booking      ASSACT II
                                )    Charges
  TAYLOR, NIMROD                )            TRESSPASS
                  Defendant     )            ......
                                )
                                )
                                )    Date/Time    9-26-20 /1455
                                )    of Arrest

| WAIVER OF PROBABLE CAUSE HEARING BEFORE A JUDGE |

I understand that I have a right to a prompt determination by a judge whether there was probable cause for my arrest. This means that a judge would review the facts the police officer relied upon to arrest me and decide whether there were sufficient grounds.

I understand that this determination by a judge must generally be made within forty-eight (48) hours of my arrest.

I understand that if the judge determines that there were not sufficient grounds to arrest me, I would be released from custody on this arrest.

Understanding my right to this determination, I have decided I want to waive it.

I understand I do not, at this time, waive any of my other rights including my right to an attorney and my right to be arraigned before a judge on the charge or charges for which I was arrested.

*Para una traducción de la "Renuncia a una audiencia de motivo de procesamiento ante un juez" refiérase al dorso de este documento.*

Date  9/26/20

Time  9-26-20  1455

Defendant's – SIGNATURE: *Firma del acusado*

NIMROD B TAYLOR
Defendant's Name – PRINTED

HOFFMAN
Witness' SIGNATURE

HOFFMAN
Witness' Name – PRINTED

— Verified Correct Copy of Original 9/28/2020

# In the Circuit Court of the State of Oregon
# For Multnomah County

Verified Correct Copy of Original 9/28/2020

STATE OF OREGON

Court Nbr.   20-CR-53116        DA    2427705-1
Crime Report    PP 20-293835

Plaintiff,

v.

**BALLOT MEASURE 11**

NIMROD BENNIE HOWARD TAYLOR
DOB: 04/30/1978

**Information of District Attorney**

ORS 163.175 (1)
ORS 164.245 (2)

**FILED**

**SEP 2 8 2020**

**CIRCUIT COURT**

Defendant(s).

The above-named defendant(s) is accused by this information of the crime(s) of COUNT 1 - ASSAULT IN THE SECOND DEGREE, COUNT 2 - CRIMINAL TRESPASS IN THE SECOND DEGREE, committed as follows:

## COUNT 1
### ASSAULT IN THE SECOND DEGREE

The said Defendant(s), **NIMROD BENNIE HOWARD TAYLOR**, on or about September 26, 2020, in the County of Multnomah, State of Oregon, did unlawfully and knowingly cause physical injury to Joshua Oliver, by means of a dangerous weapon, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon. This count is a part of the same act or transaction as the conduct alleged in the other counts of this charging instrument. This count is of the same and similar character as the conduct alleged in the other counts of this charging instrument.

## COUNT 2
### CRIMINAL TRESPASS IN THE SECOND DEGREE

The said Defendant(s), **NIMROD BENNIE HOWARD TAYLOR**, on or about September 26, 2020, in the County of Multnomah, State of Oregon, did unlawfully and knowingly enter and remain in and upon the premises located at 1020 N Marine Drive Portland, OR (Plaid Pantry), contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon.
This count is a part of the same act or transaction as the conduct alleged in the other counts of this charging instrument. This count is of the same and similar character as the conduct alleged in the other counts of this charging instrument.

Dated at Portland, Oregon, in the county aforesaid, on SEPTEMBER 28, 2020.
JACKSON OSB 114240

MIKE SCHMIDT (084679)
District Attorney
Multnomah County, Oregon

By _____
Issuing Deputy, OSB # 114240

Security Amount   (Def - TAYLOR) $250,000 + $1,000

Uniform Complaint

#### AFFIRMATIVE DECLARATION
The District Attorney hereby affirmatively declares for the record, as required by ORS 161.566, upon the date scheduled for the first appearance of the defendant, and before the court asks under ORS 135.020 how the defendant pleads to the charge(s), the State's intention that any misdemeanor charged herein proceed as a misdemeanor.

Pursuant to 2005 Or Laws ch. 463 sections 1 to 7, 20(1) and 21 to 23, the State hereby provides written notice of the State's intention to rely at sentencing on enhancement facts for any statutory ground for the imposition of consecutive sentences codified under ORS 137.123 on these counts or to any other sentence which has been previously imposed or is simultaneously imposed upon this defendant.

**INFORMATION OF DISTRICT ATTORNEY**

# CASE SUMMARY
## CASE NO. 20CR53116

| | | |
|---|---|---|
| State of Oregon | § | Location: **MUL Criminal** |
| vs | § | Filed on: **09/27/2020** |
| Nimrod Bennie Howard Taylor | § | Case Number History: |
| | § | Booking Number: **1508623** |
| | § | District Attorney Number: **2427705-1D** |
| | § | |

---

### CASE INFORMATION

| Offense | Statute | Deg | Date | Case Type: | Offense Felony |
|---|---|---|---|---|---|
| **Jurisdiction: Portland Police Department** | | | | | |
| 1. Attempt to Commit a Class B Felony | 161.405(2)(c) | FC | 09/26/2020 | | |
|    FPN: JMUL120231876 | | | | | |
|    *Filed As:* Assault in the Second Degree | 163.175 | FB | 09/27/2020 | | |
| 2. Unlawful Use of a Weapon | 166.220 | FC | 09/26/2020 | | |
|    FPN: JMUL120231876 | | | | | |
| 3. Criminal Mischief in the Second Degree | 164.354 | MA | 09/26/2020 | | |
|    FPN: JMUL120231876 | | | | | |
| 4. Criminal Trespass in the Second Degree | 164.245 | MC | 09/26/2020 | | |
|    FPN: JMUL120231876 | | | | | |

**Related Cases**
21CV05888 (Habeas Corpus)

**Statistical Closures**
05/21/2021    Closed
05/21/2021    Unsatisfied

**Warrants**
Arrest Warrant - Taylor, Nimrod Bennie Howard (Judicial Officer: Albrecht, Cheryl A. )
10/06/2020    7:48 AM    Return of Service - Warrant
10/05/2020    1:48 PM    Active
Fine:    $0
Bond Set: **$258,500.00 (@100%, $258,500.00)    Any**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment** |
| | Case Number      20CR53116 |
| | Court            MUL Criminal |
| | Date Assigned     09/28/2020 |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **State of Oregon** | **Jackson, Todd T** |
| | | 503 988-3162(W) |
| **Defendant** | **Taylor, Nimrod Bennie Howard** | **Philips, Rachel** |
| | | *Court Appointed* |
| | | 503 575-7062(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 09/28/2020 | **Arraignment** (2:30 PM) (Judicial Officer: Oden-Orr, Melvin ;Location: Justice Center Courtroom 3) | |
| |     Resource: Court Reporter MULJCFEL Recording, FTR | |
| |     Resource: Calendar Group MULJCEBR JC - Booking Register Email Group | |
| |     Resource: Location MULJC3 Justice Center Courtroom 3 | |
| |     *Held* | |
| |     Created: 09/27/2020 10:19 AM | |

# CASE SUMMARY
## CASE NO. 20CR53116

MULTI CRIMINAL

| | |
|---|---|
| 09/28/2020 | Motion - Recognizance Release<br>Created: 09/28/2020 8:03 AM |
| 09/28/2020 | Arraignment (Judicial Officer: Oden-Orr, Melvin )<br>Created: 09/28/2020 3:11 PM |
| 09/28/2020 | Waiver<br>*OF PROBABLE CAUSE HEARING BEFORE A JUDGE WITH ATTACHMENTS*<br>Created: 09/28/2020 4:16 PM |
| 09/28/2020 | Affidavit - Probable Cause<br>Created: 09/28/2020 4:30 PM |
| 09/28/2020 | Order - Appear (Judicial Officer: Oden-Orr, Melvin )<br>Signed: 09/28/2020<br>Created: 09/28/2020 4:36 PM |
| 09/28/2020 | Information<br>Created: 09/28/2020 4:38 PM |
| 09/28/2020 | Order - Appointing Counsel (Judicial Officer: Oden-Orr, Melvin )<br>*Attorney:*<br>Signed: 09/28/2020<br>Party: Court Appointed  Dethman, Morgan McKenzie<br>Created: 10/06/2020 4:06 PM |
| 10/05/2020 | Secret Indictment<br>Created: 10/05/2020 1:48 PM |
| 10/06/2020 | *CANCELED* **Arraignment - Indictment** (9:30 AM)  (Judicial Officer: Herranz,<br>Monica ;Location: Justice Center Courtroom 3)<br>*Indicted*<br>Created: 09/28/2020 3:13 PM |
| 10/06/2020 | **Arraignment** (9:30 AM)  (Judicial Officer: Herranz,<br>Monica ;Location: Justice Center Courtroom 3)<br>Resource: Court Reporter  MULJCFEL  Recording, FTR<br>Resource: Calendar Group  MULJCEBR  JC - Booking Register Email Group<br>Resource: Location  MULJC3  Justice Center Courtroom 3<br>*Held*<br>Created: 10/05/2020 4:03 PM |
| 10/06/2020 | Warrant - Return of Service<br>Created: 10/06/2020 7:48 AM |
| 10/06/2020 | Arraignment (Judicial Officer: Herranz, Monica )<br>Created: 10/06/2020 8:26 AM |
| 10/06/2020 | **Plea** (Judicial Officer: Herranz, Monica )<br>1. Assault in the Second Degree<br>      Not Guilty<br>         FPN: JMUL120231876  :<br><br>2. Unlawful Use of a Weapon<br>      Not Guilty<br>         FPN: JMUL120231876  : |

# CASE SUMMARY
## CASE NO. 20CR53116

3. Criminal Mischief in the Second Degree
    Not Guilty
      FPN: JMUL120231876   :

4. Criminal Trespass in the Second Degree
    Not Guilty
      FPN: JMUL120231876   :

Created: 10/06/2020 8:26 AM

| | |
|---|---|
| 10/06/2020 | Order - Appear (Judicial Officer: Herranz, Monica )<br>Signed: 10/06/2020<br>Created: 10/06/2020 10:45 AM |
| 10/13/2020 | Report<br>*DENAIL*<br>Created: 10/13/2020 9:39 AM |
| 10/16/2020 | **Call** (9:15 AM) (Judicial Officer: Bushong, Stephen K. ;Location: Central Courthouse Courtroom 7A)<br>*Bail Hearing*<br>*SWIS Booking Date: 09/26/20*<br>*Custody: MCIJ*<br>*Call 11/16/20 at 9 AM w/SKB*<br>Resource: Court Reporter JAVS Recording, JAVS<br>Resource: Calendar Group MULCC Criminal Calendaring<br>Resource: Location MULCC7A Central Courthouse Courtroom 7A<br>*Held*<br>Created: 10/13/2020 10:27 AM |
| 10/19/2020 | **Hearing - Custody Issue** (9:30 AM) (Judicial Officer: Baggio, Amy M. ;Location: Central Courthouse Courtroom 13B)<br>*Bail Reduction Hearing*<br>*Transport Requested*<br>Resource: Court Reporter MULFTRJD38 Recording, FTR<br>Resource: Location MULCC13B Central Courthouse Courtroom 13B<br>*Held*<br>Created: 10/16/2020 11:12 AM |
| 10/19/2020 | Order - Denial (Judicial Officer: Baggio, Amy M. )<br>*Bail reduction is DENIED*<br>Signed: 10/19/2020<br>Created: 10/20/2020 4:12 PM |
| 10/23/2020 | Affidavit<br>Created: 10/23/2020 1:48 PM |
| 10/23/2020 | Motion<br>Created: 10/23/2020 1:48 PM |
| 11/16/2020 | **Call - Regular** (9:00 AM) (Judicial Officer: Bushong, Stephen K. ;Location: Central Courthouse Courtroom 7A)<br>*SWIS Booking date: 09/26/20*<br>*Custody: MCIJ*<br>Resource: Court Reporter JAVS Recording, JAVS<br>Resource: Calendar Group MULCC Criminal Calendaring<br>Resource: Location MULCC7A Central Courthouse Courtroom 7A<br>*Held*<br>Created: 10/06/2020 8:27 AM |

MULTCRIMINAL

# CASE SUMMARY
## CASE NO. 20CR53116

| | |
|---|---|
| 11/23/2020 | **Motion - Compel Discovery**<br>Created: 11/23/2020 12:03 AM |
| 12/04/2020 | **Hearing - Custody Issue** (10:30 AM) (Judicial Officer: Baggio, Amy M. ;Location: Central Courthouse Courtroom 13B)<br>*Release Hearing*<br>Resource: Court Reporter MULFTRJD38 Recording, FTR<br>Resource: Location MULCC13B Central Courthouse Courtroom 13B<br>*Held*<br>Created: 12/01/2020 3:51 PM |
| 12/04/2020 | **Order** (Judicial Officer: Baggio, Amy M. )<br>*cust status cont*<br>Signed: 12/04/2020<br>Created: 12/04/2020 3:23 PM |
| 12/10/2020 | **Order** (Judicial Officer: Baggio, Amy M. )<br>*and opinion*<br>Signed: 12/09/2020<br>Created: 12/10/2020 7:57 AM |
| 12/10/2020 | **Order - Denial** (Judicial Officer: Baggio, Amy M. )<br>Signed: 12/09/2020<br>Created: 12/10/2020 7:58 AM |
| 12/11/2020 | **Hearing - Substitution Of Attorney** (2:00 PM) (Judicial Officer: Albrecht, Cheryl A. ;Location: Central Courthouse Courtroom 13A)<br>Resource: Court Reporter MULFTRJD31 Recording, FTR<br>Resource: Location MULCC13A Central Courthouse Courtroom 13A<br>*Held*<br>Created: 12/08/2020 1:25 PM |
| 12/14/2020 | **Order - Substituting Attorney** (Judicial Officer: Albrecht, Cheryl A. )<br>Signed: 12/11/2020<br>Created: 12/14/2020 9:55 AM |
| 12/15/2020 | **Order - Substituting Attorney** (Judicial Officer: Albrecht, Cheryl A. )<br>*ATTORNEY: WARREN*<br>Signed: 12/11/2020<br>Party: Court Appointed WARREN, ERNEST, Jr; Defendant Taylor, Nimrod Bennie Howard<br>Created: 12/15/2020 10:02 AM |
| 12/16/2020 | **Notice - Representation**<br>Created: 12/16/2020 1:49 PM |
| 12/19/2020 | **Certificate - Victim Notification**<br>Created: 12/21/2020 7:15 AM |
| 01/06/2021 | **Call** (9:15 AM) (Judicial Officer: Bushong, Stephen K. ;Location: Central Courthouse Courtroom 7A)<br>*For New Dates*<br>*SWIS Booking date: 09/26/20*<br>*Custody: MCIJ*<br>*Ext 60 days thru 1/24 per SKB*<br>Resource: Court Reporter JAVS Recording, JAVS<br>Resource: Calendar Group MULCC Criminal Calendaring<br>Resource: Location MULCC7A Central Courthouse Courtroom 7A |

MULT CRIMINAL
# CASE SUMMARY
## CASE NO. 20CR53116

|  |  |
|---|---|
|  | *Held*<br>Created: 11/16/2020 10:15 AM |
| 01/07/2021 | *CANCELED* **Hearing - Case Management** (4:00 PM) (Judicial Officer: Albrecht, Cheryl A. ;Location: Central Courthouse Courtroom 13A)<br>*Other*<br>Created: 10/06/2020 6:16 AM |
| 01/19/2021 | **Hearing - Case Management** (3:30 PM) (Judicial Officer: Albrecht, Cheryl A. ;Location: Central Courthouse Courtroom 13A)<br>Resource: Court Reporter MULFTRJD31 Recording, FTR<br>Resource: Location MULCC13A Central Courthouse Courtroom 13A<br>Created: 01/08/2021 2:08 PM |
| 02/01/2021 | **Hearing - Case Management** (11:00 AM) (Judicial Officer: Albrecht, Cheryl A. ;Location: Central Courthouse Courtroom 13A)<br>Resource: Court Reporter MULFTRJD31 Recording, FTR<br>Resource: Location MULCC13A Central Courthouse Courtroom 13A<br>Created: 01/25/2021 2:21 PM |
| 02/02/2021 | Order - Postponement (Judicial Officer: Albrecht, Cheryl A. )<br>Signed: 02/02/2021<br>Created: 02/02/2021 3:51 PM |
| 02/09/2021 | **Hearing - Settlement Conference** (10:00 AM) (Judicial Officer: Ramras, Christopher)<br>Resource: Court Reporter MULFTRJD15 Recording, FTR<br>Resource: Location MULCC10C Central Courthouse Courtroom 10C<br>*Held*<br>Created: 02/03/2021 5:20 PM |
| 02/16/2021 | Motion - Appoint Counsel<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 02/16/2021 3:42 PM |
| 02/16/2021 | Motion<br>*to remove counsel and appoint replacement/substitution of counsel*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 02/16/2021 3:43 PM |
| 02/25/2021 | Affidavit<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/01/2021 9:31 AM |
| 02/25/2021 | Request<br>*for Substitution of Counsel*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/01/2021 9:32 AM |
| 02/25/2021 | Request<br>*for an injuctive order*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/01/2021 9:34 AM |
| 03/04/2021 | Letter<br>*RE: Cover letter for Notice of Appeal*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/09/2021 9:01 AM |

MULT-CRIMINAL

# CASE SUMMARY
## CASE NO. 20CR53116

| | |
|---|---|
| 03/04/2021 | Notice - Appeal<br>**Case open**<br>Filed By: Defendant Taylor, Nimrod Bennie Howard<br>Serving: Plaintiff State of Oregon<br>Created: 03/09/2021 9:02 AM |
| 03/04/2021 | Notice<br>*Defendant's Appeal Brief*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/09/2021 9:08 AM |
| 03/04/2021 | Memorandum<br>*in support of Appeal Brief*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/09/2021 9:09 AM |
| 03/04/2021 | Request<br>*for motion to mandate*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/09/2021 9:10 AM |
| 03/05/2021 | Affidavit<br>*Defendant's affidavit in support of request for substitution of counsel*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/08/2021 11:36 AM |
| 03/08/2021 | Affidavit<br>*in support of defendant's motion for substitution of counsel*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/18/2021 6:09 AM |
| 03/08/2021 | Request<br>*for bail hrg*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/18/2021 6:19 AM |
| 03/08/2021 | Memorandum<br>*Memorandum of MCJRP eligible defendant's support of request for release/bail hearing*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/18/2021 6:25 AM |
| 03/11/2021 | **Hearing - Substitution Of Attorney** (3:00 PM) (Judicial Officer: Albrecht, Cheryl A. ;Location: Central Courthouse Courtroom 13A)<br>Resource: Court Reporter MULFTRJD31 Recording, FTR<br>Resource: Location MULCC13A Central Courthouse Courtroom 13A<br>*Held*<br>Created: 03/04/2021 1:57 PM |
| 03/11/2021 | Request<br>*for Bench hearing/MCJRP eligible*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/18/2021 7:15 AM |
| 03/12/2021 | Order - Substituting Attorney (Judicial Officer: Albrecht, Cheryl A. )<br>Signed: 03/11/2021<br>Created: 03/12/2021 9:51 AM |

MULI CRIMINAL

# CASE SUMMARY
## CASE NO. 20CR53116

| | |
|---|---|
| 03/12/2021 | Order - Court Protective (Judicial Officer: Albrecht, Cheryl A. )<br>*Sealing the FTR Record from 3:13:24pm to 3:31:13pm on 3/11/21.*<br>Signed: 03/11/2021<br>Created: 03/12/2021 10:02 AM |
| 03/15/2021 | Order - Substituting Attorney (Judicial Officer: Albrecht, Cheryl A. )<br>*ATTORNEY: PHILIPS*<br>Signed: 03/11/2021<br>Party: Court Appointed Philips, Rachel; Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/15/2021 3:10 PM |
| 03/17/2021 | **Call** (9:15 AM) (Judicial Officer: Bushong, Stephen<br>K. ;Location: Central Courthouse Courtroom 7A)<br>*For Status/New Dates*<br>*SWIS Booking date: 09/26/20*<br>*Custody: MCIJ*<br>*Ext 60 days thru 1/24 per SKB*<br>*Ext 60 days thru 2/10 per SKB*<br>*Defendant found to be unreleaseable by Judge Baggio on 12/9/2020*<br>Resource: Court Reporter MULFTRJD1 Recording, FTR<br>Resource: Calendar Group MULCC Criminal Calendaring<br>Resource: Location MULCC7A Central Courthouse Courtroom 7A<br>    *02/10/2021     Continued to 03/17/2021 - Request by Defendant - Taylor, Nimrod Bennie*<br>       *Howard*<br>*Held*<br>Created: 01/06/2021 12:05 AM |
| 03/18/2021 | Affidavit<br>*Defendant's affidavit in support of memorandum to compel discovery*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/19/2021 4:22 PM |
| 03/18/2021 | Affidavit<br>*in support of request for leave to amend petition and 1983 US 42 Civil complaint*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/19/2021 4:26 PM |
| 03/18/2021 | Memorandum<br>*in support of defendant's motion to compel discovery*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/19/2021 4:27 PM |
| 03/25/2021 | Memorandum<br>*in support of appeal / MCJRP eligible*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/25/2021 2:52 PM |
| 03/25/2021 | Affidavit<br>*in support of memorandum and notice of appeal*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/25/2021 2:53 PM |
| 03/25/2021 | Memorandum<br>*to Appellate Court*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 03/25/2021 2:58 PM |

# CASE SUMMARY
## CASE NO. 20CR53116

03/25/2021  📄 Affidavit
*supporting memorandum*
Party: Defendant Taylor, Nimrod Bennie Howard
Created: 03/25/2021 3:00 PM

03/25/2021  📄 Affidavit
*Supporting notice of appeal*
Party: Defendant Taylor, Nimrod Bennie Howard
Created: 03/25/2021 3:01 PM

04/01/2021  📄 Affidavit
*2nd Affidavit in Support of Defendant's Appeal*
Party: Defendant Taylor, Nimrod Bennie Howard
Created: 04/01/2021 12:47 AM

04/08/2021  **Call** (9:15 AM) (Judicial Officer: Bushong, Stephen
K. ;Location: Central Courthouse Courtroom 7A)
*For Status/New Dates*
*SWIS Booking date: 09/26/20*
*Custody: MCIJ/Dorm 16*
*Ext 60 days thru 1/24 per SKB*
*Ext 60 days thru 2/10 per SKB*
*Defendant found to be unreleaseable by Judge Baggio on 12/9/2020*
Resource: Court Reporter MULFTRJD1 Recording, FTR
Resource: Calendar Group MULCC Criminal Calendaring
Resource: Location MULCC7A Central Courthouse Courtroom 7A
*Held*
Created: 03/17/2021 11:53 AM

04/19/2021  📄 Filing Copy - Dismiss on Appeal (Pre-Disposition)
*Appeal Dismissed; The motion for summary reversal is DENIED as moot.*
UTCR 7 Party: Defendant Taylor, Nimrod Bennie Howard
Created: 04/19/2021 9:03 AM

04/27/2021  **Hearing - Settlement Conference** (2:00 PM) (Judicial Officer: Ramras, Christopher)
Resource: Court Reporter MULFTRJD15 Recording, FTR
Resource: Location MULCC10C Central Courthouse Courtroom 10C
*Held*
Created: 04/23/2021 3:24 PM

04/27/2021  📄 Jury Instructions - Proposed
*SPECIAL JURY INSTRUCTIONS #1-8*
Party: Defendant Taylor, Nimrod Bennie Howard
Created: 04/28/2021 7:09 AM

04/30/2021  **Call** (9:15 AM) (Judicial Officer: Bushong, Stephen
K. ;Location: Central Courthouse Courtroom 7A)
*For Release Hearing*
*SWIS Booking date: 09/26/20*
*Custody: MCIJ/Dorm 16*
*Ext 60 days thru 1/24 per SKB*
*Ext 60 days thru 2/10 per SKB*
*Call 05/13/21 at 915am w/SKB*

*Defendant found to be unreleaseable by Judge Baggio on 12/9/2020*
*MCJRP: never had JSC. LS/CMI report available*
Resource: Court Reporter MULFTRJD1 Recording, FTR
Resource: Calendar Group MULCC Criminal Calendaring
Resource: Location MULCC7A Central Courthouse Courtroom 7A
*Held*
Created: 04/29/2021 11:01 AM

MULT CRIMINAL

# CASE SUMMARY
## CASE NO. 20CR53116

| | |
|---|---|
| 05/03/2021 | **Call** (9:15 AM) (Judicial Officer: Bushong, Stephen K. ;Location: Central Courthouse Courtroom 7A)<br>*For Release Hearing*<br>*SWIS Booking date: 09/26/20*<br>*Custody: MCIJ/Dorm 16*<br>*Ext 60 days thru 1/24 per SKB*<br>*Ext 60 days thru 2/10 per SKB*<br>*Call 05/13/21 at 915am w/SKB*<br><br>*Defendant found to be unreleaseable by Judge Baggio on 12/9/2020*<br>*MCJRP: never had JSC. LS/CMI report available*<br>Resource: Court Reporter MULFTRJD1 Recording, FTR<br>Resource: Calendar Group MULCC Criminal Calendaring<br>Resource: Location MULCC7A Central Courthouse Courtroom 7A<br>*Held*<br>Created: 04/30/2021 9:10 AM |
| 05/04/2021 | *CANCELED* **Hearing - Settlement Conference** (10:01 AM) (Judicial Officer: Ramras, Christopher ;Location: Central Courthouse Courtroom 10C)<br>*Transport Requested*<br>*Other*<br>Created: 05/03/2021 10:54 AM |
| 05/04/2021 | **Hearing - Custody Issue** (11:01 AM) (Judicial Officer: Ryan, Thomas M ;Location: Central Courthouse Courtroom 17D)<br>*Release Hearing*<br>*Transport Requested*<br>Resource: Court Reporter MULFTRJD18 Recording, FTR<br>Resource: Location MULCC17D Central Courthouse Courtroom 17D<br>*Held*<br>Created: 05/03/2021 3:32 PM |
| 05/04/2021 | **Call** (9:15 AM) (Judicial Officer: Bushong, Stephen K. ;Location: Central Courthouse Courtroom 7A)<br>*For Release Hearing*<br>*SWIS Booking date: 09/26/20*<br>*Custody: MCDC*<br>*Ext 60 days thru 1/24 per SKB*<br>*Ext 60 days thru 2/10 per SKB*<br>*Defendant found to be unreleaseable by Judge Baggio on 12/9/2020*<br>*MCJRP: never had JSC. LS/CMI report available*<br>*Call: 05/13/21 @ 915 AM w/ SKB*<br>Resource: Court Reporter MULFTRJD1 Recording, FTR<br>Resource: Calendar Group MULCC Criminal Calendaring<br>Resource: Location MULCC7A Central Courthouse Courtroom 7A<br>*Held*<br>Created: 05/03/2021 11:29 AM |
| 05/05/2021 | Order (Judicial Officer: Ryan, Thomas M )<br>*cust status cont*<br>Signed: 05/05/2021<br>Created: 05/05/2021 2:39 PM |
| 05/05/2021 | Order (Judicial Officer: Ryan, Thomas M )<br>*sealing court filing*<br>Signed: 05/05/2021<br>Created: 05/05/2021 2:45 PM |
| 05/10/2021 | Exhibit - List<br>*Election*<br>Created: 05/10/2021 9:44 AM |

# CASE SUMMARY
## CASE NO. 20CR53116

| | |
|---|---|
| 05/13/2021 | **Call** (9:15 AM) (Judicial Officer: Bushong, Stephen K. ;Location: Central Courthouse Courtroom 7A)<br>*For Status/New Dates*<br>*SWIS Booking date: 09/26/20*<br>*Custody: MCDC*<br>*Ext 60 days thru 1/24 per SKB*<br>*Ext 60 days thru 2/10 per SKB*<br>*Defendant found to be unreleaseable by Judge Baggio on 12/9/2020*<br>*MCJRP: never had JSC. LS/CMI report available*<br>Resource: Court Reporter MULFTRJD1 Recording, FTR<br>Resource: Calendar Group MULCC Criminal Calendaring<br>Resource: Location MULCC7A Central Courthouse Courtroom 7A<br>*Held*<br>Created: 04/08/2021 10:33 AM |
| 05/14/2021 | **Call** (9:15 AM) (Judicial Officer: Bushong, Stephen K. ;Location: Central Courthouse Courtroom 7A)<br>*For Plea or New Dates*<br>*SWIS Booking date: 09/26/20*<br>*Custody: MCDC*<br>*Ext 60 days thru 1/24 per SKB*<br>*Ext 60 days thru 2/10 per SKB*<br>*Defendant found to be unreleaseable by Judge Baggio on 12/9/2020*<br>*MCJRP: never had JSC. LS/CMI report available*<br>Resource: Court Reporter MULFTRJD1 Recording, FTR<br>Resource: Calendar Group MULCC Criminal Calendaring<br>Resource: Location MULCC7A Central Courthouse Courtroom 7A<br>*Held*<br>Created: 05/13/2021 10:14 AM |
| 05/17/2021 | **Call** (9:15 AM) (Judicial Officer: Bushong, Stephen K. ;Location: Central Courthouse Courtroom 7A)<br>*For Plea or New Dates*<br>*SWIS Booking date: 09/26/20*<br>*Custody: MCDC*<br>*Ext 60 days thru 1/24 per SKB*<br>*Ext 60 days thru 2/10 per SKB*<br>*Defendant found to be unreleaseable by Judge Baggio on 12/9/2020*<br>*MCJRP: never had JSC. LS/CMI report available*<br>Resource: Court Reporter MULFTRJD1 Recording, FTR<br>Resource: Calendar Group MULCC Criminal Calendaring<br>Resource: Location MULCC7A Central Courthouse Courtroom 7A<br>*Held*<br>Created: 05/14/2021 10:10 AM |
| 05/17/2021 | Affidavit<br>*of Defendant*<br>Party: Defendant Taylor, Nimrod Bennie Howard<br>Created: 05/17/2021 10:49 AM |
| 05/18/2021 | **Call** (9:15 AM) (Judicial Officer: Bushong, Stephen K. ;Location: Central Courthouse Courtroom 7A)<br>*For Plea or New Dates*<br>*SWIS Booking date: 09/26/20*<br>*Custody: MCDC*<br>*Ext 60 days thru 1/24 per SKB*<br>*Ext 60 days thru 2/10 per SKB*<br>*Defendant found to be unreleaseable by Judge Baggio on 12/9/2020*<br>*MCJRP: never had JSC. LS/CMI report available*<br>Resource: Court Reporter MULFTRJD1 Recording, FTR<br>Resource: Calendar Group MULCC Criminal Calendaring<br>Resource: Location MULCC7A Central Courthouse Courtroom 7A<br>*Held* |

## MUL CRIMINAL

# CASE SUMMARY
## CASE NO. 20CR53116

Created: 05/17/2021 10:09 AM

| | |
|---|---|
| 05/19/2021 | **Call** (9:15 AM)  (Judicial Officer: Bushong, Stephen K. ;Location: Central Courthouse Courtroom 7A) |

*For Plea or New Dates*
*SWIS Booking date: 09/26/20*
*Custody: MCDC*
*Ext 60 days thru 1/24 per SKB*
*Ext 60 days thru 2/10 per SKB*
*Defendant found to be unreleaseable by Judge Baggio on 12/9/2020*
*MCJRP: never had JSC. LS/CMI report available*
Resource: Court Reporter  MULFTRJD1  Recording, FTR
Resource: Calendar Group MULCC  Criminal Calendaring
Resource: Location  MULCC7A  Central Courthouse Courtroom 7A
*Held*
Created: 05/18/2021 10:39 AM

| | |
|---|---|
| 05/20/2021 | **Hearing - Plea/Sentence** (9:01 AM)  (Judicial Officer: Baggio, Amy M. ;Location: Central Courthouse Courtroom 13D) |

*Transport Requested*
Resource: Court Reporter  MULFTRJD38  Recording, FTR
Resource: Location  MULCC13D  Central Courthouse Courtroom 13D
*Held*
Created: 05/19/2021 11:43 AM

| | |
|---|---|
| 05/20/2021 | **Amended Plea** (Judicial Officer: Baggio, Amy M.) |

   1. Attempt to Commit a Class B Felony
      Guilty
        FPN: JMUL120231876  :

Created: 05/20/2021 12:36 AM

| | |
|---|---|
| 05/20/2021 | **Disposition** (Judicial Officer: Baggio, Amy M.) |

   1. Attempt to Commit a Class B Felony
      Convicted
        FPN: JMUL120231876  :

   2. Unlawful Use of a Weapon
      Dismissed
        FPN: JMUL120231876  :

   3. Criminal Mischief in the Second Degree
      Dismissed
        FPN: JMUL120231876  :

   4. Criminal Trespass in the Second Degree
      Dismissed
        FPN: JMUL120231876  :

Created: 05/20/2021 12:36 AM

| | |
|---|---|
| 05/20/2021 | Notice (Judicial Officer: Baggio, Amy M. ) |

*victim's information*
Sign Date: 05/20/2021
Created: 05/20/2021 2:54 PM

| | |
|---|---|
| 05/20/2021 | Order - Pending Judgment (Judicial Officer: Baggio, Amy M. ) |

Signed: 05/20/2021
Created: 05/20/2021 2:54 PM

| | |
|---|---|
| 05/20/2021 | Petition - Guilty Plea |

*Printed on 07/03/2023 at 2:08 PM*

MULT CRIMINAL

# CASE SUMMARY
## CASE NO. 20CR53116

Created: 05/20/2021 2:54 PM

| | |
|---|---|
| 05/20/2021 | Notice - Advise Appeal Rights<br>Created: 05/20/2021 2:54 PM |
| 05/21/2021 | **Sentence**<br>1. Attempt to Commit a Class B Felony<br>    Sentence<br>    Statutory Provisions<br>        Provision Type: Blood and Buccal Sample, Blood Sample for DNA Testing<br>    Sentencing Details<br>        Decision Date: 05/21/2021<br>        Sentencing Guidelines<br>        Crime Severity: 5<br>        Criminal History: E<br>        Other Factors: Stipulated for purpose of this sentencing only.<br>    Incarceration<br>        Duration: 8 Months<br>        Agency: Oregon Dept of Corrections<br>        Remand<br>        Credit Time Served<br>        Statute: 137.752<br>        Eligibility: Eligible<br>        Other Eligibility: All CTS and 936 credits from booking date 09/26/2020. No<br>        additional jail time is expected on this case. Release defendant from custody on<br>        this case today. Defendant must complete Post-Prison Supervision Intake upon<br>        release from custody, (503) 988-3081.<br>        Post-Prison Supervision Duration: 2 Years<br>        Other: Defendant must complete Post-Prison Supervision Intake upon release from<br>        custody, (503) 988-3081.<br>    Fee Totals: |

                    Attempt to Commit a Class B Felony

| | |
|---|---|
| Pronounced Fine $ | 200.00 |
| Total Fine $ | 200.00 |

| | Amount | Reduction |
|---|---|---|
| Fine - Criminal | 200.00 | |
| Restitution A1 | 331.60 | |
| Restitution D1 | 1,089.55 | |
| Fee Totals $ | 1,421.15 | |
| Fee Modifier | | |

      Created: 05/21/2021 4:01 PM

| | |
|---|---|
| 05/21/2021 | Judgment - Offense General Creates Lien (Judicial Officer: Baggio, Amy M. )<br>Signed: 05/24/2021<br>Debtor:  Defendant  Taylor, Nimrod Bennie Howard<br>Creditor:  Plaintiff State of Oregon;  Victim  Oliver, Josbua;  Victim  SAIF<br>    Amount: 1,421.15<br>Created: 05/24/2021 2:49 PM |
| 05/21/2021 | Closed<br>Created: 06/02/2021 10:24 AM |
| 05/26/2021 | Affidavit<br>*of Defendant*<br>Party:  Defendant  Taylor, Nimrod Bennie Howard<br>Created: 06/02/2021 9:29 AM |
| 07/22/2021 | Notice<br>*Appellate Judgment/Appeal Dismissed. The order entered on 3.12.21 is not appealable.*<br>Created: 07/26/2021 1:48 PM |

*Printed on 07/03/2023 at 2:08 PM*

MUL CRIMINAL

# CASE SUMMARY
## CASE NO. 20CR53116

| 06/28/2023 | 📄 Request |
| | *Def's request for amended sentencing order.* |
| | Party: Defendant Taylor, Nimrod Bennie Howard |
| | Created: 06/28/2023 12:15 AM |
| 06/30/2023 | 📄 Request |
| | *Plaintiff's/Appellant's Request for Injunctive Relief* |
| | Party: Defendant Taylor, Nimrod Bennie Howard |
| | Created: 07/03/2023 10:52 AM |

| DATE | FINANCIAL INFORMATION |
|------|----------------------|

| **Defendant** Taylor, Nimrod Bennie Howard | |
|---|---|
| Total Charges | 1,621.15 |
| Total Payments and Credits | 249.20 |
| **Balance Due as of 07/03/2023** | **1,371.95** |

*Printed on 07/03/2023 at 2:08 PM*

Indictment Nbr 46    DA Unit UD    GJ Suite 4305B

# In the Circuit Court of the State of Oregon
## For Multnomah County

Verified Correct Copy of Original 10/5/2020

STATE OF OREGON

Plaintiff,

v.

NIMROD BENNIE HOWARD TAYLOR
DOB: 04/30/1978

Defendant(s).

Court Nbr    20-CR-53116        DA    2427705-1
Crime Report    PP 20-293835    OS 20-275168

**BALLOT MEASURE 11**
**SECRET INDICTMENT**

Indictment for Violation of

**FILED**

ORS 163.175 (1)
ORS 166.220 (2)
ORS 164.354 (3)
ORS 164.245 (4)

OCT 05 2020

CIRCUIT COURT
MULTNOMAH COUNTY OREGON

The above-named defendant(s) are accused by the Grand Jury of Multnomah County, State of Oregon, by this indictment of crime(s) of COUNT 1 - ASSAULT IN THE SECOND DEGREE, COUNT 2 - UNLAWFUL USE OF A WEAPON, COUNT 3 - CRIMINAL MISCHIEF IN THE SECOND DEGREE, COUNT 4 - CRIMINAL TRESPASS IN THE SECOND DEGREE, committed as follows:

## COUNT 1
### ASSAULT IN THE SECOND DEGREE
The said Defendant(s), **NIMROD BENNIE HOWARD TAYLOR**, on or about September 26, 2020, in the County of Multnomah, State of Oregon, did unlawfully and knowingly cause physical injury to **JOSHUA OLIVER**, by means of a dangerous weapon, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon.

This count is a part of the same act or transaction as the conduct alleged in the other counts of this charging instrument. This count is of the same and similar character as the conduct alleged in the other counts of this charging instrument.

## COUNT 2
### UNLAWFUL USE OF A WEAPON
The said Defendant(s), **NIMROD BENNIE HOWARD TAYLOR**, on or about September 26, 2020, in the County of Multnomah, State of Oregon, did unlawfully and intentionally attempt to use, carry with intent to use and possess with intent to use unlawfully against **JOSHUA OLIVER**, a dangerous weapon, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon,

This count is a part of the same act or transaction as the conduct alleged in the other counts of this charging instrument. This count is of the same and similar character as the conduct alleged in the other counts of this charging instrument.

## COUNT 3
### CRIMINAL MISCHIEF IN THE SECOND DEGREE
The said Defendant(s), **NIMROD BENNIE HOWARD TAYLOR**, on or about September 26, 2020, in the County of Multnomah, State of Oregon, did unlawfully and intentionally damage personal property, the property of **PLAID PANTRY**, the said defendant having no right to do so nor reasonable ground to believe that the defendant had such right, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon,

This count is a part of the same act or transaction as the conduct alleged in the other counts of this charging instrument. This count is of the same and similar character as the conduct alleged in the other counts of this charging instrument.

## COUNT 4
### CRIMINAL TRESPASS IN THE SECOND DEGREE

20CR53116
SI
Secret Indictment
13117863

INDICTMENT        Dist: Original: Court – Copies: Defendant, Def. Attorney, DA, Data Entry

Page 2          Defendant:          Nimrod Bennie Howard Taylor , Court Nbr 20-CR-53116

The said Defendant(s), **NIMROD BENNIE HOWARD TAYLOR**, on or about September 26, 2020, in the County of Multnomah, State of Oregon, did unlawfully and knowingly enter and remain in and upon the premises located at **PLAID PANTRY**, 1020 North Marine Drive, Portland, Oregon, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon,

      This count is a part of the same act or transaction as the conduct alleged in the other counts of this charging instrument. This count is of the same and similar character as the conduct alleged in the other counts of this charging instrument.

Dated at Portland, Oregon, in the county aforesaid, on OCTOBER 05, 2020.

_____ A TRUE BILL

Witnesses
Examined Before the Grand Jury                Grand Jury Proceedings on:
in person (unless noted)                      October 2, 2020
Michael Hoffman                                              /S/ Shannon Cazinha
Joshua Oliver (By Simultaneous                               Foreperson of the Grand Jury
Television Transmission)

MIKE SCHMIDT (084679)
District Attorney
Multnomah County, Oregon

By _____ Deputy

Terra Plane
OSB #053529

Security Amount          (Def - TAYLOR) $250,000 + $5,000 + $2,500 + $1,000

AFFIRMATIVE DECLARATION
The District Attorney hereby affirmatively declares for the record, as required by ORS 161.566, upon the date scheduled for the first appearance of the defendant, and before the court asks under ORS 135.020 how the defendant pleads to the charge(s), the State's intention that any misdemeanor charged herein proceed as a misdemeanor   TODD T JACKSON  OSB 114240 //lg

Pursuant to 2005 Or Laws ch 463 sections 1 to 7, 20(1) and 21 to 23, the State hereby provides written notice of the State's intention to rely at sentencing on enhancement facts for any statutory ground for the imposition of consecutive sentences codified under ORS 137.123 on these counts or to any other sentence which has been previously imposed or is simultaneously imposed upon this defendant

Verified Correct Copy of Original 10/5/2020

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH
1021 SW FOURTH AVENUE  PORTLAND OREGON  97204

**State of Oregon**

vs

**Nimrod Bennie Taylor**

**True Name:** _____

**Case No:** 20CR53116

**District Attorney No.**

**ORDER TO APPEAR**

**SWIS No      825097**

This matter came before the court on the date below on a charging instrument filed with this court, the State appearing by the deputy district attorney. Any other names on this arrest, booking or charging instrument shall be listed with the alias name(s) for this defendant. The defendant appearing in person and with the defendant's attorney named hereafter, the defendant was duly arraigned as provided by law, and the defendant entered a plea of not guilty to the offense(s) charged in the accusatory instrument. This case shall proceed under the true name and the clerk shall enter the true name in the register as the defendant's name for all further proceedings in this criminal action.

Defense Attorney:   *G. Hartley*

| | | | |
|---|---|---|---|
| 1 | Assault in the Second Degree | Felony Class B | |
| 2 | Criminal Trespass in the Second Degree | Misdemeanor Class C | |

It is ORDERED that a plea of Not Guilty be entered to each of the offenses charged.

**PLEASE NOTE: CONTACT YOUR ATTORNEY PRIOR TO ALL DATES TO VERIFY THE SETTING DATE.**

It is further ORDERED THAT DEFENDANT APPEAR **IN PERSON** ON THE FOLLOWING DATES:

**COURT DATE and TIME:** _____

LOCATION:

☒ Justice Center, 1120 SW 3rd Avenue, Portland Or 97204
Multnomah County Courthouse, ☐ 1021 SW Fourth Ave, Portland, OR 97204
☐ 1200 SW First Ave, Portland OR, 97204
☐ East County Courthouse, 18480 SE Stark Street, Portland OR 97233

**Failure of the defendant to appear at a hearing ordered by the court may result in a bench warrant being issued for the defendant's arrest and any security amount posted on the case will be forfeited.**

☒☒☒☒ **The defendant have NO CONTACT WITH VICTIMS:** _____
(whether the defendant is in custody or out of custody). This order prohibits direct contact (by you) and indirect contact (through third parties). The ban includes any harassing, stalking, or threatening conduct against the victims and any actual, threatened or attempted use of physical force against the victims reasonably expected to cause bodily injury.

If you are a current or former member of the Armed Forces or reserves, you may be eligible for treatment programs, diversion, specialty courts, or mitigated sentencing in your case. You may obtain additional information from your lawyer.

☐ No driving without a valid license and insurance.        ☐ No driving.
☐ No use of any intoxicant when operating a motor vehicle.  ☐ No possession or use of any intoxicant.
☐ Report to PRS if bailed or released for any reason within 24 hours.   ☐ No entry
☐ Report to PRS   ☐ Immediately   ☐ Immediately Upon Release   ☐ By: _____ On: _____

**X  YOUR NEXT COURT APPEARANCE DATE IS** 10/6/20 at 9:30 a m. in Room JC3.
*PRS evaluation only.*

Any previously issued non-served  warrant on this case shall be recalled.

09/28/2020
Date

Melvin Oden-Orr, Circuit Court Judge, JC3

9/28/2020

Defendant

FILED

SEP 28 2020

CIRCUIT COURT

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH
1200 SW FIRST AVENUE PORTLAND OREGON 97204

Case No: 20CR53116

**State of Oregon**                              District Attorney No: 2427705-1D
vs
**Nimrod Bennie Howard Taylor**        **ORDER TO APPEAR**
                                                                **Or Appoint Counsel**

**True Name:**
Also Known As Nimrod Bennie Taylor
SWIS No.        825097

This matter came before the court on the date below, on a charging instrument filed with this court, the State appearing by the deputy district attorney. Any other names on this arrest, booking or charging instrument shall be listed with the alias name(s) for this defendant.

☒ The defendant appearing in person in, and with the defendant's attorney named hereafter, the defendant was duly arraigned as provided by law, and the defendant entered a plea of not guilty to the offense(s) charged in the accusatory instrument. This case shall proceed under the true name and the clerk shall enter the true name in the register as the defendant's name for all further proceedings in this criminal action.

It is ORDERED that a plea of Not Guilty be entered to each of the offenses charged. The defendant have NO CONTACT WITH THE VICTIMS (whether the defendant is in custody or out of custody). This order prohibits direct contact by you and indirect contact, attempted use of physical force against the victims reasonably expected to cause bodily injury and it is further ORDERED:

THAT THE DEFENDANT APPEAR IN PERSON ON THE FOLLOWING DATES:

☒ AM CASE ASSIGNMENT    9:00    a.m.    on    11/16/20    Report to Room    7A
   **TRIAL Date, Time and Location will be announced at call.**
☒ CASE MANAGEMENT CONFERENCE  on  1/07/2021    at    4 PM    Room    10B
   with Judge Bergstrom
☒ MCJRP ONLY: SETTLEMENT CONF (JSC/PLEA) on _____    at _____    Room _____
   with Judge

**At the Multnomah Central Courthouse,  1200 SW First Ave, Portland OR, 97204**

If you are a current or former member of the Armed Forces or reserves, you may be eligible for treatment programs, diversion, specialty courts, or mitigated sentencing in your case. You may obtain additional information from your lawyer.

**Failure of the defendant to appear at a hearing ordered by the court may result in a bench warrant being issued for the defendant's arrest and any security amount posted on the case will be forfeited.**

Grant Hartley

☐ is appointed to represent you subject to verification of your
   eligibility for court appointed counsel.

☐ is Reappointed to represent you subject to verification of your
   eligibility for court appointed counsel.

Defendant has retained

10/06/2020
Date

Monica Herranz, Circuit Court Judge
JC3

I hereby acknowledge receipt of a copy of this order and understand that I must appear in court on the dates indicated.

10/06/2020
Date                              Defendant

FILED

UCI - 6 2020

CIRCUIT COURT

**IN THE CIRCUIT COURT FOR THE STATE OF OREGON**
**FOR MULTNOMAH COUNTY**

STATE OF OREGON

Circuit Court No _20CR53116_

District Attorney No _2427705-1D_

v. _Taylor, Nimrod Bernie Howard_    Charge (s) _Assault II, UUW, Crim Mis II._ _Crim Mis II_

Defendant

**ORDER FOR:**
☐ **RELEASE / SECURITY**
☐ **MOTION DISPOSITION**
☒ **OTHER** _Bail Reduction Denied with Leave to Renew_

Date of Proceeding _10/19/20_

Court Reporter _____    FTR ☒ _13 B_    _092398_

Defense Attorney _M. Dethman_    Bar No. _092398_

District Attorney _T. Jackson_    Bar No. _114240_

Custody Status: ☒ In Custody ☐ On Court Ordered Release ☐ On Security Release ☐ On Population Release

I.   RELEASE AND/OR SECURITY HEARING FOR:

A.   Murder/Aggravated Murder
    ☐ Release is denied
    ☐ Security is allowed and set at $_____

B.   All Other Crimes
    ☐ Upon receiving the Jail Records copy of this order, the Sheriff is to release the defendant on the above listed charges
    ☐ Security is reduced to $_____ from $_____
    ☐ Security is increased to $_____ from $_____
    ☒ Security reduction or increase is denied
    ☒ Present release and/or custody status is continued
    ☐ Defendant is released on personal recognizance on the above charge(s)
    ☐ Defendant is released to report to PRS
    ☐ Defendant is released to PRS
    ☐ Defendant is released to PRS, if accepted
    ☐ Defendant is released to PRS, interview only
    ☒ Other _Bail Reduction is Denied with Leave to Renew Request_

II.   MOTION DISPOSITION:

III.   OTHER:

Date Signed _10/19/20_

Signature of Judge _Hon. A. Baggio_

Typed Name of Judge

23-60 (11/08)    ORDER FOR: RELEASE/MODIFICATION OF RELEASE/SECURITY/MOTION DISPOSITION/ OTHER
DISTRIBUTION: ORIGINAL – COURT, COPIES – JAIL RECORDS, DISTRICT ATTORNEY, PROBATION, DEFENSE ATTORNEY, JUDGE

6/6/23, 9:39 AM                    publicaccess.courts.oregon.gov/PublicAccessLogin/CaseDetail.aspx?CaseID=32514667

Skip to Main Content Logout My Account Search Menu New District/Municipal Criminal Search Refine Search Back     Location : All Locations    Images Help

Case 3:23-cv-01030-AN   Document 1   Filed 07/17/23   Page 49 of 129

# REGISTER OF ACTIONS
## CASE NO. 20CR53116

| | | |
|---|---|---|
| State of Oregon vs Nimrod Bennie Howard Taylor | § <br> § <br> § <br> § <br> § <br> § <br> § | Case Type: **Offense Felony** <br> Date Filed: **09/27/2020** <br> Location: **Multnomah** <br> Booking Number: **1508623** <br> District Attorney Number: **2427705-1D** |

---

### RELATED CASE INFORMATION

**Related Cases**
21CV05888 (Habeas Corpus)

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| **Defendant** | Taylor, Nimrod Bennie Howard  *Also Known As*  Taylor, Nimrod Bennie | Male Black <br> DOB: 1978 <br> 5' 11", 200 lbs | **Attorneys** <br> **Rachel Philips** <br> Court Appointed <br> 503 575-7062(W) |
| | | | ~~Alicia L Hercher~~ <br> ~~Court Appointed~~ <br> ~~503 385-5348(W)~~ |
| | SID: OR23849845 <br> Other Agency Numbers <br> 825097 Multnomah County Sheriff | | ~~ERNEST WARREN, Jr~~ <br> ~~Court Appointed~~ <br> ~~503 228-6655(W)~~ |
| | | | ~~Grant Hartley~~ <br> ~~Court Appointed~~ <br> ~~503 225-9100(W)~~ |
| | | | ~~Morgan McKenzie Bethman~~ <br> ~~Court Appointed~~ <br> ~~503 225-9100(W)~~ |
| **Plaintiff** | **State of Oregon** | | **Todd T Jackson** <br> 503 988-3162(W) |
| | | | Brian Scott Davidson <br> 503 988-3162(W) |
| | | | MUL DA EXHIBITS |
| | | | Sean Patrick Hughey <br> 503 988-3162(W) |

---

### CHARGE INFORMATION

| Charges: Taylor, Nimrod Bennie Howard | Statute | Level | Date |
|---|---|---|---|
| 1. Attempt to Commit a Class B Felony | 161.405(2)(c) | Felony Class C | 09/26/2020 |
| 2. Unlawful Use of a Weapon | 166.220 | Felony Class C | 09/26/2020 |
| 3. Criminal Mischief in the Second Degree | 164.354 | Misdemeanor Class A | 09/26/2020 |
| 4. Criminal Trespass in the Second Degree | 164.245 | Misdemeanor Class C | 09/26/2020 |

---

### EVENTS & ORDERS OF THE COURT

| | DISPOSITIONS |
|---|---|
| 10/06/2020 | **Plea** (Judicial Officer: Herranz, Monica) <br> 1. Attempt to Commit a Class B Felony <br>     Not Guilty <br> 4. Criminal Trespass in the Second Degree <br>     Not Guilty |

2. Unlawful Use of a Weapon
    Not Guilty
3. Criminal Mischief in the Second Degree
    Not Guilty
Created: 10/06/2020 8:26 AM

05/20/2021 | **Amended Plea** (Judicial Officer: Baggio, Amy M.) Reason: Change of Plea
1. Attempt to Commit a Class B Felony
    Guilty
Created: 05/20/2021 12:36 PM

05/20/2021 | **Disposition** (Judicial Officer: Baggio, Amy M.)
1. Attempt to Commit a Class B Felony
    Convicted
4. Criminal Trespass in the Second Degree
    Dismissed
2. Unlawful Use of a Weapon
    Dismissed
3. Criminal Mischief in the Second Degree
    Dismissed
Created: 05/20/2021 12:36 PM

05/21/2021 | **Sentence**
1. Attempt to Commit a Class B Felony
    Statutory Provisions
        Provision Type: Blood and Buccal Sample, Blood Sample for DNA Testing
    Sentencing Details
        Decision Date: 05/21/2021
        Sentencing Guidelines
        Crime Severity: 5
        Criminal History: E
        Other Factors: Stipulated for purpose of this sentencing only.
    Incarceration
        Duration: 8 Months
        Agency: Oregon Dept of Corrections
        Remand
        Credit Time Served
        Statute: 137.752
        Eligibility: Eligible
        Other Eligibility: All CTS and 936 credits from booking date 09/26/2020. No additional jail time is expected on this case. Release defendant from custody on this case today. Defendant must complete Post-Prison Supervision Intake upon release from custody, (503) 988-3081.
        Post-Prison Supervision Duration: 2 Years
        Other: Defendant must complete Post-Prison Supervision Intake upon release from custody, (503) 988-3081.
    Fee Totals:

| | Amount | Reduction | Owed | |
|---|---|---|---|---|
| Fine - Criminal | $200.00 | | $200.00 | Waived |
| Restitution A1 | $331.60 | | $331.60 | |
| Restitution D1 | $1,089.55 | | $1,089.55 | |
| Fee Totals $ | $1,421.15 | | $1,421.15 | |
| Fee Modifier | | | | |

Created: 05/21/2021 4:01 PM

### OTHER EVENTS AND HEARINGS

09/28/2020 | **Arraignment** (2:30 PM) (Judicial Officer Oden-Orr, Melvin)
Result: Held
Created: 09/27/2020 10:19 AM
09/28/2020 | **Motion - Recognizance Release**
Created: 09/28/2020 8:03 AM
09/28/2020 | **Arraignment** (Judicial Officer: Oden-Orr, Melvin )
Created: 09/28/2020 3:11 PM
09/28/2020 | **Waiver**
*OF PROBABLE CAUSE HEARING BEFORE A JUDGE WITH ATTACHMENTS*
Created: 09/28/2020 4:16 PM
09/28/2020 | **Affidavit - Probable Cause**
Created: 09/28/2020 4:30 PM
09/28/2020 | **Order - Appear** (Judicial Officer: Oden-Orr, Melvin )
Signed: 09/28/2020
Created: 09/28/2020 4:36 PM
09/28/2020 | **Information**
Created: 09/28/2020 4:38 PM
09/28/2020 | **Order - Appointing Counsel** (Judicial Officer: Oden-Orr, Melvin )
*Attorney:*
Signed: 09/28/2020
Created: 10/06/2020 4:06 PM
10/05/2020 | **Secret Indictment**
Created: 10/05/2020 1:48 PM
10/06/2020 | *CANCELED* **Arraignment - Indictment** (9:30 AM) (Judicial Officer Herranz, Monica)
*Indicted*
Created: 09/28/2020 3:13 PM
10/06/2020 | **Arraignment** (9:30 AM) (Judicial Officer Herranz, Monica)
Result: Held
Created: 10/05/2020 4:03 PM

| | |
|---|---|
| 10/06/2020 | **Warrant - Return of Service** |
| | Created: 10/06/2020 7:48 AM |
| 10/06/2020 | **Arraignment** (Judicial Officer: Herranz, Monica ) |
| | Created: 10/06/2020 8:26 AM |
| 10/06/2020 | **Order - Appear** (Judicial Officer: Herranz, Monica ) |
| | Signed: 10/06/2020 |
| | Created: 10/06/2020 10:45 AM |
| 10/13/2020 | **Report** |
| | *DENAIL* |
| | Created: 10/13/2020 9:39 AM |
| 10/16/2020 | **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.) |
| | *Bail Hearing SWIS Booking Date: 09/26/20 Custody: MCIJ Call 11/16/20 at 9 AM w/SKB* |
| | Result: Held |
| | Created: 10/13/2020 10:27 AM |
| 10/19/2020 | **Hearing - Custody Issue** (9:30 AM) (Judicial Officer: Baggio, Amy M.) |
| | *Bail Reduction Hearing Transport Requested* |
| | Result: Held |
| | Created: 10/16/2020 11:12 AM |
| 10/19/2020 | **Order - Denial** (Judicial Officer: Baggio, Amy M. ) |
| | *Bail reduction is DENIED* |
| | Signed: 10/19/2020 |
| | Created: 10/20/2020 4:12 PM |
| 10/23/2020 | **Affidavit** |
| | Created: 10/23/2020 1:48 PM |
| 10/23/2020 | **Motion** |
| | Created: 10/23/2020 1:48 PM |
| 11/16/2020 | **Call - Regular** (9:00 AM) (Judicial Officer Bushong, Stephen K.) |
| | *SWIS Booking date: 09/26/20 Custody: MCIJ* |
| | Result: Held |
| | Created: 10/06/2020 8:27 AM |
| 11/23/2020 | **Motion - Compel Discovery** |
| | Created: 11/23/2020 12:03 PM |
| 12/04/2020 | **Hearing - Custody Issue** (10:30 AM) (Judicial Officer Baggio, Amy M.) |
| | *Release Hearing* |
| | Result: Held |
| | Created: 12/01/2020 3:51 PM |
| 12/04/2020 | **Order** (Judicial Officer: Baggio, Amy M. ) |
| | *cust status cont* |
| | Created: 12/04/2020 3:23 PM |
| 12/10/2020 | **Order** (Judicial Officer: Baggio, Amy M. ) |
| | *and opinion* |
| | Signed: 12/09/2020 |
| | Created: 12/10/2020 7:57 AM |
| 12/10/2020 | **Order - Denial** (Judicial Officer: Baggio, Amy M. ) |
| | Signed: 12/09/2020 |
| | Created: 12/10/2020 7:58 AM |
| 12/11/2020 | **Hearing - Substitution Of Attorney** (2:00 PM) (Judicial Officer Albrecht, Cheryl A.) |
| | Result: Held |
| | Created: 12/08/2020 1:25 PM |
| 12/14/2020 | **Order - Substituting Attorney** (Judicial Officer: Albrecht, Cheryl A. ) |
| | Signed: 12/11/2020 |
| | Created: 12/14/2020 9:55 AM |
| 12/15/2020 | **Order - Substituting Attorney** (Judicial Officer: Albrecht, Cheryl A. ) |
| | *ATTORNEY: WARREN* |
| | Signed: 12/11/2020 |
| | Created: 12/15/2020 10:02 AM |
| 12/16/2020 | **Notice - Representation** |
| | Created: 12/16/2020 1:49 PM |
| 12/19/2020 | **Certificate - Victim Notification** |
| | Created: 12/21/2020 7:15 AM |
| 01/06/2021 | **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.) |
| | *For New Dates SWIS Booking date: 09/26/20 Custody: MCIJ Ext 60 days thru 1/24 per SKB* |
| | Result: Held |
| | Created: 11/16/2020 10:15 AM |
| 01/07/2021 | *CANCELED*   **Hearing - Case Management** (4:00 PM) (Judicial Officer Albrecht, Cheryl A.) |
| | *Other* |
| | Created: 10/06/2020 6:16 AM |
| 01/19/2021 | **Hearing - Case Management** (3:30 PM) (Judicial Officer Albrecht, Cheryl A.) |
| | Created: 01/08/2021 2:08 PM |
| 02/01/2021 | **Hearing - Case Management** (11:00 AM) (Judicial Officer Albrecht, Cheryl A.) |
| | Created: 01/25/2021 2:21 PM |
| 02/02/2021 | **Order - Postponement** (Judicial Officer: Albrecht, Cheryl A. ) |
| | Signed: 02/02/2021 |
| | Created: 02/02/2021 3:51 PM |
| 02/09/2021 | **Hearing - Settlement Conference** (10:00 AM) (Judicial Officers Ramras, Christopher, Ramras, Christopher) |
| | Result: Held |
| | Created: 02/03/2021 5:20 PM |
| 02/16/2021 | **Motion - Appoint Counsel** |
| | Created: 02/16/2021 3:42 PM |
| 02/16/2021 | **Motion** |
| | *to remove counsel and appoint replacement/substitution of counsel* |
| | Created: 02/16/2021 3:43 PM |
| 02/25/2021 | **Affidavit** |

| | |
|---|---|
| 02/25/2021 | **Request**<br>*for Substitution of Counsel*<br>Created: 03/01/2021 9:32 AM |
| 02/25/2021 | **Request**<br>*for an injunctive order*<br>Created: 03/01/2021 9:34 AM |
| 03/04/2021 | **Letter**<br>*RE: Cover letter for Notice of Appeal*<br>Created: 03/09/2021 9:01 AM |
| 03/04/2021 | **Notice - Appeal**<br>*\*\*Case open\*\**<br>Created: 03/09/2021 9:02 AM |
| 03/04/2021 | **Notice**<br>*Defendant's Appeal Brief*<br>Created: 03/09/2021 9:08 AM |
| 03/04/2021 | **Memorandum**<br>*in support of Appeal Brief*<br>Created: 03/09/2021 9:09 AM |
| 03/04/2021 | **Request**<br>*for motion to mandate*<br>Created: 03/09/2021 9:10 AM |
| 03/05/2021 | **Affidavit**<br>*Defendant's affidavit in support of request for substutution of counsel*<br>Created: 03/08/2021 11:36 AM |
| 03/08/2021 | **Affidavit**<br>*in support of defendant's motion for substitution of counsel*<br>Created: 03/18/2021 6:09 AM |
| 03/08/2021 | **Request**<br>*for bail hrg*<br>Created: 03/18/2021 6:19 AM |
| 03/08/2021 | **Memorandum**<br>*Memorandum of MCJRP eligible defendant's support of request for release/bail hearing*<br>Created: 03/18/2021 6:25 AM |
| 03/11/2021 | **Hearing - Substitution Of Attorney**  (3:00 PM) (Judicial Officer Albrecht, Cheryl A.)<br>Result: Held<br>Created: 03/04/2021 1:57 PM |
| 03/11/2021 | **Request**<br>*for Bench hearing/MCJRP eligible*<br>Created: 03/18/2021 7:15 AM |
| 03/12/2021 | **Order - Substituting Attorney** (Judicial Officer: Albrecht, Cheryl A. )<br>Signed:  03/11/2021<br>Created: 03/12/2021 9:51 AM |
| 03/12/2021 | **Order - Court Protective** (Judicial Officer: Albrecht, Cheryl A. )<br>*Sealing the FTR Record from 3:13:24pm to 3:31:13pm on 3/11/21.*<br>Signed:  03/11/2021<br>Created: 03/12/2021 10:02 AM |
| 03/15/2021 | **Order - Substituting Attorney** (Judicial Officer: Albrecht, Cheryl A. )<br>*ATTORNEY: PHILIPS*<br>Signed:  03/11/2021<br>Created: 03/15/2021 3:10 PM |
| 03/17/2021 | **Call**  (9:15 AM) (Judicial Officer Bushong, Stephen K.)<br>*For Status/New Dates SWIS Booking date: 09/26/20 Custody: MCIJ Ext 60 days thru 1/24 per SKB Ext 60 days thru 2/10 per SKB Defendant found to be unreleaseable by Judge Baggio on 12/9/2020*<br><br>*02/10/2021 Continued to 03/17/2021 - Request by Defendant - Taylor, Nimrod Bennie Howard*<br><br>Result: Held<br>Created: 01/06/2021 12:05 PM |
| 03/18/2021 | **Affidavit**<br>*Defendant's affidavit in support of memorandum to compel discovery*<br>Created: 03/19/2021 4:22 PM |
| 03/18/2021 | **Affidavit**<br>*in support of request for leave to amend petition and 1983 US 42 Civil complaint*<br>Created: 03/19/2021 4:26 PM |
| 03/18/2021 | **Memorandum**<br>*in support of defendant's motion to compel discovery*<br>Created: 03/19/2021 4:27 PM |
| 03/25/2021 | **Memorandum**<br>*in support of appeal / MCJRP eligible*<br>Created: 03/25/2021 2:52 PM |
| 03/25/2021 | **Affidavit**<br>*in support of memorandum and notice of appeal*<br>Created: 03/25/2021 2:53 PM |
| 03/25/2021 | **Memorandum**<br>*to Appellate Court*<br>Created: 03/25/2021 2:58 PM |
| 03/25/2021 | **Affidavit**<br>*supporting memorandum*<br>Created: 03/25/2021 3:00 PM |
| 03/25/2021 | **Affidavit**<br>*Supporting notice of appeal*<br>Created: 03/25/2021 3:01 PM |
| 04/01/2021 | **Affidavit**<br>*2nd Affidavit in Support of Defendant's Appeal* |

04/08/2021 — Created: 04/08/2021 2:24 PM **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)
*For Status/New Dates SWIS Booking date: 09/26/20 Custody: MCIJ/Dorm 16 Ext 60 days thru 1/24 per SKB Ext 60 days thru 2/10 per SKB
Defendant found to be unreleaseable by Judge Baggio on 12/9/2020*
Result: Held
Created: 03/17/2021 11:53 AM

04/19/2021 — **Filing Copy - Dismiss on Appeal (Pre-Disposition)**
*Appeal Dismissed; The motion for summary reversal is DENIED as moot.*
Created: 04/19/2021 9:03 AM

04/27/2021 — **Hearing - Settlement Conference** (2:00 PM) (Judicial Officers Ramras, Christopher, Ramras, Christopher)
Result: Held
Created: 04/23/2021 3:24 PM

04/27/2021 — **Jury Instructions - Proposed**
*SPECIAL JURY INSTRUCTIONS #1-8*
Created: 04/28/2021 7:09 AM

04/30/2021 — **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)
*For Release Hearing SWIS Booking date: 09/26/20 Custody: MCIJ/Dorm 16 Ext 60 days thru 1/24 per SKB Ext 60 days thru 2/10 per SKB Call
05/13/21 at 915am w/SKB Defendant found to be unreleaseable by Judge Baggio on 12/9/2020 MCJRP: never had JSC. LS/CMI report available*
Result: Held
Created: 04/29/2021 11:01 AM

05/03/2021 — **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)
*For Release Hearing SWIS Booking date: 09/26/20 Custody: MCIJ/Dorm 16 Ext 60 days thru 1/24 per SKB Ext 60 days thru 2/10 per SKB Call
05/13/21 at 915am w/SKB Defendant found to be unreleaseable by Judge Baggio on 12/9/2020 MCJRP: never had JSC. LS/CMI report available*
Result: Held
Created: 04/30/2021 9:10 AM

05/04/2021 — CANCELED **Hearing - Settlement Conference** (10:01 AM) (Judicial Officers Ramras, Christopher, Ramras, Christopher)
*Other*
*Transport Requested*
Created: 05/03/2021 10:54 AM

05/04/2021 — **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)
*For Release Hearing SWIS Booking date: 09/26/20 Custody: MCDC Ext 60 days thru 1/24 per SKB 60 days thru 2/10 per SKB Defendant
found to be unreleaseable by Judge Baggio on 12/9/2020 MCJRP: never had JSC. LS/CMI report available Call: 05/13/21 @ 915 AM w/ SKB*
Result: Held
Created: 05/03/2021 11:29 AM

05/04/2021 — **Hearing - Custody Issue** (11:01 AM) (Judicial Officer Ryan, Thomas M)
*Release Hearing Transport Requested*
Result: Held
Created: 05/03/2021 3:32 PM

05/05/2021 — **Order** (Judicial Officer: Ryan, Thomas M )
*cust status conf*
Signed: 05/05/2021
Created: 05/05/2021 2:39 PM

05/05/2021 — **Order** (Judicial Officer: Ryan, Thomas M )
*sealing court filing*
Signed: 05/05/2021
Created: 05/05/2021 2:45 PM

05/10/2021 — **Exhibit - List**
*Election*
Created: 05/10/2021 9:44 AM

05/13/2021 — **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)
*For Status/New Dates SWIS Booking date: 09/26/20 Custody: MCDC Ext 60 days thru 1/24 per SKB Ext 60 days thru 2/10 per SKB Defendant
found to be unreleaseable by Judge Baggio on 12/9/2020 MCJRP: never had JSC. LS/CMI report available*
Result: Held
Created: 04/08/2021 10:33 AM

05/14/2021 — **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)
*For Plea or New Dates SWIS Booking date: 09/26/20 Custody: MCDC Ext 60 days thru 1/24 per SKB Ext 60 days thru 2/10 per SKB Defendant
found to be unreleaseable by Judge Baggio on 12/9/2020 MCJRP: never had JSC. LS/CMI report available*
Result: Held
Created: 05/13/2021 10:14 AM

05/17/2021 — **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)
*For Plea or New Dates SWIS Booking date: 09/26/20 Custody: MCDC Ext 60 days thru 1/24 per SKB Ext 60 days thru 2/10 per SKB Defendant
found to be unreleaseable by Judge Baggio on 12/9/2020 MCJRP: never had JSC. LS/CMI report available*
Result: Held
Created: 05/14/2021 10:10 AM

05/17/2021 — **Affidavit**
*of Defendant*
Created: 05/17/2021 10:49 AM

05/18/2021 — **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)
*For Plea or New Dates SWIS Booking date: 09/26/20 Custody: MCDC Ext 60 days thru 1/24 per SKB Ext 60 days thru 2/10 per SKB Defendant
found to be unreleaseable by Judge Baggio on 12/9/2020 MCJRP: never had JSC. LS/CMI report available*
Result: Held
Created: 05/17/2021 10:09 AM

05/19/2021 — **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)
*For Plea or New Dates SWIS Booking date: 09/26/20 Custody: MCDC Ext 60 days thru 1/24 per SKB Ext 60 days thru 2/10 per SKB Defendant
found to be unreleaseable by Judge Baggio on 12/9/2020 MCJRP: never had JSC. LS/CMI report available*
Result: Held
Created: 05/18/2021 10:39 AM

05/20/2021 — **Hearing - Plea/Sentence** (9:01 AM) (Judicial Officer Baggio, Amy M.)
*Transport Requested*
Result: Held
Created: 05/19/2021 11:43 AM

05/20/2021 — **Notice** (Judicial Officer: Baggio, Amy M. )
*victim's information*
Sign Date: 05/20/2021

| | |
|---|---|
| | Created: 05/20/2021 2:54 PM |
| 05/20/2021 | **Order - Pending Judgment** (Judicial Officer: Baggio, Amy M. ) |
| | Signed: 05/20/2021 |
| | Created: 05/20/2021 2:54 PM |
| 05/20/2021 | **Petition - Guilty Plea** |
| | Created: 05/20/2021 2:54 PM |
| 05/20/2021 | **Notice - Advise Appeal Rights** |
| | Created: 05/20/2021 2:54 PM |
| 05/21/2021 | **Judgment - Offense General Creates Lien** (Judicial Officer: Baggio, Amy M. ) |
| | Signed: 05/24/2021 |
| | Created: 05/24/2021 2:49 PM |
| 05/21/2021 | **Closed** |
| | Created: 06/02/2021 10:24 AM |
| 05/26/2021 | **Affidavit** |
| | *of Defendant* |
| | Created: 06/02/2021 9:29 AM |
| 07/22/2021 | **Notice** |
| | *Appellate Judgment/Appeal Dismissed. The order entered on 3.12.21 is not appealable.* |
| | Created: 07/26/2021 1:48 PM |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Taylor, Nimrod Bennie Howard | | | |
| | Total Financial Assessment | | | 1,621.15 |
| | Total Payments and Credits | | | 249.20 |
| | **Balance Due as of 06/06/2023** | | | **1,371.95** |
| 05/21/2021 | Transaction Assessment | | | 1,621.15 |
| 05/21/2021 | Waiver | | | (200.00) |
| 09/02/2022 | zDOC - Dept of Corrections Inmate Trust Offset | Receipt # 2022-578183 | Taylor, Nimrod Bennie Howard | (0.76) |
| 10/03/2022 | zDOC - Dept of Corrections Inmate Trust Offset | Receipt # 2022-645900 | Taylor, Nimrod Bennie Howard | (0.76) |
| 11/02/2022 | zDOC - Dept of Corrections Inmate Trust Offset | Receipt # 2022-714676 | Taylor, Nimrod Bennie Howard | (8.79) |
| 12/05/2022 | zDOC - Dept of Corrections Inmate Trust Offset | Receipt # 2022-783844 | Taylor, Nimrod Bennie Howard | (15.14) |
| 01/04/2023 | zDOC - Dept of Corrections Inmate Trust Offset | Receipt # 2023-11262 | Taylor, Nimrod Bennie Howard | (5.13) |
| 02/06/2023 | zDOC - Dept of Corrections Inmate Trust Offset | Receipt # 2023-93193 | Taylor, Nimrod Bennie Howard | (2.47) |
| 03/06/2023 | zDOC - Dept of Corrections Inmate Trust Offset | Receipt # 2023-148287 | Taylor, Nimrod Bennie Howard | (4.51) |
| 04/06/2023 | zDOC - Dept of Corrections Inmate Trust Offset | Receipt # 2023-240736 | Taylor, Nimrod Bennie Howard | (4.04) |
| 05/05/2023 | zDOC - Dept of Corrections Inmate Trust Offset | Receipt # 2023-306002 | Taylor, Nimrod Bennie Howard | (4.04) |
| 06/05/2023 | zDOC - Dept of Corrections Inmate Trust Offset | Receipt # 2023-374760 | Taylor, Nimrod Bennie Howard | (3.56) |

# IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR MULTNOMAH COUNTY

STATE OF OREGON,

    Plaintiff,

v.

Nimrod Bennie Howard Taylor

    Defendant.

) Circuit Court No. 20CR44701
) District Attorney No 2410114-1A
)
)  Amended
) ■ JUDGMENT REVOKING PROBATION
)  JUDGMENT CONTINUING PROBATION
)  ORDER _____

Date of Proceeding: 04/28/2023

Dist. Atty Megan Irinaga          Bar No. 202895
Def. Atty Jennifer List           Bar No. 106252

Probation Judge: Rees          Probation Officer Maria Randall

Defendant knowingly waived the right to an attorney.        Custody Status: ■ In    Out

■ **FINAL ORDER or JUDGMENT**
    The Court finds the defendant NOT in violation and probation is continued.
    ■ The Court finds the defendant IN willful violation of probation by ■ stipulation or by    finding after a contested
    hearing on the following basis:

_____

**The Court orders the following disposition regarding probation on each of the following counts:**

**Count No.** 2    **Charge:** Assault IV          Continued;   Extended _____   ■ Revoked; Grid ____ PPS____
12 months jail. All 936 credits. Conccurent to Count 6.

*Defendant shall receive presentence incarceration credits pursuant to ORS 137.370(4).*

**Count No.** 6    **Charge:** Burglary II          Continued;   Extended _____   ■ Revoked; Grid 8B PPS 25 mos
35 months DOC. All 936 credits

*Defendant shall receive presentence incarceration credits pursuant to ORS 137.370(4).*

**Count No.** _____    **Charge:** _____          Continued;   Extended _____   Revoked; Grid ____ PPS____

_____
_____
_____

    **ORDER:** _____

**MONEY AWARD:**    Other: _____
IT IS ORDERED AND ADJUDGED THAT ANY FINANCIAL OBLIGATION IMPOSED HEREIN SHALL BE A MONEY AWARD AND CREATES A JUDGMENT LIEN.

**INCARCERATION OPTIONS:** (Check a box below if imposing 10 or more days jail or prison)
■ Applies to all Counts;   Applies to Count _____

**DEPT OF CORRECTIONS**
Defendant ■ MAY   MAY NOT be considered by the executing or releasing authority for any form of temporary leave, release, or non-AIP reduction in
sentence as specified in ORS 137.750.   **Exceptions:**   Defendant is eligible for Good Time;   Other: _____
AIP: ■ Defendant may be considered for alternative incarceration programs and early release on post-prison supervision under ORS 421.508(4) following
successful completion of an alternative incarceration program. Basis for eligibility: x By stipulation   By findings stated on the record. The court
recommends:   Summit;   New Directions;   Turning Point;   Other: _____

**JAIL**
Defendant X MAY   MAY NOT* be considered by the supervisory authority for any form of alternative sanction authorized by ORS 423.478.
* Basis for ineligibility:   By stipulation   Substantial and compelling reasons: _____
    Def is eligible for Good/Work Time ONLY

Dated: 4/28/2023   Judge (Signature) _____ / Name of Judge (printed) David Rees

## IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR MULTNOMAH COUNTY

STATE OF OREGON,

              Plaintiff,

v.

Nimrod Bennie Howard Taylor

              Defendant.

) Circuit Court No. 20CR44701
) District Attorney No 2410114-1A
)
)   **Amended**
) ■ **JUDGMENT REVOKING PROBATION**
)   **JUDGMENT CONTINUING PROBATION**
)   **ORDER**
)

Date of Proceeding: 04/28/2023

Probation Judge: Rees

Dist. Atty Megan Irinaga    Bar No. 202895
Def. Atty Jennifer List    Bar No. 106252
Probation Officer Maria Randall

    Defendant knowingly waived the right to an attorney.    Custody Status: ■ In  Out

■ **FINAL ORDER or JUDGMENT**

    The Court finds the defendant NOT in violation and probation is continued.
    ■ The Court finds the defendant IN willful violation of probation by ■ stipulation or by   finding after a contested hearing on the following basis:

**The Court orders the following disposition regarding probation on each of the following counts:**

**Count No.** 2    **Charge:** Assault IV    Continued;  Extended _____ ■ Revoked; Grid ____ PPS____
12 months jail. All 936 credits. Conceurent to Count 6.

    *Defendant shall receive presentence incarceration credits pursuant to ORS 137.370(4)*

**Count No.** 6    **Charge:** Burglary II    Continued;  Extended _____ ■ Revoked; Grid 8B PPS 25 mos
35 months DOC. All 936 credits.

    *Defendant shall receive presentence incarceration credits pursuant to ORS 137.370(4)*

**Count No.**_____    **Charge:** _____    Continued;  Extended _____ Revoked; Grid ____ PPS____

 ORDER: _____

**MONEY AWARD:**    Other: _____
IT IS ORDERED AND ADJUDGED THAT ANY FINANCIAL OBLIGATION IMPOSED HEREIN SHALL BE A MONEY AWARD AND CREATES A JUDGMENT LIEN.

**INCARCERATION OPTIONS:** (Check a box below if imposing 10 or more days jail or prison)

■ Applies to all Counts;  Applies to Count _____

**DEPT OF CORRECTIONS**

Defendant ■ *MAY*  *MAY NOT* be considered by the executing or releasing authority for any form of temporary leave, release, or non-AIP reduction in sentence as specified in ORS 137.750.  **Exceptions:**  Defendant is eligible for Good Time;  Other: _____
AIP: ■ Defendant may be considered for alternative incarceration programs and early release on post-prison supervision under ORS 421.508(4) following successful completion of an alternative incarceration program. Basis for eligibility: ✗ By stipulation  By findings stated on the record. The court recommends:  Summit;  New Directions;  Turning Point;  Other: _____

**JAIL**

Defendant ✗ *MAY*  *MAY NOT* * be considered by the supervisory authority for any form of alternative sanction authorized by ORS 423.478.
* **Basis for ineligibility:**  By stipulation  Substantial and compelling reasons: _____
  Def is eligible for Good/Work Time ONLY

Dated: 4/28/2023  Judge (Signature) _____ / Name of Judge (printed) David Rees

23-36 (6/1/2022)

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR MULTNOMAH COUNTY

STATE OF OREGON

CASE NO. 20CR44701

Plaintiff

DA NO. 2425951-1A

v.

**Taylor, Nimrod Bennie Taylor**
                Defendant

**UCJ TEMPORARY SENTENCING ORDER**
Supplemental Page

**The Court determines that the defendant is convicted of the below listed count(s).**

Count 2    Offense: Assault IV _____ Date of Incident: 08/13/20    □ Is a Lesser Included Offense

□ Immediate Misd Treatment □ Misd Treated as Vio: Prosecutor Elects (ORS 161.566) □ Misd Treated as Vio: Court Elects (ORS 161.568)

Guilty based upon: ■ Guilty Plea □ No Contest Plea □ Stipulated Facts Trial □ Court Trial □ Jury: Date of Guilty Finding 05/20/21

License Information: □ Suspend □ Revoke  Type: □Drivers □Other_____    Duration: _____

Statutory Requirements: □ HIV Blood Draw  □ DNA Blood Draw/Buccal Sample  □ Sex Offender Registration

GUILTY EXCEPT FOR INSANITY: □ GEI: By □Stipulated Facts Trial □Court Trial □Jury Trial; □Subject to jurisdiction of PSRB □Yes □No

If yes, □ Committed to State Hospital by DHS  _or_  □ Conditional Release (see accompanying Order per ORS 161.327)

SENTENCE GUIDELINES    Crime Severity ____ Criminal History ____ □ Stipulated _for purpose of this sentencing only_

□ Presumptive Sentence    □ Special Factors: _____

□ Departure Sentence    □ Dispositional □Up □Down □By Stipulation    Departure Reasons: _____

                □ Durational □Up □Down □By Stipulation    Departure Reasons: _____

**PROBATION**  Type: ■ Supervised □ Bench  Duration: 36    □days□months□years    □ SIS □ SES

Defendant subject to all general conditions of probation in ORS 137.540(1) unless specifically deleted by the court  _Delete #'s:_ ___

**The following special conditions of probation are imposed:**    □ Probation Judge (if specified): START- Bloch

Packages: □ Alcohol  □ Drug  □ Misdemeanor Monitoring Program □ Financial Crimes  □ Sex Offender  □ Other ___

□ Community Service_____ Completed By _____    Report to Probation by: _____; Other Conditions: ___

□ No Contact Victim _____    - all supervision conditions concurrent to those imposed in Count 6 of this case

□ Drug □Alcohol □Mental Health Evaluation and any
Recommended Treatment (check all that apply)    _____

□ No trespass/entry_____

This conviction for a qualifying misdemeanor crime of domestic violence permanently prohibits you from possessing firearms and ammunition, effective immediately under ORS 166.250 & ORS 166.255. You could be charged with a new crime of Unlawful Possession of a Firearm if you knowingly violate these provisions. You must comply with the terms in the attached Surrender & Return document. You must surrender your firearms according to the instructions in that document within 24 hours and file the required Declaration and Proof of Transfer with the court and DA within 2 court business days.

**INCARCERATION**    Duration: _____    Minimum: _____ months / years  Per ORS _____

□ Jail  □ Dept of Corrections    □ Remand immediately to Sheriff    □ Other _____

□ Report to Sheriff by: _____ to arrange TSI date    Work Release: □ Recommended □ NOT Recommended

□ Consecutive to: _____    □ By Stipulation □ Findings per ORS 137.123(5): _____

□ Concurrent with: _____    **POST PRISON SUPERVISION**  Duration: _____

**INCARCERATION OPTIONS:**    PPS Recommendation(s): _____

**DEPT OF CORRECTIONS**
Defendant □MAY □MAY NOT be considered by the executing or releasing authority for any form of temporary leave, release, or non-AIP reduction in sentence as specified in ORS 137.750.    Exceptions: □ Defendant _is_ eligible for Good Time  □ Other _____

AIP: □ Defendant may be considered for alternative incarceration programs and early release on post-prison supervision under ORS 421.508(4) following successful completion of an alternative incarceration program.    Basis for eligibility: □ By stipulation  □ By findir 20CR44701

The court recommends: □ Summit  □ New Directions  □ Turning Point  □ Other _____

**JAIL**
Defendant □MAY □MAY NOT be considered by the supervisory authority for any form of alternative sanction authorized b
* Basis for ineligibility: □ By stipulation □ Substantial and compelling reasons. _____  □ Def

ORGJ
Order – Pending Judgment
13879027

**MONEY AWARD**    □Fine $ _____    ■Waive all fines, fees, and assessment

□ORS 475.890 & 892 (Delivery Meth.) $500 □ suspended $____    □ORS 475.886 & 888 (Manuf. Meth.) $1000 □ suspended $____

□ Intoxication Conviction Fee (ORS 813.030) $255:    Bench Prob. Fee $100 □ suspended $____    Atty Fees $____ □ waived

□ Comp Fine □ Restitution $_____ Victim/_____    □TBD: Hrg set for_____ □ J/S with _____

□ Leave Restitution Open 90 Days.

Dated: 05/28/21    Judge (Signature) _____    / Name of Judge (printed) Baggio

* I have reviewed the contents of the TSO and it appears consistent with sentence announced by the court: DDA: _____  Defense Attorney: _____

23-69 (Rev 2019-12-20) Original to Court File    Copies to: □ Jail □ Probation Intake □ DA □ Defense Attorney □ Probation Judge

Page 2 of 2

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH
1200 SW FIRST AVENUE PORTLAND OREGON 97204

**Case No: 20CR44701**

**State of Oregon**

**District Attorney No. 2425951-1**

vs

FILED

**Nimrod Bennie Taylor**

**ORDER TO APPEAR**

OCT 16 2020

**True Name:** _____

CIRCUIT COURT

**SWIS No     825097**

This matter came before the court on the date below on a charging instrument filed with this court, the State appearing by the deputy district attorney. Any other names on this arrest, booking or charging instrument shall be listed with the alias name(s) for this defendant.

The defendant appearing in person and with the defendant's attorney named hereafter, the defendant was duly arraigned as provided by law, and the defendant entered a plea of not guilty to the offense(s) charged in the accusatory instrument. This case shall proceed under the true name and the clerk shall enter the true name in the register as the defendant's name for all further proceedings in this criminal action.

**Defense Attorney:** _G. Hartley_

| | | | | |
|---|---|---|---|---|
| 1 | Criminal Mischief in the First Degree | Felony Class C | ③ Assault 4 - MISD |
| 2 | Harassment | Misdemeanor Class B | |
| 3 (4) | Interference with Making a Report | Misdemeanor Class A | |

It is ORDERED that a plea of Not Guilty be entered to each of the offenses charged.

**PLEASE NOTE: CONTACT YOUR ATTORNEY PRIOR TO ALL DATES TO VERIFY THE SETTING DATE.**

**It is further ORDERED THAT DEFENDANT APPEAR IN PERSON ON THE FOLLOWING DATES:**

**COURT DATE and TIME:** _____

**LOCATION:**

XXX Justice Center, 1120 SW 3rd Avenue, Portland Or 97204
Multnomah Central Courthouse, 1200 SW First Ave, Portland OR, 97204
East County Courthouse, 18480 SE Stark Street, Portland OR 97233

**Failure of the defendant to appear at a hearing ordered by the court may result in a bench warrant being issued for the defendant's arrest and any security amount posted on the case will be forfeited.**

XXXX The defendant have NO CONTACT WITH VICTIMS:
**(whether the defendant is in custody or out of custody). This order prohibits direct contact (by you) and indirect contact (through third parties). The ban includes any harassing, stalking, or threatening conduct against the victims and any actual, threatened or attempted use of physical force against the victims reasonably expected to cause bodily injury.**

If you are a current of former member of the Armed Forces or reserves, you may be eligible for treatment programs, diversion, specialty courts, or mitigated sentencing in your case. You may obtain additional information from your lawyer.

| | | | |
|---|---|---|---|
| | No driving without a valid license and insurance. | | No driving. |
| | No use of any intoxicant when operating a motor vehicle. | | No possession or use of any intoxicant. |
| | Report to PRS if bailed or released for any reason within 24 hours. | XX | No entry _Labor Max_ |
| | Report to PRS    Immediately    Immediately Upon Release | | By: ____ On: ____ |

**X  YOUR NEXT COURT APPEARANCE DATE IS** _12/11/20_ at _2:0_ m. in Room JC3.

_Not held on this case_
_HG Custody Issue 10/19/20 @ 9:30 AM Jg Baggio._
_track w/ other case_

Any previously issued non-served warrant on this case shall be recalled.

10/16/2020
Date

Hon. Amy Baggio in JC3, Circuit Court Judge,

10/16/2020

Defendant  _By G. Gilbert_

**IN THE CIRCUIT COURT FOR THE STATE OF OREGON**
**FOR MULTNOMAH COUNTY**

STATE OF OREGON

Taylor, Ninrod Bernie Howard

Defendant

Circuit Court No _20CR44701_

District Attorney No _2425951-1_

Charge (s) _Crim Misc. I, Harrasment, Assault IV, Bster of Mising Rpt._

ORDER FOR:
☐ RELEASE / SECURITY
☐ MOTION DISPOSITION
☒ OTHER _Book-d_

Date of Proceeding _10/19/20_

Court Reporter _____     FTR ☒ 15B

Defense Attorney _M. Dotterman_     Bar No. _092398_

District Attorney _T. Jackson_     Bar No. _114240_

Custody Status: ☒ In Custody  ☐ On Court Ordered Release  ☐ On Security Release  ☐ On Population Release

## I.  RELEASE AND/OR SECURITY HEARING FOR:

A. Murder/Aggravated Murder
    ☐ Release is denied
    ☐ Security is allowed and set at $_____

B. All Other Crimes
    ☐ Upon receiving the Jail Records copy of this order, the Sheriff is to release the defendant on the above listed charges
    ☐ Security is reduced to $_____ from $_____
    ☐ Security is increased to $_____ from $_____
    ☐ Security reduction or increase is denied
    ☐ Present release and/or custody status is continued
    ☐ Defendant is released on personal recognizance on the above charge(s)
    ☐ Defendant is released to report to PRS
    ☐ Defendant is released to PRS
    ☐ Defendant is released to PRS, if accepted
    ☐ Defendant is released to PRS, interview only
    ☒ Other _Book and Keep on this case with new dates (see below)_

## II.  MOTION DISPOSITION:

_____

_____

_____

_____

## III.  OTHER:

_Grand Jury Arraignment moved to October 27, 2020 @ 9:30 am in JC3._

_Bail set @ $11,500._

Date Signed _10/19/20_

Signature of Judge _____

Hon. A. Baggio

Typed Name of Judge

23-60 (11/08)

ORDER FOR: RELEASE/MODIFICATION OF RELEASE/SECURITY/MOTION DISPOSITION/ OTHER
DISTRIBUTION: ORIGINAL – COURT, COPIES – JAIL RECORDS, DISTRICT ATTORNEY, PROBATION, DEFENSE ATTORNEY, JUDGE

2020 OCT 19 AM 11:14
CIRCUIT COURT
MULTNOMAH COUN
FILED

**IN THE CIRCUIT COURT FOR THE STATE OF OREGON**
**FOR MULTNOMAH COUNTY**

STATE OF OREGON

Circuit Court No _20CR53116_

District Attorney No _2427705-1D_

Charge (s) _Assault II, UUW, Crim Dres II_
_Crim Misc II_

v.

_Taylor, Nimrod Benie Howard_

Defendant

**ORDER FOR:**
☐ **RELEASE / SECURITY**
☐ **MOTION DISPOSITION**
☒ **OTHER** _Bail Reduction Denied with_
_Leave to Renew_

Date of Proceeding _10/19/20_

Court Reporter _____

Defense Attorney _M. Dethman_

District Attorney _T. Jackson_

FTR ☒ _13B_

Bar No. _092398_

Bar No. _114240_

Custody Status: ☒ In Custody  ☐ On Court Ordered Release  ☐ On Security Release  ☐ On Population Release

I.   **RELEASE AND/OR SECURITY HEARING FOR:**
A.  Murder/Aggravated Murder
        ☐ Release is denied
        ☐ Security is allowed and set at $_____
B.  All Other Crimes
        ☐ Upon receiving the Jail Records copy of this order, the Sheriff is to release the defendant on the above
            listed charges
        ☐ Security is reduced to $_____ from $_____
        ☐ Security is increased to $_____ from $_____
        ☒ Security reduction or increase is denied
        ☒ Present release and/or custody status is continued
        ☐ Defendant is released on personal recognizance on the above charge(s)
        ☐ Defendant is released to report to PRS
        ☐ Defendant is released to PRS
        ☐ Defendant is released to PRS, if accepted
        ☐ Defendant is released to PRS, interview only
        ☒ Other _Bail Reduction is Denied with Leave to Renew Request_

II.  **MOTION DISPOSITION:**
_____
_____
_____
_____

III. **OTHER:**
_____
_____

Date Signed _10/19/20_

Signature of Judge _____

_Hon. A. Buccino_
Typed Name of Judge

23-60 (11/08)          ORDER FOR: RELEASE/MODIFICATION OF RELEASE/SECURITY/MOTION DISPOSITION/ OTHER
                DISTRIBUTION: ORIGINAL – COURT, COPIES – JAIL RECORDS, DISTRICT ATTORNEY, PROBATION, DEFENSE ATTORNEY, JUDGE



Verified Correct Copy of Original 5/28/2021

**MIKE SCHMIDT,** District Attorney for Multnomah County
1200 SW 1ST Ave #5200 • Portland, Oregon 97204 • 503 988-3162 • FAX 503 988-3643
www.mcda.us

**PRE-TRIAL OFFER**                                    May 18, 2021
**State v. NIMROD TAYLOR**
**20-CR-53116; DA# 2427705-1**
**20-CR-44701; DA# 2425951-1**

**Ms. Phillips here is a pretrial offer to resolve the above-referenced cases:**

**NOTICE** – The COVID-19 pandemic has created an extraordinary and unprecedented accumulation of criminal cases pending trial in Multnomah County. The following pre-trial offer is made in response to this crisis and thus does not reflect a permanent change to well established Multnomah County District Attorney's Office practice, policy, or procedure. This offer expires on 6/1/21 at 5:00pm.

Defendant is currently charged with:
- 20-CR-53116
  - Count 1: Assault II
  - Count 2: Unlawful Use of a Weapon
  - Count 3: Criminal Mischief II
  - Count 4: Criminal Trespass II
- 20-CR-44701
  - Count 1: Burglary I
  - Count 2: Assault IV
  - Count 3: Strangulation
  - Count 4: Burglary II
  - Count 5: Harassment
  - Count 6: Burglary II
  - Count 7: Criminal Mischief I
  - Count 8: Interfering with Making a Report

**Defendant to Plead Guilty to the Following Charges:**
- 20-CR-53116
  - Count 1: Attempted Assault II (LIO)
- 21-CR-08826
  - Count 6: Burglary II
  - Count 2: Assault IV

**State to Dismiss Remaining Counts**

**Sentence:**
- 20-CR-53116
  - Count 1: Attempted Assault II (LIO)
    - Grid Block 5-E by Stipulation
    - 8 months DOC, CTS, All Credits
    - 24 months Post-Prison Supervision
    - Restitution: $331.60 to VIC Oliver; $1089.55 to SAIF
- 20-CR-44701
  - Count 6: Burglary II

Attachment B            1

1. MULTNOMAH COUNTY DRUG PACKAGE

a. Participate in a drug evaluation, and enter and successfully complete any course of treatment, including after and follow-up care, determined to be necessary and as designated by the evaluator or the probation officer.

b. Refrain from knowingly associating with persons who illegally use or possess controlled substances outside of a treatment setting.

c. Not use or possess inhalants or intoxicants unless prescribed by a licensed physician.

2. MULTNOMAH COUNTY ALCOHOL PACKAGE

a. Participate in an alcohol evaluation and enter and successfully complete any course of treatment, including after and follow-up care, determined to be necessary and as designated by the evaluator or the probation officer.

b. Not consume or possess alcoholic beverages.

c. Not enter or frequent establishment whose primary income is derived from the sale of alcoholic beverages, unless, with prior written approval of defendant's probation officer, the defendant is actually employed and on-duty therein.

3. ABIDE BY PROBATION OFFICER DIRECTIVES RELATING TO THE DEFENDANT'S SUBSTANCE USE DISORDER AND MENTAL HEALTH TREATMENT.

4. PURSUANT TO ORS 137.540(1)(c), NOT BE DISCHARGED FROM HOUSING WHERE THE DEFENDANT HAS BEEN MANDATED TO STAY BY THE COURT OR PROBATION OFFICER.

5. ABIDE BY ALL REQUIREMENTS ESTABLISHED IN THE START DRUG COURT PARTICIPANT MANUAL AND PREVIOUSLY REVIEWED BY THE DEFENDANT AT THE START PROBATION INTAKE.

6. PROMPTLY AND TRUTHFULLY ANSWER ALL REASONABLE INQUIRIES MADE BY A MEMBER OR DESIGNEE OF THE START COURT TEAM.

7. DEFENDANT IS REQUIRED TO REPORT TO START COURT IN PERSON AT 10 :15 A.M. ON THE NEXT START DOCKET FOLLOWING THE DEFENDANT'S FAILURE TO DO ANY OF THE FOLLOWING. IF THE PROGRAM IS OPERATING REMOTELY, DEFENDANT MUST REPORT THE FOLLOWING WEDNESDAY, UNLESS YOUR PREVIOUSLY SET COURT DATE IS SOONER:

a. on the day the defendant is designated by the random call-in UA program to do so, provide a valid sample of the defendant's urine (or other drug test as directed by the probation officer);

b. on the day the defendant is designated by the random call-in UA program to do so, report a sobriety date consistent with the most recently reported sobriety date (if the Court is operating under Remote Proceedings this requirement does not apply);

c. meet with the defendant's probation officer at the day and time designated by the defendant's probation officer;

d. appear for and participate in treatment at the day and time designated by the defendant's treatment provider.

FAILURE TO APPEAR AT THE NEXT START COURT DAY WILL SUBJECT THE DEFENDANT TO A WARRANT, ARREST AND FURTHER SANCTION.

*Attachment A*

- Grid Block 8-B by Stipulation
- Downward Dispositional Departure to 36 months Formal Probation
- START Court
- Mental Health/Alcohol/Drug Package per START Court PO
- No Contact w/ VIC Oliver
- No Contact w/ VIC Selvog
- No Entry Plaid Pantry – 1020 N Marine Drive Portland, OR
- No Entry Labormax – 3236 N Lombard St Portland, OR
- Comply With All START Court/PO Directives and Action Plans
- Earned Discharge Agreement
- Restitution: Open for 30 Days for VIC Selvog to Submit Bills/Documentation for Counseling Sessions as a Result of This Incident; Currently Known Restitution: $4,060 to Labormax; $1,139.99 to VIC Selvog.
- Count 2: Assault IV
    - SIS 36 months Formal Probation
    - Concurrent Conditions w/ Count 6

**Parties stipulate to the following:**

- This agreement does require the court to reinstate charges that are dismissed pursuant to the agreement if the court allows the defendant to withdraw his/her guilty plea under ORS 135.365 or if the judgment of conviction is reversed, vacated or set aside. Defendant waives his/her statute of limitations and any statutory or constitutional speedy trial or double jeopardy rights applicable to the dismissed charges.
- Except as expressly provided in this agreement, this agreement does not prevent the State from taking any further action that it would have been permitted to take if defendant had been convicted after a trial.
- This sentence is the result of a stipulated sentencing agreement between the State and the defendant which the sentencing court approves on the record per ORS 138.222(2)(d).
- Counts to which the defendant pleads guilty do not merge.
- In accordance with SB 1002, this offer does not constitute, nor is it conditioned on or contingent upon defendant's waiver of the following: the disclosure obligation under ORS 135.815(1)(g); the ability to receive the audio recording of grand jury proceedings under ORS 132.270; eligibility for transitional leave under ORS 421.168; eligibility for a reduction in the term of incarceration under ORS 421.120 or 421.121; or eligibility for any reduction in sentence, leave or release from custody or any other program for which the executing or releasing authority, as defined under ORS 137.750(3)(a), may consider the Defendant as prescribed in ORS 137.750. Any counter offer received in response to this offer that contains a provision proscribed by SB1002 will be summarily rejected.

In addition to extending an offer in these cases, I am also *requesting reciprocal discovery*.

***** **THIS OFFER EXPIRES JUNE 1, 2021** *****

   Please feel free to contact me on my direct line at (503) 988-3564 or via email at todd.jackson@mcda.us. Please give me *at least 2 days notice* if you intend to set the case for a plea.

Todd Jackson
Deputy District Attorney-Unit D

2

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR MULTNOMAH COUNTY

STATE OF OREGON                                    CASE NO. 20CR44701
                         Plaintiff
                                                   DA NO. 2425951-1A
            v.                                     UCJ TEMPORARY SENTENCING ORDER
Taylor, Nimrod Bennie Howard                       All Felony & Misdemeanor Counts
                         Defendant

SENTENCING DATE 05.28.21          ■ FTR □ Reporter □ Interpreter Name: _____
Deputy District Attorney: Jackson    Bar No. 114240   Defense Attorney: Philips         Bar No. 053489
Defendant Appearance: □ In Person In Custody   ■ In Person Out of Custody  □ By Telephone  □ By Video  □ Waived Appearance
Representation Status: ■ Court Appointed  □ Privately Retained  □ Found Indigent and Waived Attorney  □ Waived Attorney (Pro Se)
       Judgment of Dismissal on counts: 1, 3, 4, 5, 7, 8    Judgment of Acquittal on Finding of Not Guilty on counts: _____
The Court determines that the defendant is convicted of the below listed count(s).        □ Def waives PSI  □ Def waives 48 hrs
Count 6      Offense: Burglary II                      Date of Incident: 08/13/20    □ Is a Lesser Included Offense
□ Immediate Misd. Treatment  □ Misd. Treated as Vio: Prosecutor Elects (ORS 161.566)  □ Misd. Treated as Vio: Court Elects (ORS 161.568)
Guilty based upon: ■ Guilty Plea  □ No Contest Plea  □ Stipulated Facts Trial  □ Court Trial  □ Jury: Date of Guilty Finding 05/20/21
License Information: □ Suspend  □ Revoke   Type: □ Drivers  □ Other_____  Duration: _____ days / months / years / permanent
Statutory Requirements: □ HIV Blood Draw   □ DNA Blood Draw/Buccal Sample  □ Sex Offender Registration
GUILTY EXCEPT FOR INSANITY: □ GEI: By  □ Stipulated Facts Trial  □ Court Trial  □ Jury Trial;  □ Subject to jurisdiction of PSRB □ Yes  □ No
If yes, □ Committed to State Hospital by DHS  or  □ Conditional Release (see accompanying Order per ORS 161.327)
SENTENCE GUIDELINES          Crime Severity 8   Criminal History B   ■ Stipulated for purpose of this sentencing only
□ Presumptive Sentence  □ Special Factors: _____
■ Departure Sentence    □ Dispositional □ Up □ Down □ By Stipulation   Departure Reasons: _____
                        □ Durational □ Up □ Down □ By Stipulation  Departure Reasons: _____
PROBATION  Type: ■ Supervised  □ Bench   Duration: 36 months                                       □ SIS □ SES
Defendant subject to all general conditions of probation in ORS 137.540(1) unless specifically deleted by the court. Delete #'s _____
The following special conditions of probation are imposed:            ■ Probation Judge (if specified): START - Bloch
Packages: □ Alcohol  ■ Drug  ■ Misdemeanor Monitoring Program  □ Financial Crimes  □ Sex Offender  □ Other: _____
□ Community Service _____ Completed By _____   Report to Probation by: _____; Other Conditions: _____
■ No Contact Victim Bonnie Selvog, Joshua Oliver      - START Court Supervision and all standard conditions - see Attachment A
                                                      - Mental Health, Drug, and Alcohol Packages for START Court PO  Comply with all PO Directives and Action Plans
□ Drug □ Alcohol ☑ Mental Health Evaluation and any   - Sign Earned Discharge Agreement (attached) - Additional conditions/details see Attachment B
  Recommended Treatment (check all that apply)
■ No trespass/entry 1020 N. Manne Dr. and 3236 N. Lombard St. in Portland

     This conviction for a qualifying misdemeanor crime of domestic violence permanently prohibits you from possessing firearms and ammunition, effective
immediately under ORS 166.250 & ORS 166.255. You could be charged with a new crime of Unlawful Possession of a Firearm if you knowingly violate
these provisions. You must comply with the terms in the attached Surrender & Return document  You must surrender your firearms according to the
instructions in that document within 24 hours and file the required Declaration and Proof of Transfer with the court and DA within 2 court business days.
INCARCERATION   Duration: _____            Minimum: _____ Per ORS _____
□ Jail  □ Dept of Corrections   □ Remand immediately to Sheriff        □ Report to Sheriff by: _____ to arrange TSI date
□ Consecutive to: _____         □ By Stipulation  □ Findings per ORS 137.123(5): _____
□ Concurrent with: _____        POST-PRISON SUPERVISION  Duration: _____ months / years
INCARCERATION OPTIONS:              PPS Recommendations _____
┌─────────────────────────────────────────────────────────────────────────────────────
│ DEPT OF CORRECTIONS
│ Defendant □MAY  □MAY NOT be considered by the executing or releasing authority for any form of temporary leave, release, or non-AIP reduction in sentence as
│ specified in ORS 137.750.    Exceptions: □ Defendant is eligible for Good Time  □ Other _____
│ AIP: □ Defendant may be considered for alternative incarceration programs and early release on post-prison supervision under ORS 421.508(4) following   20CR44701
│ successful completion of an alternative incarceration program    Basis for eligibility: □ by stipulation  □ By f ___ ORGJ
│ The court recommends: □ Summit  □ New Directions  □ Turning Point  □ Other _____       Order - Pending Judgment
│ JAIL _____                                                                             13B78026
│ Defendant □MAY  □MAY NOT* be considered by the supervisory authority for any form of alternative sanction authori
│ * Basis for ineligibility: □ By stipulation  □ Substantial and compelling reasons _____                    -Y
MONEY AWARD      Fine $ _____        ☑ Waive all fines, fees, and assess_____
□ ORS 475.886 & 888 (Manuf. Meth.) $1000  □ suspended $_____  □ ORS 475.890 & .892 (Del Meth) $500 □ suspended $___
□ Intoxication Conviction Fee (ORS 813.030) $255;  □ Bench Prob. Fee $100 □ suspended $_____;  □ Atty Fees $_____  □ waived
□ Comp Fine □ Restitution $_____  Victim: _____       TBD: Hrg set for _____  □ J/S with _____
✓ Leave Restitution Open 90 Days  JC NOTE: If a fine is imposed the statutory assessments and fees applicable to each conviction shall be imposed by the Clerk of the Court.
PAYMENT TERMS: Full payment of all financial obligations is due within 30 days of the date of this judgment unless a payment plan is authorized by
the court collections unit, probation officer, or post-prison supervision officer. The security deposit shall be applied to financial obligations ordered in this and
any other circuit court case after satisfaction of any and all orders directing that the deposit be applied to outstanding child support obligations.
Dated: 05/28/21  Judge (Signature) _____ / Name of Judge (printed) Baggio
* I have reviewed the contents of the TSO and it appears consistent with sentence announced by the court: DDA ___ / Defense Attorney ___
23-68 (rev 2019-12-20)      Original to Court File   Copies to: □ Jail  □ Probation Intake  □ DA  □ Defense Attorney  □ Probation Judge

**CERTIFICATE OF COUNSEL**

I am the lawyer for the defendant and I certify:

1. I have read and explained fully to the defendant the allegations contained in the accusatory instrument(s). I believe the defendant understands the charges and all possible defenses to them. I have explained the alternatives and the trial strategies to the defendant. I have explained to the defendant all of the sentencing consequences of entering this plea.

2. I have explained to the defendant the maximum and minimum penalties that could be imposed for each charge and for all charges together and provided a copy of the general conditions of probation if a probation sentence is to be imposed.

3. I have inquired into the immigration status of the defendant and if I have determined that the defendant is not a U.S. Citizen I have advised the defendant of possible immigration consequences resulting from this plea pursuant to Padilla v. Kentucky, 130 S.Ct. 1473 (2010).

4. The plea(s) offered by the defendant is (are) justified by my understanding of the facts related to me.

5. To the best of my knowledge and belief, the declarations made by the defendant in the foregoing petition are true and accurate.

6. To the best of my knowledge, the defendant's decision to enter this plea is made voluntarily, intelligently, and knowingly. I recommend that the Court accept the plea.

I have signed this certificate in the presence of the defendant and after full discussion of its contents with the defendant.

___2₀CR44710___
(Case Number)

___5/20/51___            ___[signature]___            ___053489___
(Date)                    (Lawyer's Signature)          (Bar No.)

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH
1200 SW FIRST AVENUE PORTLAND OREGON 97204

State of Oregon

vs

Nimrod B Taylor

True Name: _____

**Case No: 22CR21947**
**District Attorney No.**

**ORDER TO APPEAR**

FILED
MAY 1 0 2022
CIRCUIT COURT

**SWIS No     825097**

This matter came before the court on the date below on a charging instrument filed with this court, the State appearing by the deputy district attorney. Any other names on this arrest, booking or charging instrument shall be listed with the alias name(s) for this defendant. The defendant appearing in person and with the defendant's attorney named hereafter, the defendant was duly arraigned as provided by law, and the defendant entered a plea of not guilty to the offense(s) charged in the accusatory instrument. This case shall proceed under the true name and the clerk shall enter the true name in the register as the defendant's name for all further proceedings in this criminal action.

Defense Attorney: _____

| | | |
|---|---|---|
| A1(C) | Delivery of Methamphetamine w/in 1000 Ft of School | Felony Class A |

It is ORDERED that a plea of Not Guilty be entered to each of the offenses charged.
**PLEASE NOTE: CONTACT YOUR ATTORNEY PRIOR TO ALL DATES TO VERIFY THE SETTING DATE.**
It is further ORDERED THAT DEFENDANT APPEAR **IN PERSON** ON THE FOLLOWING DATES:
**COURT DATE and TIME:** _____
**LOCATION:**
| | Justice Center, 1120 SW 3rd Avenue, Portland Or 97204 |
| | Multnomah Central Courthouse, 1200 SW First Ave, Portland OR, 97204 |
| | East County Courthouse, 18480 SE Stark Street, Portland OR 97233 |

Failure of the defendant to appear at a hearing ordered by the court may result in a bench warrant being issued for the defendant's arrest and any security amount posted on the case will be forfeited.

| XXXX | **The defendant have NO CONTACT WITH VICTIMS:** |

(whether the defendant is in custody or out of custody). **This order prohibits direct contact (by you) and indirect contact (through third parties). The ban includes any harassing, stalking, or threatening conduct against the victims and any actual, threatened or attempted use of physical force against the victims reasonably expected to cause bodily injury.**
If you are a current of former member of the Armed Forces or reserves, you may be eligible for treatment programs, diversion, specialty courts, or mitigated sentencing in your case. You may obtain additional information from your lawyer.

| | No driving without a valid license and insurance. | | No driving. |
| | No use of any intoxicant when operating a motor vehicle. | | No possession or use of any intoxicant. |
| | Report to PRS if bailed or released for any reason within 24 hours. | | No entry _____ |
| | Report to PRS | Immediately | | Immediately Upon Release | By: _____ On: _____ |

X  YOUR NEXT COURT APPEARANCE DATE IS _____ at _____ m. in Room JC3.

Any previously issued non-served warrant on this case shall be recalled.

05/10/2022
Date

Benjamin Johnston, Circuit Court Judge, JC3

5/10/2022

Defendant

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH
1200 SW FIRST AVENUE PORTLAND OREGON 97204

FILED
APR 2 1 2023
CIRCUIT COURT

**State of Oregon**
vs
**Nimrod Bennie Howard Taylor**
**SWIS No 825097**

Case No: 20CR44701
District Attorney No. 2425951-1A

**ORDER TO APPEAR**

**True Name:** Also Known As Nimrod Bennie Taylor

This matter came before the court on the date below on a charging instrument filed with this court, the State appearing by the deputy district attorney. Any other names on this arrest, booking or charging instrument shall be listed with the alias name(s) for this defendant.

☐ The defendant appearing in person and with the defendant's attorney named hereafter, the defendant was duly arraigned as provided by law, and the defendant entered a plea of not guilty to the offense(s) charged in the accusatory instrument. This case shall proceed under the true name and the clerk shall enter the true name in the register as the defendant's name for all further proceedings in this criminal action.

Defense Attorney: _H. Carson (503) 225-9100_

| 6 | Burglary in the Second Degree | | | | Felony Class C | |

It is ORDERED that a plea of Not Guilty be entered to each of the offenses charged.

**PLEASE NOTE: CONTACT YOUR ATTORNEY PRIOR TO ALL DATES TO VERIFY THE SETTING DATE.**

It is further ORDERED THAT DEFENDANT APPEAR IN PERSON ON THE FOLLOWING DATES:

**COURT DATE:**

| | | | | | PRESIDING | |
| **CALL:** | _6/9/23_ | at | _9:15 AM_ | in 7A | | _ventative Detention_ |
| **CALL:** | | at | 9:00 a.m. | in 7A | 503.388.9555 | |
| **CASE MANGEMENT:** | | at | | 146.700.8974 | with Judge Albrecht. | |
| **MCJRP:** | | at | | With Judge Matarazzo in Courtroom 7A. | |
| **STEP:** | | at | | with Judge Moawad. | |

☐ Justice Center, 1120 SW 3rd Avenue, Portland Or 97204
XXX Multnomah Central Courthouse, 1200 SW First Ave, Portland OR, 97204
☐ East County Courthouse, 18480 SE Stark Street, Portland OR 97233

Failure of the defendant to appear at a hearing ordered by the court may result in a bench warrant being issued for the defendant's arrest and any security amount posted on the case will be forfeited.

XXX The defendant have NO CONTACT WITH VICTIMS:
(whether the defendant is in custody or out of custody). This order prohibits direct contact (by you) and indirect contact (through third parties). The ban includes any harassing, stalking, or threatening conduct against the victims and any actual, threatened or attempted use of physical force against the victims reasonably expected to cause bodily injury.

If you are a current or former member of the Armed Forces or reserves, you may be eligible for treatment programs, diversion, specialty courts, or mitigated sentencing in your case. You may obtain additional information from your lawyer.

| ☐ No driving without a valid license and insurance. | ☐ No driving. |
| ☐ No use of any intoxicant when operating a motor vehicle. | ☐ No possession or use of any intoxicant. |
| ☐ Report to PRS if bailed or released for any reason within 24 hours. | ☐ No entry into _____ |
| ☐ Report to PRS ☐ Immediately ☐ Immediately Upon Release | By: ___ On: ___ |
| ☐ Book on Indictment ☐ Warrant Recall | ☐ Defendant Waives 48 hour release hearing |

☐ Other Order(s): _Court of appeal case._
_Ban deferred._

_04/21/2023_
Date

Shelley Russell, Circuit Court Judge, JC3

_04/21/2023_

Defendant

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR MULTNOMAH COUNTY

STATE OF OREGON,

                Plaintiff,

v.

_Nimrod Bennie Edward Taylor_

                Defendant.

C _20CR44FB 701_

DA No. _____

Citation No. _____

PETITION TO PLEAD GUILTY / NO CONTEST
AND WAIVER OF JURY OR COURT TRIAL

The Defendant represents to the Court:

1. My full true name is ___ _as above_ _____, but I also am known as _____.

2. I am __ _43_ __ years of age. I have gone to school through _Associate Degree_. My physical and mental health is satisfactory. I am not under the influence of any drugs or intoxicants, except _____.

3. I have told my lawyer all the facts I know about the charge(s) against me. My lawyer has advised me of the nature of the charge(s), the defenses, if any, and any legal challenges that I have in this case. I am satisfied with the advice and help I have received from my lawyer.

4. I understand the following:

    a. I have the right to hire a lawyer or, if I qualify financially, to have the Court appoint a lawyer to represent me.

        ☐ I am represented by _Rachel Philips_ _____.

        ☐ I choose to give up my right to a lawyer; I will represent myself: _____ (defendants initials).

    b. I have the following rights at trial: (1) to have a jury or court trial; (2) to have my lawyer assist me; (3) to see, hear and cross-examine or question all witnesses who testify against me; (4) to testify; (5) to remain silent and to have the jury told, if I decide not to testify, that it cannot hold that decision against me as an indication of guilt; (6) to subpoena witnesses and evidence; and (7) to require the prosecutor to prove guilt and all sentence enhancement facts beyond a reasonable doubt.

    c. I give up all of the rights listed in paragraph 4(b) when I plead either "Guilty" or "No Contest." I further understand that I give up: (1) challenges to the accusatory instrument; (2) objections to evidence concerning my guilt and, if applicable, any sentence enhancement facts; and (3) any defenses I may have to the charge(s). I understand the right to appeal my conviction is limited; I may appeal only if I can make a colorable showing of error in the disposition of my case or a colorable claim of error in the proceeding.

    d. A No Contest Plea will result in a Guilty finding regarding the charge(s) listed in paragraph 5.

    e. If I enter a plea of guilty or no contest to an offense involving domestic violence, and I am convicted of the offense, it may be unlawful for me to possess, receive, ship, transport or purchase a FIREARM, including a rifle, pistol, or revolver, or AMMUNITION, pursuant to 18 U.S.C. 922(g)(9), and/or other provisions of federal or state law, and the criminal conviction may negatively affect my ability to serve in the Armed Forces of the United States as defined in ORS 348.282 or to be employed in law enforcement. I should consult an attorney if I have questions about these potential consequences.

    f. If I reside outside of Oregon and enter a plea of guilty or no contest to an offense, and I am convicted and given a sentence with a term of probation, a deferred sentence, or post prison supervision, I may be subject to the Interstate Compact on Adult Offender Supervision and cannot return to my State of residence until I have applied for, and been granted, permission to return as required by the Compact.

    g. If a sentence of probation is imposed, I will be required to comply with the general conditions of probation, any special conditions imposed by the court, and the directives of the probation officer.

    h. If my sentence includes a period of supervised probation, and I am accused of violating the terms of the probation, I may have an opportunity to waive my rights to a hearing before a judge by accepting the sanction offered by the probation officer. The severity of the sanction would depend upon the nature of my violation. I would know what the sanction would be before agreeing to it. Even if I agree to the sanction, the judge or prosecutor has the right to a hearing before a judge regarding the alleged violation. I also understand I would have the right to a hearing before a judge probation and, if so, what sanction, if any, might be imposed.

    i. I have notice, pursuant to ORS 135.385, that if I am not a United States citizen, my plea result in my removal from the USA, or denial of naturalization, and/or exclusion from future I understand that removal and other immigration consequences are the subject of a separate proceeding and that no one,

20CR44701
Petition – Guilty Plea
PTGP
13B40783

including my attorney or the court, can predict to a certainty the effect of my conviction on my immigration status. I nevertheless affirm that I want to plead guilty regardless of any immigration consequences that my plea may entail, even if the consequence is my automatic removal from the United States.

j.  This plea can affect probation or parole and any hearing I may have regarding probation or parole. If probation or parole is revoked, I know that the remainder of the sentence of incarceration in each case could be imposed and executed, and could be added to any sentence in this case.

I will be required to provide a blood or buccal sample if convicted of a felony or certain misdemeanors.

I have reviewed the maximum and minimum penalties for each charge set forth in paragraph 5. I know these maximum and minimum sentences can be added to sentences in these other cases: _____

_____.

5.  I want to plead Guilty / No Contest to the following charge(s): *Note whether Grid Block designation is pursuant to OAR or stipulation.

| Count | Charge | Grid Block | OAR or STIP* | Max Jail/Prison | Min Jail/Prison | Max Fine | Min Fine | ODL Sanction |
|---|---|---|---|---|---|---|---|---|
| 4 | Assult IV | | | 1 yr | | 6550.00 | | |
| 6 | Buglry 2 | 8B | STIP | 35-40m prim | | 125,000 | | |
| | | | | | | | | |

6.  I understand that I might ( ) will not (✓) be sentenced as a dangerous offender, which could increase each sentence to a maximum of 30 years, with a 15 year minimum.

7.  I have been told that if my crime involved my use or threatened use of a firearm, I (can) (will) receive a mandatory minimum sentence without parole or work release for a period of _____

8.  I declare that no government agents have made any threats or promises to me to make me enter this plea other than the District Attorney's recommendation set forth in Paragraph 9, except: _____

9.  I know that the sentence is up to the Court to decide. The District Attorney may provide reports or other information if requested by the Court. I understand that the District Attorney will make the following recommendation to the Court about my sentence or about other pending charges. This recommendation is ( ) is not ( ) made pursuant to ORS 135.432 (2): _____
Ct 2 - SJS - 36 mths FP
Ct 6 - 8B grid b stipulation, dimnished dispsitnl departure to 36 mths FP START court, MH & Alcohol/Drg package per PO No contact with Selvog, no inj (asmnt 3336 No Contact
Reshtn - $4,060 to Labor max
$1,139.99 to Selvog

10. This agreement does ( ) does not ( ) require the court to reinstate charges that are dismissed pursuant to the agreement if the court allows me to withdraw my plea of guilty or no contest under ORS 135.365, or if the judgment of conviction is reversed, vacated or set aside. If the agreement does require the court to reinstate dismissed charges, I waive the statute of limitations and any statutory or constitutional speedy trial or double jeopardy rights applicable to the dismissed charges.

11. (✓) I plead Guilty because, in Multnomah County, Oregon, I did the following: on August 13, 2020
I did unlawfully + knowingly enter a buldg on 3336 N Concord with the intent to commit Crimnl Mischief AND I did unlawfully and knowingly cause physical injry to Donna Selvog

    ( ) I plead No Contest because I understand that a jury or judge could find me guilty of the charge(s), so I am choosing to accept the plea offer (defendant's initials: _____).

12. I am signing this plea petition and entering this plea voluntarily, intelligently, and knowingly.

20CR4470 _____ 5/20/21 _____ _____
(Case Number)         (Date)              (Defendant's Signature)

23-04    (7/13)    PAGE 2 OF 3    PLEA PETITION    DISTRIBUTION  ORIGINAL - COURT  COPIES - DEFENSE ATTORNEY, DA, DEFENDANT

Copy of Original 5/20/2021

*State of Oregon vs Nimrod Bennie Howard Taylor, Case No. 20CR44701*

# IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| State of Oregon,<br>       Plaintiff | ) <br> ) <br> ) | Case No.: 20CR44701 |
| vs. | ) <br> ) <br> ) | **JUDGMENT** |
| Nimrod Bennie Howard Taylor,<br>       Defendant | ) <br> ) | Case File Date: 08/14/2020<br>District Attorney File #: 2425951-1A |

## DEFENDANT

True Name: Nimrod Bennie Howard Taylor
Date Of Birth: 04/30/1978

Sex: Male
State Identification No (SID): 23849845OR

Alias(es): Nimrod Bennie Taylor

## HEARING

Proceeding Date: 05/28/2021
Judge: Amy M. Baggio
Court Reporter: Recording, FTR

Defendant appeared in person and was not in custody. The court determined that the defendant was indigent for purposes of court-appointed counsel, and the court appointed counsel for the defendant. The defendant was represented by Attorney(s) RACHEL PHILIPS, OSB Number 053489. Plaintiff appeared by and through Attorney(s) TODD T JACKSON, OSB Number 114240.

## COUNT(S)

It is adjudged that the defendant has been convicted on the following count(s):

### Count 2 : Assault in the Fourth Degree

Count number 2, Assault in the Fourth Degree, 163.160(2), Misdemeanor Class A, committed on or about 08/13/2020. Conviction is based upon a Guilty Plea on 05/20/2021.

### Suspended Imposition of Sentence

Imposition of sentence is suspended.

*State of Oregon vs Nimrod Bennie Howard Taylor, Case No. 20CR44701*

## Probation

Defendant is placed on Supervised Probation for a period of 36 month(s) and shall be subject to the following conditions of Probation:

Defendant is subject to all general conditions of probation (ORS 137.540).

Furthermore, Defendant is subject to the following Special Conditions of Probation (ORS 137.540(2)): Defendant shall:

- Participate in an alcohol evaluation, and enter and successfully complete any course of treatment, including after and follow-up care, determined to be necessary and as designated by the evaluator or the START Court probation officer.
- Not consume or possess alcoholic beverages.
- Not enter into or frequent any establishment whose primary income is derived from the sale of alcoholic beverages.
- Promptly and truthfully answer all reasonable inquiries by a member or designee of the START Court team.
- Be assigned to Judge Eric Bloch for judicial supervision of START Court probation.
- Not trespass Plaid Pantry at 1020 N. Marine Drive, Portland, Oregon or Labormax at 3236 N. Lombard Street, Portland, Oregon.
- No personal contact with the victims Bonnie Selvog and Joshua Oliver.
- Participate in a mental health evaluation, and enter and successfully complete any course of treatment, including prescribed medications, determined to be necessary and as designated by the evaluator or the START Court probation officer. If currently in a mental health program, continue as directed by the treatment provider.
- Defendant is required to report to START Court in person at 10:15am on the next START docket following the defendant's failure to do any of the following (if the program is operating remotely, defendant must report the following Wednesday, unless your previously set court date is sooner): a) on the day defendant is designated by the random call-in UA program to do so, provide a valid sample of the defendant's urine (or other drug test as directed by the probation officer); b) on the day defendant is designated by the random call-in UA program to do so, report a sobriety date consistent with the most recently reported sobriety date (if the Court is operating under remote proceedings this requirement does not apply); c) meet with the defendant's probation officer at the day and time designated by the defendant's probation officer; d) appear for and participate in treatment at the day and time designated by the defendant's treatment provider. Failure to appear at the next START Court day will subject the defendant to a warrant, arrest, and further sanction.
- Comply with all START Court/PO Directives and Action Plans.
- Sign Earned Discharge Agreement (done at sentencing).
- Pursuant to ORS 137.540(1)(c), not be discharged from housing where the defendant has been mandated to stay by the court or probation officer.
- Abide by all requirements established in the START drug court participant manual and previously reviewed by the defendant at the START probation intake.
- Refrain from knowingly associating with persons who illegally use or possess controlled substances.
- Not use or possess inhalants or intoxicants unless prescribed by a licensed physician.
- Participate in a drug evaluation, and enter and successfully complete any course of treatment, including after and follow-up care, determined to be necessary and as designated by the evaluator or

*State of Oregon vs Nimrod Bennie Howard Taylor, Case No. 20CR44701*

the START Court probation officer.
- Probation on Count 2 imposed to run fully concurrently to Count 6, with all conditions imposed on Count 6.
- Pay agreed-upon Restitution in the amounts of $4,060 to Labormax, and $1,139.99 to Bonnie Selvog. Leave Restitution Open for 30 days (until June 27, 2021) for possible additional request from Selvog. Defendant reserves right to challenge restitution requests beyond those agreed upon in plea negotiations and set forth above. Restitution Order to be submitted after Restitution numbers are final.

## Monetary Terms

Defendant shall be required to pay the following amounts on this count:

### Fees and Assessments: Payable to the Court.

| Type | Amount | Modifier | Reduction | Actual Owed |
|------|--------|----------|-----------|-------------|
| Fine | $100.00 | Waived | $100.00 | $0.00 |
| Total | $100.00 | | $100.00 | $0.00 |

Waive all fines, fees and assessments. Leave Restitution Open for 30 days.

### Count 6 : Burglary in the Second Degree

Count number 6, Burglary in the Second Degree, 164.215, Felony Class C, committed on or about 08/13/2020. Conviction is based upon a Guilty Plea on 05/20/2021.

**Sentencing Guidelines**

The Crime Severity Classification (CSC) on Count Number 6 is 8 and the Criminal History Classification (CHC) is B.

This sentence is pursuant to the following special factors:
- Stipulated for purpose of this sentencing only.

The court finds substantial and compelling reason for a Downward Dispositional Departure, as stated on the record. This departure is pursuant to the following aggravating or mitigating factor(s):
- Stipulation of Parties

*State of Oregon vs Nimrod Bennie Howard Taylor, Case No. 20CR44701*

**Probation**

Defendant is sentenced to Supervised Probation for a period of 36 month(s) and shall be subject to the following conditions of Probation:

Defendant is subject to all general conditions of probation (ORS 137.540).

Furthermore, Defendant is subject to the following Special Conditions of Probation (ORS 137.540(2)): Defendant shall:

- Participate in an alcohol evaluation, and enter and successfully complete any course of treatment, including after and follow-up care, determined to be necessary and as designated by the evaluator or the START Court probation officer.
- Not consume or possess alcoholic beverages.
- Not enter into or frequent any establishment whose primary income is derived from the sale of alcoholic beverages.
- Promptly and truthfully answer all reasonable inquiries by a member or designee of the START Court team.
- Be assigned to Judge Eric Bloch for judicial supervision of START Court probation.
- Refrain from knowingly associating with persons who illegally use or possess controlled substances.
- Not use or possess inhalants or intoxicants unless prescribed by a licensed physician.
- Participate in a drug evaluation, and enter and successfully complete any course of treatment, including after and follow-up care, determined to be necessary and as designated by the evaluator or the START Court probation officer.
- Not trespass Plaid Pantry at 1020 N. Marine Drive, Portland Oregon, or Labormax at 3236 N. Lombard Street, Portland, Oregon.
- No personal contact with the victim Bonnie Selvog or Joshua Oliver.
- Participate in a mental health evaluation, and enter and successfully complete any course of treatment, including prescribed medications, determined to be necessary and as designated by the evaluator or the START Court probation officer. If currently in a mental health program, continue as directed by the treatment provider.
- Defendant is required to report to START Court in person at 10:15am on the next START docket following the defendant's failure to do any of the following (if the program is operating remotely, defendant must report the following Wednesday, unless your previously set court date is sooner): a) on the day defendant is designated by the random call-in UA program to do so, provide a valid sample of the defendant's urine (or other drug test as required by probation officer); b) on the day defendant is designated by the random call-in UA program to do so, report a sobriety date consistent with the most recently reported sobriety date (if the Court is operating under remote proceedings, this requirement does not apply); c) meet with the defendant's probation officer at the day and time designated by the defendant's probation officer; d) apear for and participate in treatment at the day and time designated by the treatment provider. Failure to appear at the next START court day will subject the defendant to a warrant, arrest and further sanction.
- Comply with all START Court/PO Directives and Action Plans.
- Sign Earned Discharge Agreement (done at sentencing).
- Pursuant to ORS 137.540(1)(c), not be discharged from housing where the defendant has been mandated to stay by the court or probation officer.
- Abide by all requirements established in the START drug court participant manual and previously reviewed by the defendant at the START probation intake.
- Probation on Count 6 imposed to run fully concurrently to Count 2, with all conditions imposed on

*State of Oregon vs Nimrod Bennie Howard Taylor, Case No. 20CR44701*

Count 2.

- Pay agreed-upon Restitution in the amounts of $4,060 to Labormax, and $1,139.99 to Bonnie Selvog. Leave Restitution Open for 30 days (until June 27, 2021) for possible additional request from Selvog. Defendant reserves right to challenge restitution requests beyond those agreed upon in plea negotiations and set forth above. Restitution Order to be submitted after Restitution numbers are final.

**Statutory Provisions**

Defendant is ordered to submit blood or buccal sample and thumbprint pursuant to ORS 137.076.

**Monetary Terms**

Defendant shall be required to pay the following amounts on this count:

**Fees and Assessments: Payable to the Court.**

| Type | Amount | Modifier | Reduction | Actual Owed |
|---|---|---|---|---|
| Fine - Criminal | $200.00 | Waived | $200.00 | $0.00 |
| Total | $200.00 | | $200.00 | $0.00 |

Waive all fines, fees and assessments. Leave Restitution Open for 30 days.

## COUNTS DISPOSED WITH NO CONVICTION

Count # 1, Burglary in the First Degree is Dismissed.

Count # 3, Strangulation is Dismissed.

Count # 4, Burglary in the Second Degree is Dismissed.

Count # 5, Harassment is Dismissed.

Count # 7, Criminal Mischief in the First Degree is Dismissed.

Count # 8, Interference with Making a Report is Dismissed.

If convicted of a felony or a crime involving domestic violence, you may lose the right to buy, sell, transport, receive, or possess a firearm, ammunition, or other weapons in both personal and professional endeavors pursuant to ORS 166.250, ORS 166.291, ORS 166.300, and/or 18 USC 922(g).

## MONEY AWARD

**Judgment Creditor: State of Oregon**
**Judgment Debtor: Nimrod Bennie Howard Taylor**

*State of Oregon vs Nimrod Bennie Howard Taylor, Case No. 20CR44701*

Payees are to be paid as ordered under Monetary Terms.

Money Award total does not include reduced amounts of $300.00 as stated in the individual counts.

The court may increase the total amount owed by adding collection fees and other assessments. These fees and assessments may be added without further notice to the defendant and without further court order.

Subject to amendment of a judgment under ORS 137.107, money required to be paid as a condition of probation remains payable after revocation of probation only if the amount is included in the money award portion of the judgment document, even if the amount is referred to in other parts of the judgment document.

Any financial obligation(s) for conviction(s) of a violation, which is included in the Money Award, creates a judgment lien.

**Payment Schedule**

Payment of the fines, fees, assessments, and/or attorney's fees noted in this and any subsequent Money Award shall be scheduled by the clerk of the court pursuant to ORS 161.675.

Payable to:

**Multnomah County Circuit Court**
**1200 SW First Avenue**
**Portland, Oregon 97204**
**P: 971-274-0545**
**F: http://courts.oregon.gov/multnomah**

Dated the _____ day of _____ Signed: 6/3/2021 03:33 PM _____ , 20 _____

Signed: _____
Amy M. Baggio                    Circuit Court Judge Amy M. Baggio

*Office of the City Attorney 1221 SW 4th Ave - Ste 430 - PDX, OR 97204*

# EXHIBIT TWO



# Multnomah County Sheriff's Office
## Inmate Accounting System
## Account Statement

SWIS ID: 825097    Start Date: 08/13/2020  End Date: 05/17/2022

Name: TAYLOR, NIMROD B          ID Number: 825097    Active: A    Fac/Loc: MCDC 4B08  Hair: BLK   Eyes: BRO

AKA:                          Status: IN      DOB: 04/30/1978    HT: 600    WT: 200    Race: B    Sex: M

Cash:    0.00    Primary Debt: -17.01    Other Funds Owed: 0.00    Self-bail:    0.00    Total Bal: -17.01

| Stamps Charge | 93049 | 03/09/2021 | 04:47 | -2.00 | -41.29 |
| Commissary Order Charge | Order ID 194339 | 03/05/2021 | 07:56 | -0.56 | -39.29 |
| Stamps Charge | 35812 | 03/05/2021 | 05:41 | -2.00 | -38.73 |
| Stamps Charge | 35812 | 03/04/2021 | 05:04 | -2.00 | -36.53 |
| Hearing Fee Charge | 02/17/2021 | 03/03/2021 | 12:43 | -5.00 | -34.53 |
| Commissary Order Charge | Order ID 193754 | 03/02/2021 | 08:30 | -1.99 | -29.53 |
| Stamps Charge | 35812 | 03/02/2021 | 05:34 | -1.80 | -27.54 |
| Stamps Charge | 35812 | 02/24/2021 | 05:53 | -2.00 | -25.74 |
| Commissary Order Charge | Order ID 192602 | 02/23/2021 | 08:28 | -2.22 | -23.74 |
| Commissary Order Charge | Order ID 191241 | 02/16/2021 | 05:59 | -2.58 | -21.52 |
| Stamps Charge | 35812 | 02/10/2021 | 05:02 | -2.20 | -18.94 |
| Commissary Order Charge | Order ID 190533 | 02/09/2021 | 08:21 | -1.58 | -16.74 |
| Hearing Fee Charge | 01/20/2021 | 02/08/2021 | 08:27 | -5.00 | -15.16 |
| Commissary Order Charge | Order ID 189161 | 02/01/2021 | 09:32 | -2.16 | -10.16 |
| Stamps Charge | 35812 | 01/29/2021 | 05:04 | -4.40 | -8.00 |
| Commissary Order Charge | Order ID 188017 | 01/25/2021 | 09:01 | -3.75 | -3.60 |
| Commissary Order Charge | Order ID 176527 | 11/18/2020 | 05:28 | -14.11 | -0.15 |
| Commissary Order Charge | Order ID 176219 | 11/16/2020 | 08:09 | -44.45 | 14.26 |
| Commissary Order Charge | Order ID 176090 | 11/13/2020 | 08:52 | -18.00 | 58.71 |
| Commissary Order Charge | Order ID 175720 | 11/12/2020 | 08:24 | -34.46 | 71.71 |
| Commissary Order Charge | Order ID 174310 | 11/02/2020 | 08:50 | -21.75 | 106.17 |
| Stamps Charge | 35812 | 11/02/2020 | 04:51 | -0.50 | 127.92 |
| Commissary Order Charge | Order ID 174108 | 10/30/2020 | 08:15 | -6.50 | 128.42 |
| Commissary Order Charge | Order ID 173559 | 10/28/2020 | 06:36 | -44.18 | 134.92 |
| Stamps Charge | 35812 | 10/27/2020 | 04:52 | -1.00 | 179.10 |
| Commissary Order Charge | Order ID 173325 | 10/26/2020 | 08:36 | -49.92 | 180.10 |
| Commissary Order Charge | Order ID 172530 | 10/21/2020 | 05:55 | -37.93 | 230.02 |
| Commissary Order Charge | Order ID 172472 | 10/20/2020 | 07:28 | -31.66 | 267.95 |
| Stamps Charge | 35812 | 10/05/2020 | 05:08 | -0.50 | 299.61 |
| TouchPay-Booking Deposit | 73893688 | 09/26/2020 | 16:26 | 300.11 | 300.11 |
| Release Debit Card | 316433 | 08/13/2020 | 15:06 | -27.91 | 0.00 |
| TouchPay-Booking Deposit | 73245644 | 08/13/2020 | 08:10 | 27.91 | 27.91 |

IN = INDIGENT / INDIGENT-ELIGIBLE

## Historical Transactions

| Description | Reference | Post Date | Post Time | Amount |
|---|---|---|---|---|



# Multnomah County Sheriff's Office
## Inmate Accounting System
### Account Statement

SWIS ID: 825097    Start Date: 08/13/2020   End Date: 05/17/2022

Name: TAYLOR, NIMROD B              ID Number: 825097    Active: A    Fac/Loc: MCDC 4B08    Hair: BLK    Eyes: BRO

AKA:                    Status: IN        DOB: 04/30/1978    HT: 600    WT: 200    Race: B    Sex: M

Cash:    0.00    Primary Debt: -17.01    Other Funds Owed: 0.00    Self-bail:    0.00    Total Bal: -17.01

| DESCRIPTION | REFERENCE | POST DATE | POST TIME | AMOUNT | RT AMT |
|---|---|---|---|---|---|
| Printed Acct Statement Charge | 93183 | 05/17/2022 | 00:09 | -2.25 | -17.01 |
| Commissary Order Charge | Order ID 266802 | 05/16/2022 | 06:07 | -34.50 | -14.76 |
| TouchPay-Inmate Deposit | 89620082 | 05/15/2022 | 08:14 | 50.00 | -19.74 |
| Commissary Order Charge | Order ID 266328 | 05/12/2022 | 06:02 | -26.07 | -30.26 |
| Stamps Charge | 93183 | 05/11/2022 | 23:48 | -1.06 | -4.19 |
| TouchPay-Inmate Deposit | 89520928 | 05/11/2022 | 20:19 | 40.00 | -3.13 |
| Hygiene Kit Charge | HYG050922 | 05/09/2022 | 16:39 | -1.95 | -43.13 |
| Release Debit Card | 329751 | 08/23/2021 | 00:15 | -3.09 | -41.18 |
| Hygiene Kit Charge | HYG082021 | 08/20/2021 | 20:49 | -1.95 | -38.09 |
| TouchPay-Booking Deposit | 82017044 | 08/20/2021 | 17:20 | 5.04 | -36.14 |
| Release Debit Card | 329092 | 08/09/2021 | 00:45 | -0.44 | -41.18 |
| TouchPay-Booking Deposit | 81570642 | 08/06/2021 | 17:00 | 0.14 | -41.04 |
| Commissary Order Charge Reversal | Order ID 208327 | 05/21/2021 | 00:00 | 0.42 | -41.18 |
| Commissary Order Charge | Order ID 208327 | 05/20/2021 | 06:39 | -0.42 | -41.60 |
| Commissary Order Charge | Order ID 206728 | 05/17/2021 | 06:42 | -1.52 | -41.18 |
| Stamps Charge | 93049 | 05/13/2021 | 05:18 | -1.53 | -39.66 |
| Commissary Order Charge | Order ID 205017 | 05/06/2021 | 06:59 | -2.88 | -38.13 |
| Commissary Order Charge | Order ID 204389 | 05/03/2021 | 06:41 | -0.14 | -35.25 |
| Hearing Fee Charge | 04/15/2021 | 04/26/2021 | 12:28 | -5.00 | -35.11 |
| Hearing Fee Charge | 04/06/2021 | 04/26/2021 | 12:09 | -5.00 | -30.11 |
| Hearing Fee Charge | 03/23/2021 | 04/26/2021 | 09:52 | -5.00 | -25.11 |
| Commissary Order Charge | Order ID 200349 | 04/13/2021 | 10:22 | -0.20 | -20.11 |
| Commissary Order Charge | Order ID 199219 | 04/06/2021 | 09:24 | -8.51 | -19.91 |
| Commissary Order Charge | Order ID 198701 | 04/02/2021 | 09:37 | -7.71 | -11.40 |
| Adj/Rvs Commissary Order | Order ID 198123 | 03/31/2021 | 09:42 | 0.69 | -3.69 |
| Commissary Order Charge | Order ID 198123 | 03/30/2021 | 09:57 | -15.10 | -4.38 |
| Stamps Charge | 35812 | 03/29/2021 | 04:52 | -0.71 | 10.72 |
| Hearing Fee Charge | 03/09/2021 | 03/25/2021 | 11:07 | -5.00 | 11.43 |
| Stamps Charge | 35812 | 03/22/2021 | 05:12 | -0.51 | 16.43 |
| Commissary Order Charge Reversal | Order ID 196531 | 03/22/2021 | 00:00 | 1.74 | 16.94 |
| Commissary Order Charge | Order ID 196531 | 03/19/2021 | 08:48 | -1.74 | 15.20 |
| TouchPay-Inmate Deposit | 78160812 | 03/17/2021 | 17:04 | 65.00 | 16.94 |
| Stamps Charge | 35812 | 03/17/2021 | 04:49 | -1.02 | -48.06 |
| Stamps Charge | 35812 | 03/16/2021 | 06:05 | -1.40 | -47.04 |
| Stamps Charge | 35812 | 03/16/2021 | 05:41 | -1.42 | -45.64 |
| Stamps Charge | 35812 | 03/15/2021 | 04:59 | -1.02 | -44.22 |
| Commissary Order Charge | Order ID 195440 | 03/12/2021 | 08:03 | -0.14 | -43.20 |
| Commissary Order Charge | Order ID 194876 | 03/09/2021 | 08:23 | -1.77 | -43.06 |

# EXHIBIT THREE

**To:**           SPOONER Shawn C * DOC
**Subject:**      RE: Nimrod Taylor, SID 23849845


**From:** SPOONER Shawn C * DOC ██████████████████████
**Sent:** Thursday, May 25, 2023 3:03 PM
████████████████████; Jennifer List ██████████████
**Cc:** ERICKSON Dianne * DOC ████████████████████
**Subject:** RE: Nimrod Taylor, SID 2384984S

Hello,

Here is a breakdown of Mr. Taylor's sentence calculation:

Pre-sentence Time Served Credit (TSC)
8/13/20 = 1 day
        Recog Release 8/13/20
10/19/20 thru 5/20/21 = 214 days
        Recog Release 5/20/21
5/9/22 to 5/31/22 = 22 days
        Revoke to DOC
For a total of 237 days of pre-sentence TSC

Mr. Taylor has received all time certified by Multnomah County, and he has received all time since admission to DOC to the present day as time towards his DOC sentence, including the time that he was out on re-sentence.

I hope that helps.  Please let me know if I can be of any further assistance.

Thank you,



**Shawn Spooner**
Technical Program Specialist
Correctional Services Division | Offender Information
and 5entence Computation Unit
Oregon Department of Corrections
24499 SW Grahams Ferry Rd, Wilsonville, OR 97070
Phone: S03-570-6925
Fax:    503-570-6904

*Our Vision: A dedicated team of professionals providing
consistent and accurate service to the stakeholders and
customers of OISC.*

    

1



**Oregon**

Tina Kotek, Governor

**Oregon Department of Corrections**
Correctional Services Division
Offender Information and Sentence Computation
24499 SW Grahams Ferry Road
Wilsonville, OR 97070-5670
Voice: 503-570-6919
Fax: 503-570-6904



June 12, 2023

AIC Nimrod Bennie Howard Taylor, SID 23849845     C123A
Deer Ridge Correctional Institution
3920 East Ashwood Road
Madras, OR 97741

RE:     Communication dated May 19, 2023

Dear AIC Taylor:

Your letter to "Administrative Review" and "PTA Salem" dated May 19, 2023, has been forwarded to my office for a response. I understand that you feel that your Projected Release Date (PRD) has been calculated incorrectly, and that you are not receiving all time served credit (TSC) from Multnomah County Jail.

On May 28, 2021, you were sentenced to 36 months' probation for Burglary II in Multnomah County case number 20CR44701, count 6. On May 26, 2022, your probation was revoked, and you were sentenced to 35 months in Oregon Department of Corrections (ODOC) custody.

Upon arrival to ODOC custody, the following dates were certified as TSC by Multnomah County Jail, and were applied to your sentence:
    8/13/2020 - 8/13/2020 = 1 day
        You were released pursuant to a release order on August 13, 2020.
    10/19/2020 - 5/20/2021 = 214 days
        The court ordered your release on this case on May 20, 2021.
    5/9/2022 - 5/31/2022 = 22 days
        You arrived to ODOC custody on May 31, 2022.
    For a total of 237 days.

After all TSC was applied, a PRD of February 4, 2024, was established.

Pursuant to Oregon Revised Statute (ORS) 137.370(2)(a)(A), a person may only receive credit towards a sentence for the time that person was held for "the crime for which sentence is imposed". It appears that you believe that you may have been held for additional dates for other crimes; however, pursuant to the previously mentioned statute, these would be different crimes or cases than the

sentence that was imposed on Multnomah County case number 20CR44701, count 6, and therefore may not be credited towards that case unless that same time period is also certified for that case by the Multnomah County jail.

On July 14, 2022, the Offender Information and Sentence Computation (OISC) Unit received a response from the Multnomah County Jail regarding an ODOC form, CD1681 "Request for Credit for Time Served", stating that you were not held on any additional dates on Multnomah County case number 20CR44701.

On April 20, 2023, you were released back to the Multnomah County Jail for re-sentencing on Multnomah County case number 20CR44701. On April 28, 2023, you were re-sentenced on Multnomah County case number 20CR44701, count 6, to 35 months in ODOC custody.

When you returned to ODOC custody from re-sentencing on May 2, 2023, Multnomah County jail certified the 237 days from your original sentencing, as well as the dates that you were in their custody for re-sentencing:

    4/21/2023 to 5/2/2023 = 11 days

After applying all prior TSC, prior time in ODOC custody, new re-sentence TSC, and Earned Time Credits (ETC), a new PRD of February 5, 2024, was established, as detailed in prior communications.

As explained in prior communications, the reason for the one-day difference between original PRD and the re-sentencing PRD is because of the actual number of days (28 – 31) that falls in the months that a sentence encompasses. The October 9, 2023 date is not your release date. It is your preliminary start date for your short-term transitional leave. Your PRD of February 5, 2024 is correct, and has been calculated according to all applicable rules and statutes.

Sincerely,

Tasha Petersen
OISC Administrator

TP: ss

cc: AIC Files

Mr. Taylor in Q225A

### This section will be filled out during your interview, leave it blank for now

You were seen on this date: _____ 5/15 _____ by **Counselor Andretti** _____

Your **Prison Term Analyst** is: _____ McCool _____, contact them at **OISC** if you have questions about your release date, earned time, detainers and AIP language in your judgment order.

Your **earned time rate** is: _____ 20 / _____ You are receiving _____ 713 days _____ as **credit for time served**.

You will have _____ 25 months _____ **post-prison supervision**.

Your **county of release** appears to be _____ MULTNOMAH _____. Work with your release counselor for county waiver and interstate compact requests.

Your **projected release date** with earned time is _____ 2/5/24 _____ w/o ET _____ 4/18/24 _____ (max date).

You are **eligible for AIP placement between** _____ . There is no guarantee you will get a bed. AIP is voluntary, you can decline w/o losing time.

You are **eligible for treatment on** _____ however if your acrs score is under 10 % you might be denied placement. Declining treatment if offered will result in possible loss of earned time and STTL ineligibility. Make an informed choice.

You are **eligible for Short Term Trans-leave** starting on _____ 10/9/23 _____. To be considered you must be minimum custody at the time of eligibility. You might not get the full STTL amount (120 days starting January 2018).

As per your ACRS score, there is a _____ 21 _____ % probability you might re-offend after your release and possibly return to prison within 3 years of your release. **It is however a matter of personal choice**...ACRS score will also determine what level of services you will get at your receiving institution.

Your **custody level** is _____ Minimum 2 _____.

- **Remember that dates given at intake are subject to change as more information is received by your PTA.**

(DRCH)

### Housing Recommendations (w/understanding that ultimately bed spaces will take precedent over any recommendations, including possible temporarily medium custody placement if minimums are full):

**If you are still here after this date** _____ 5/25/23 _____ **PLEASE KYTE ME, THANKS!**

# EXHIBIT FOUR



## OREGON DEPARTMENT OF CORRECTIONS
### AIC COMMUNICATION FORM

TO: PTA McCool                    Date: 5/15/2023

State your issue in detail: THIS LETTER IS TO INFORM YOU THAT AS OF
RIGHT NOW I HAVE OBTAINED LEGAL COUNSEL AND I HAVE
SINCE LAST YEAR BEEN COMPLAINING TO YOU THAT MY RELEASE
DATE IS WRONG, YOU CONTINUE TO IGNORE ME BECAUSE OF
YOUR MISPLACED PRIDE IN WHICH YOU CANT BE WRONG, OR AND BECAUSE
OF DELIBERATE INDIFFERE . I WAS ARRESTED 8-13-2020
FOR 1 DAY BOOKED AND RELEASED, THEN THE FOLLOWING MONTH I
WAS ARRESTED @ 9-20-2020 AND STAYED IN JAIL FROM TO 5-20-2021
THATS 8 MONTHS , I WAS RELEASED AND VIOLATED FOR 3 WEEKENDS
FRIDAY - MONDAY MORNING THATS 9 DAYS THEREOF THEN I
WAS PROBATION REVOKED ON 5-9-2022 AND IVE BEEN IN PRISON
SINCE THATS 365 PLUS 9 DAYS = 365 + 149 + 254
8 months + 12 months IS 20 months my release date was 10-8-2023
How can my release date go up by 1 day if I went to court and had 11 months removed

AIC Committed Name (first middle last)        SID#              Housing Unit
TAYLOR, NIMROD                                235449845         Q - 222

Response/Action Taken:
Please see the attached memo
dated 5-16-23. Thank you

Date Received: _____  Referred To*: _____

Date Answered: 5-16-23          Signature of Staff Member: _____
*If forwarded, please notify the AIC

CD 214 (02/2020)

**OREGON DEPARTMENT OF CORRECTIONS**
*OFFENDER INFORMATION AND SENTENCE COMPUTATION*

**INTEROFFICE MEMORANDUM**

**Date:** 05/16/23

| | |
|---|---|
| **To:** | Taylor, Nimrod Bennie Howard  SID/23849845 |
| **From:** | Joe McCool, Prison Term Analyst |
| **Subject:** | Communications dated 05/15/23 |

This memo is in response to the communications sent 05/15/23 regarding the one-day difference in your projected release date after returning from re-sentencing.

OISC is authorized by Oregon Revised Statute (ORS) and Oregon Administrative Rule (OAR) to calculate prison sentences. OISC calculated your sentence in accordance with ORS 137.370, which governs your sentence begin date. ORS 137.370 states:

> (1) When a person is sentenced to imprisonment in the custody of the Department of Corrections, the term of confinement therein commences from the day the person is delivered to the custody of an officer of the Department of Corrections for the purpose of serving the sentence executed.

You may also review OAR 291-100 for reference.

Therefore, after re-sentencing, your 35m sentence has been calculated beginning 05/02/23, the date you admitted to the Department of Corrections (DOC), minus applicable credit for time served.

OISC applied credit for time served as follows:

Pre-Sentence time served credit certified by Multnomah County = 08/13/20 – 08/13/20 =1
10/19/20 – 05/20/21 =214
05/09/22 to 05/31/22=22
Total = 237d

Earned time on Pre-Sentence time served credit = 59d
DOC time in custody prior to re-sentencing – 5/31/22 – 04/20/23 =324d
Earned time on DOC time in custody = 82d
Out to Court time on re-sentence -- 04/21/23 to 05/02/23 = 11d ET=Y

Total TSC = 702 ET=N / 11 ET=Y

The calculation is done by taking your begin date, adding the number of months ordered by the court, and subtracting the credit for time served, to get the PRD. Below is a summary of your sentence calculation.



# OREGON DEPARTMENT OF CORRECTIONS
## AIC COMMUNICATION FORM

TO: _COFFEE CREEK WARDEN_ Date: _5-18-2023_

State your issue in detail: _THIS LETTER IS TO MAKE YOU EFFECTIVELY AWARE THAT I HAVE REPEATEDLY SINCE LAST YEAR TRIED TO DEMONSTRATE TO P.T.A MC.COOL THAT MY TIME IS WRONG AND NOT CALCULATED RIGHT, BEFORE I WENT TO COURT FOR RESENTENCING TO HAVE TIME "REMOVED" FOR BEING OVER SENTENCED. MY RELEASE DATE WAS 10-8-2023 So HOW CAN MY RELEASE DATE BE A DAY LONGER IF I HAD TIME "REMOVED" FROM MY SENTENCE. I HAVE REPEATEDLY SINCE LAST YEAR TRIED TO UTILIZE GRIEVANCES AND AIC COMMUNICATION, AND NOW MC Cool "ADDS" A DAY ON TOP OF THE WRONG SENTENCE SO NOW ITS 10-9-2023. THIS LEAVE ME WITH NO OTHER OPTION BUT TO FILE A LAWSUIT I HAVE NOW ACQUIRED A ATTORNEY, FOR THE UMPTEENTH TIME I ASK PLEASE HELP_

| AIC Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| TAYLOR , N | 23849845 | Q22S |

Response/Action Taken: _____

_Please see the attached communication dated 5-16-23. Thank you_

Date Received: _____ Referred To*: _____

Date Answered: _5-16-23_ Signature of Staff Member: _JM_

*If forwarded, please notify the AIC

CD 214 (02/2020)



## OREGON DEPARTMENT OF CORRECTIONS
### AIC COMMUNICATION FORM

TO: WARDEN OF OISC                    Date: 5 - 15 - 2023

State your issue in detail: ~~MY CASE MANAGER CLAIMS SAYS 25 MONTHS~~ ~~RECEIVED TO BURGLARY MONTHS~~ ~~CODE IS~~ PUTPAE IN THE SYSTEM FOR 8 MONTHS ALSO I JUST GOT BACKFROM COURT ON A RESENTENCING IN WHICH 11 MONTHS WAS TAKEN OFF OF MY TIME BEFORE I WENT TO COURT MY RELEASE DATE WAS OCTOBER 8TH 2023 NOW AFTER IVE COME BACK MY RELEASE DATE IS OCTOBER 9TH 2025 HOW CAN MY RELEASE DATE BE LONGER IF I WENT FOR TIME REDUCTION "THINK" SECOND THE 1ST RELEASE DATE IS WRONG ANYWAY BY OVER A MONTH I HAVE REPEATEDLY TRIED TO EXPLAIN THIS TO PTA MC____ BUT BECAUSE OF HIS OR HER PRIDE THEY REFUSE TO ADMIT THEIR WRONG I HAVE NOW OBTAINED A ATTORNEY I WILL HAVE NO OTHER OPTION BUT TO FILE A LAWSUIT FOR RELIEF PLEASE HELP

| AIC Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| TAYLOR, NIMROD | 23849845 | Q-22S |

Response/Action Taken:

Please see the attached memo dated 5-16-23. Thank you.

Date Received: _____  Referred To*: _____

Date Answered: 5-16-23  Signature of Staff Member: _____
*If forwarded, please notify the AIC

CD 214 (02/2020)



# OREGON DEPARTMENT OF CORRECTIONS
## AIC COMMUNICATION FORM

TO: COMPUTATION          Date: _____-2023

State your issue in detail: I WANT A COPY OF MY FACESHEET FOR CAQT SO I CAN SHOW HOW MY RELEASE DATE WAS 10-8-2023 AND HOW I WENT TO CAQT FOR SENTENCING REDUCTION AND CAME BACK AND NOW MY RELEASE DATE IS 10-9-2023 HOW CAN MY RELEASE DATE BE LONGER IF MY TIME WAS REDUCED. I HAVE REPEATEDLY ASKED FOR A COPY OF MY FACE SHEET IT SEEMS YOU ARE DENYING ME BECAUSE YOU KNOW YOUR WRONG AND YOU GUYS HAVE BEEN DOING THIS TO MANY OTHER PEOPLE AND DON'T WANT PEOPLE GOING TO COURT. I HAVE A LAWYER AND I WILL PURSUE THIS IN CAQT IF I HAVE TO PLEASE STOP DENYING ME A FACE SHEET ___

AIC Committed Name (first middle last)
TAYLOR

FORWARD TO: DRCI Minimum
Taylor, Nimrod Bennie Howard  23849845
3920 E Ashwood Road
Madras, OR 97741
Oregon Department of Corrections. 1-19-2023

CRCN
C123A

Response/Action Taken: Please see the attached memo, dated 5-16-23. Thank you.

Taylor, Nimrod Benni **C123A**
23849845
**DRCM**
Oregon Department of Corrections.

Date Received: _____          Referred To*: _____

Date Answered: 5/6/23          Signature of Staff Member: _____

*If forwarded, please notify the AIC

CD 214 (02/2020)



# OREGON DEPARTMENT OF CORRECTIONS
## AIC COMMUNICATION FORM

TO: _ADMINISTRATIVE REVIEW_ Date: _5/19/2023_

State your issue in detail: _THERE ARE A LOT OF PROBLEMS WITH MY RELEASE DATE AND I AM REQUESTING AN ADMINISTRATIVE REVIEW AS IS MY RIGHT_

_MY GOAL IS TO PROVIDE UNDENIABLE EVIDENCE THAT I WAS IN JAIL IN MULTNOMAH COUNTY DURING THE TIME BETWEEN AUGUST 13 2020 TO MAY 20 2021, I ALSO WOULD LIKE TO DISCUSS SEVERAL OTHER ISSUES. MY RELEASE DATE IS NOW 10-9-2023 AND ITS OVER A MONTH MORE THAN I SHOULD BE DOING. THIS IS MY LAST DITCH EFFORT TO EXHAUST INSTITUTIONAL REMEDIES AS ALL GRIEVANCE HAVE BEEN FUTILE, NEXT WILL BE COURT_

AIC Committed Name (first middle last)   SID#   Housing Unit
_TAYLOR, N_   _23849845_   _C-123-A_

Response/Action Taken: _Please see attached memo dated 6/12/2023_

Date Received: _____ Referred To*: _____

Date Answered: _____ Signature of Staff Member: _____
*If forwarded, please notify the AIC

CD 214 (02/2020)

## OREGON DEPARTMENT OF CORRECTIONS

### AIC COMMUNICATION FORM

TO: OISC                                    Date: 6/22/2022

State your issue in detail: I Have not been given my actual time I did in Multnomah county jail From May 9th 2022 – May 31st 2022, This is the time I did when I Violated probation/parole S.TA.R.T court program, I was also never given the "good time". 25% credit for this time, all this is time for the same charge 20CR44701/02. I did 237 days actual time from 9-26-2020 - 5-21-2021, I was released to S.TA.R.T court and then I violated probation on 5-9-2022 and stayed in county jail until 5-31-2022 and went to Coffee Creek after I was Sentenced for probation violation, I NEVER got any of that actual time or good time, for the 25 days from 5/9/2022 – 5/31/2022
Here's a breakdown of how you calculated my sentence → 05/31/22 (begin date) + 35m (sentence length) – 237 (actual day per day time served in county jail from 9/26/2020 – 5/21/2021 = 09/64/24 (my max date) 237 x .25 = 59 days earned credit = 07/67/24 (earned date), leaving 768 days left. 768 x .20 = 154 (max earn time credit possible) = 02/64/24, TL eligible = 10/8/23 but you guys left out time between 5/9/22 - 5/31/2022

| AIC Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| NIMROD B.H. TAYLOR | 23849845 | B-102-B |

Response/Action Taken: You are receiving credit for the following dates:
5-9-22 – 5-31-22 = 22d
8-6-21 – 8-9-21 = 0 - serving fed sentence in count oc
10-19-20 – 5-20-21 = 214d
8-13-20 – 8-13-20 = 1
                    Total 237
If you think you were held on additional dates you will need to complete a form 1681.

Date Received: _____    Referred To*: _____

Date Answered: 6-23-22    Signature of Staff Member: JM

*If forwarded, please notify the AIC

CD 214 (02/2020)

Page: ___ of ___ (3 page limit)    Grievance # CCIC-2022-07-013    Resubmit
Case 3:23-cv-01039-AN    Document 1    Filed 07/17/23    Page 92 of 129
Official Use Only

# GRIEVANCE FORM

Name: TAYLOR          B          23849845          107-B-B
      Last      First      Initial      SID#        Cell/Block/Bunk #

Whom are you grieving: COMPUTATION / OISC / TIME CREDIT

Please provide the date/time of incident giving rise to grievance: 7-1-2022

List in detail all the reasons for your grievance. (What is the problem? When did it happen – date/time/place?) Attach copies of any documents or any material(s), which support your grievance, including the names of any persons you think should be questioned.

ON 7-1-2022 I WAS GIVEN A COMMUNICATION FORM FROM OISC WHICH STATES THAT MY TIME CALCULATION FOR CASE 20CR4 701 IS OCTOBER 19TH 2020 - 5/20/2021 PLEASE UNDERSTAND THAT THIS IS NOT CORRECT. IM CHARGED WITH A BURGLARY II WHICH I GOT ON 8-13-2020 AND A ASSAULT I I GOT ON 9/26/2020. BOTH THESE CASES ARE CONCURRENT. THAT MEANS ANYTIME I DID OR DONE IN JAIL OR PRISON COUNTS ON AND TOWARDS THESE CHARGES, AS THE "ATTACHED EXHIBIT PAGES" WILL SHOW WHICH IS MULTNOMAH COUNTY JAIL ACCOUNT STATEMENT, I WAS ARRESTED ON 8-13-2020 let out ON THE BURGLARY 2 CHARGE, THEN ARRESTED ON 9/26/2020 FOR THE ASSAULT 2 CHARGE STAYED IN JAIL UNTIL I TOOK THE DEAL FOR "START COURT PROG." I WAS LET OUT ON 5/20/2021, I TESTED DIRTY AND VIOLATED 8/6/2021 - 8/9/2021 AND AGAIN ON 8/20/2021 - 8/23/2021 AND THEN HAD MY PROBATION REVOKED ON 5/9/2022

Describe what action you want taken to resolve the grievance. (How can the problem be solved?)

I AM ENTITLED TO ALL TIME CREDIT FOR TIME I DID ALL ON THIS CASE 20CR4470 1 WHICH IS 1 DAY FOR 8/13/2020, 237 DAYS FOR 9/26/2020 - 5/20/2021 and 8 DAYS FOR 8/6/21 - 8/9/21 and 8/20/21 - 8/23/21 plus 5/9/21 - 5/31/21 WHICH IS 22 DAYS, plus good time on this 268 days

Date: 7/1/2022                    Signature: _____

| Receiving Facility (If not processing facility) | Received at Processing Facility | Accepted/Denied/RFC | Accepted/Denied/RFC |
|---|---|---|---|
| | RECEIVED JUL 0 6 2022 CCCF GRIEVANCE OFFICE | ACCEPTED JUL 1 4 2022 CCCF GRIEVANCE OFFICE | |
| Date Stamp | Date Stamp | Date Stamp | Date Stamp |

( EXHIBIT U )

Page: ___ of ___ (3 page limit)    Grievance # SG16-2022-07-013    Resubmit

Official Use Only

## GRIEVANCE FORM

Name: **TAYLOR**                    **B**        **23849845**        **107-B-B**

Last            First            Initial        SID#            Cell/Block/Bunk #

Whom are you grieving: COMPUTATION / OISC / TIME CREDIT

Please provide the date/time of incident giving rise to grievance: 7-1-2022

List in detail all the reasons for your grievance. (What is the problem? When did it happen – date/time/place?) Attach copies of any documents or any material(s), which support your grievance, including the names of any persons you think should be questioned.

ON 7-1-2022 I WAS GIVEN A COMMUNICATION FORM FROM OISC
WHICH STATES THAT MY TIME CALCULATION FOR CASE 20C44
701 IS OCTOBER 19TH 2020 – 5/20/2021 PLEASE UNDERSTAND THAT
THIS IS NOT CORRECT, I'M CHARGED WITH A BURGLARY II WHICH I GOT
ON 8-13-2020 AND A ASSAULT II I GOT ON 9/26/2020. BOTH THESE CASES ARE CON-
CURRENT. THAT MEANS ANY TIME I DID OR DONE IN JAIL OR PRISON COUNTS ON
AND TOWARDS THESE CHARGES. AS THE "ATTACHED EXHIBIT PAGES" WILL SHOW
WHICH IS MULTNOMAH COUNTY JAIL ACCOUNT STATEMENT. I WAS ARRESTED ON
8-13-2020 LET OUT ON THE BURGLARY 2 CHARGE, THEN ARRESTED ON 9/26/2020 FOR THE
ASSAULT 2 CHARGE STAYED IN JAIL UNTIL I TOOK THE DEAL FOR "START COURT PROG."
I WAS LET OUT ON 5/20/2021, I TESTED DIRTY AND VIOLATED 8/6/2021 – 8/9/2021 AND AGAIN
ON 8/20/2021 – 8/23/2021 AND THEN HAD MY PROBATION REVOKED ON 5/9/2022

Describe what action you want taken to resolve the grievance. (How can the problem be solved?)

I AM ENTITLED TO ALL TIME CREDIT FOR TIME I DID ALL ON THIS CASE 20CR44701
WHICH IS 1 DAY FOR 8/13/2020, 237 DAYS FOR 9/26/2020 – 5/20/2021 and 8 DAYS FOR 8/6/21
– 8/9/21 and 8/20/21 – 8/23/21 plus 5/9/21 – 5/31/21 WHICH IS 22 DAYS, plus good time on this 268 days

7/1/2022
Date

Signature

| Receiving Facility (If not processing facility) | Received at Processing Facility | Accepted/Denied/RFC | Accepted/Denied/RFC |
|---|---|---|---|
| | RECEIVED | ACCEPTED | |
| | JUL 0 6 2022 | JUL 1 4 2022 | |
| Date Stamp | CCCF GRIEVANCE OFFICE Date Stamp | CCCF GRIEVANCE OFFICE Date Stamp | Date Stamp |

**GRIEVANCE INFORMATION**

(OAR Division 109 may be reviewed in its entirety in your legal library)

**291-109-0205 - Grievance and Appeal Timelines**

(1) Grievances must be received by the institution grievance coordinator or designee within 14 calendar days from the date of the incident or issue being grieved, unless the AIC can satisfactorily demonstrate why the grievance could not be timely filed. Untimely grievances will be denied and returned to the AIC with a statement of the rule.

(2) A grievance response will be sent to the AIC within 35 calendar days from the date the grievance was accepted by the institution grievance coordinator, unless further review is necessary to fully respond to the AIC's grievance, in which case the AIC will be notified that the department will respond within an additional 14 calendar days.

**291-109-0210 - Permissible Grievance Issues**

(1) An AIC may only request review of one matter, action, or incident per grievance.
   (a) If multiple staff or functional units are involved in a single incident, each should be included in a single grievance and one grievance response will be prepared from the most appropriate individual at the discretion of the institution grievance coordinator.

(3) An AIC may file a single grievance concerning any incident or issue regarding institutional life that directly and personally affects that AIC, including but not limited to:
   (a) Misapplication of departmental policies, rules, or other directives;
   (b) Unprofessional actions of department employees, volunteers, or contractors;
   (c) Inadequate medical or mental health treatment;
   (d) Sexual abuse or sexual harassment; and
   (e) Excessive use of force by department employees.

(4) An AIC cannot grieve the following:
   (a) Any matter that does not directly and personally affect the AIC;
   (b) Any matter in which the AIC lacks personal knowledge of the incident or issue;
   (c) Any matter that is outside of the jurisdiction of the department (for example, actions by the Board of Parole and Post-Prison Supervision);
   (d) Any matter that may be reviewed through a separate review process under the Department's rules. Examples include, but are not limited to, the review processes set out in the following Department rules: (See rule 109 for details)
   (e) Daily fails as defined in the DOC rule on Performance Recognition and Award System - (OAR 291-077-0033);
   (f) Conduct orders, investigations leading to a conduct order, or conduct order sanction(s);
   (g) Misconduct reports, investigations leading to or arising from misconduct reports, or disciplinary hearings, findings, and sanctions;
   (h) Claims or issues the AIC has pursued or is pursuing in pending litigation in state or federal courts;
   (i) Group grievances representing other AICs, or acts where an AIC is a spokesperson for other AICs; and
   (j) The processing of or response to grievances, grievance appeals, discrimination complaints, discrimination complaint appeals or other separate review processes.

**291-109-0225 - Grievance and Appeals General Processing Standards**

(1) The institution grievance coordinator shall date stamp the grievance form or appeal upon receipt. After the form has been date stamped and recorded, the AIC will be issued a return receipt, and if accepted, the grievance or grievance appeal will be forwarded to the appropriate staff or manager for review and response.

(2) Grievances and grievance appeals returned for correction:
   (a) An AIC may elect to resubmit a grievance or grievance appeal that has been returned for correction to the AIC because it does not comply with these rules.
   (b) The grievance or grievance appeal may only be resubmitted twice and must be received by the institution grievance coordinator within 14 calendar days from when the grievance or grievance appeal was originally returned to the AIC.
   (c) If rewritten, the return receipt and original grievance or grievance appeal must also be attached.

(4) An AIC may withdraw a grievance by submitting a written request to the institution grievance coordinator at any time during the grievance process. Grievances that have been withdrawn may only be reopened upon written request, at the discretion of the institution grievance coordinator.



**GRIEVANCE RESPONSE FORM**

<u>TO BE FILLED OUT BY STAFF</u>                                          Grievance #: CCIC-2022-07-013

TO: Taylor,Nimrod Bennie                    17804647
    Name of grievant                          SID #

FROM: Joe McCool                      Prison Term Analyst
      Name of respondent                   Title

List, in detail, action(s) taken. (What action was taken? Was the action what the AIC requested? If not, why? Who took the action? When was the action taken – date/time?)

You indicate in the above Grievance # CCIC-2022-07-013 that you should be receiving more than 237 days of time served credit on Multnomah County Case 20CR44701/06. You also indicate that there was another case you were held on and that Case 20CR44701/06 should be granted credit from that case, due to concurrent language.

If one sentence is ordered to be served concurrent to another it means that both sentences can be served at the same time, after they have been sentenced. It does not mean that they will receive the same amount of credit for time held prior to conviction. You can only receive credit toward Case 20CR44701/06 for time that you were in custody on that specific case/count, certified by Multnomah County Jail. Furthermore, you are not eligible to receive credit if you were serving a previously imposed sentence for another count. Multnomah County certified you served a sentence for Case 20CR44701/02 from 8/06/21 – 08/09/21.

DOC can only grant time certified by the County. Multnomah County certified you were held in physical custody on Case 20CR44701/06 for the following dates: 05/09/22 – 05/31/22 = 22d, 08/06/21 – 08/09/21 = 0 (serving previously imposed sentence) 10/19/20 – 05/20/21 = 214 and 08/13/20 – 08/13/20 =1. You are receiving a total of 237 days of credit on Case 20CR44701/06.

Time served credit has been accurately applied to Case 20CR44701/06 based on the information provided by Multnomah County.

**Do not type past this line**

07/15/22                              Page 1 of  1            Joe McCool   Digitally signed by Joe McCool
_____                                                                Date: 2022.07.15 12:31:57
Date:                                                                      -07'00'

                                                             Signature of Staff Member

                                                             Stacy Hofmann   Digitally signed by Stacy Hofmann
                                                                            Date: 2022.07.15 12:52:19 -07'00'

| Receiving Facility (if not processing facility) | Received at Processing Facility | Sent to AIC |
|---|---|---|
| | ACCEPTED | SENT |
| | JUL 15 2022 | JUL 15 2022 |
| Date Stamp | CCCF GRIEVANCE OFFICE Date Stamp | CCCF GRIEVANCE OFFICE Date Stamp |

Signature of Supervisor (Print/Sign)

Distribution:
White (Original grievance response form)

CD117B (10/19)

( EXHIBIT U2 )

# EXHIBIT FIVE

Nimrod Taylor, ID #23849845
Deercreek Ridge
3920 East Ashwood Road
Madras, Oregon 97741


Hi Mr. Taylor,

I hope you are doing well today. I have further investigated your issue. You will likely be disappointed in the analysis below. I know I would have much more enjoyed writing you a letter saying that you were due to get out earlier!

DOC's response:

> #20CR53116, is a local control sentence and was not calculated by DOC. His DOC sentence is 20CR44701. On this sentence, he was not in custody on this case from 09/26/2020 to 10/19/2020 as certified by the Multnomah County jail. Because of this, he would not receive this time toward his sentence.

> For your next question, if a person is transported from DOC custody to a county jail for court, the DOC sentence would still run as long as the person remained in custody. For Mr. Taylor, it looks like he was returned to the county because of an appellate judgment. Once he was resentenced and transported to DOC custody, his calculation would start from his new admission date, 05/02/2023. The time in custody prior would be entered as time served credits. Since the actual number of days in a month varies (28 – 31 days), the new calculation of the new PRD with the new begin date can also vary. This would be the explanation of a one day change in Mr. Taylor's PRD.

When we spoke, I thought you were saying you did not get credit on the #20cr31116 case which did not make sense as I thought you should have been done with it.

In any event, I think your question is why are you not getting credit on 20cr44701 from 9-29- to 10-19-20 -- you cannot get credit on a case – 20cr44701 -- when you are not booked on it. You can only get concurrent time if you are booked at the same time on both cases – not at separate times.

You will see from the attached documents that you were released on the #701 case and given a release agreement for arraignment in October 2020. You were then booked on 10.19.20 on the #701 case – per the attached order and MCSO time calculation. See also at the attached April 28, 2023, judgment authorizing all credits – for which you can receive (must be booked on the case to get credits). Even if in custody on another case and they are later "globally resolved," you must be "BOOKED" to get credit.

We are happy to assist you with this issue. Unfortunately, there is nothing further we can do. I wish you good luck in the future and I really wish there had been an issue which would have allowed for earlier release. I am sorry for the unfortunate news and do wish you the best going forward!

Best,

Jennifer List

## IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR MULTNOMAH COUNTY

Verified Correct Copy of Original 4/28/2023

STATE OF OREGON,

             Plaintiff,

v.

Nimrod Bennie Howard Taylor

             Defendant.

) Circuit Court No. 20CR44701
) District Attorney No 2410114-1A
)
)    Amended
) ■ JUDGMENT REVOKING PROBATION
)   JUDGMENT CONTINUING PROBATION
)   ORDER _____

Date of Proceeding: 04/28/2023

Dist. Atty Megan Irinaga      Bar No. 202895

Def. Atty Jennifer List      Bar No. 106252

Probation Judge: Rees      Probation Officer Maria Randall

Defendant knowingly waived the right to an attorney.    Custody Status:  ■ In   Out

■ **FINAL ORDER or JUDGMENT**

    The Court finds the defendant NOT in violation and probation is continued.

    ■ The Court finds the defendant IN willful violation of probation by ■ stipulation or by   finding after a contested hearing on the following basis:

_____

_____

**The Court orders the following disposition regarding probation on each of the following counts:**

Count No. 2    **Charge:** Assault IV    Continued;   Extended _____ ■ Revoked; Grid ____ PPS____

12 months jail. All 936 credits. Concccurent to Count 6.

*Defendant shall receive presentence incarceration credits pursuant to ORS 137.370(4).*

Count No. 6    **Charge:** Burglary II    Continued;   Extended _____ ■ Revoked; Grid 8B PPS 25 mos

35 months DOC. All 936 credits

*Defendant shall receive presentence incarceration credits pursuant to ORS 137.370(4).*

Count No._____    **Charge:**_____    Continued;   Extended _____ Revoked; Grid ____ PPS____

_____

_____

**ORDER:** _____

**MONEY AWARD:**   Other: _____

IT IS ORDERED AND ADJUDGED THAT ANY FINANCIAL OBLIGATION IMPOSED HEREIN SHALL BE A MONEY AWARD AND CREATES A JUDGMENT LIEN

**INCARCERATION OPTIONS:** (Check a box below if imposing 10 or more days jail or prison)

■ Applies to all Counts;   Applies to Count _____

**DEPT OF CORRECTIONS**

Defendant ■ *MAY*   *MAY NOT* be considered by the executing or releasing authority for any form of temporary leave, release, or non-AIP reduction in sentence as specified in ORS 137.750.    **Exceptions:** Defendant is eligible for Good Time,  Other _____

AIP- ■ Defendant may be considered for alternative incarceration programs and early release on post-prison supervision under ORS 421.508(4) following successful completion of an alternative incarceration program. Basis for eligibility  X By stipulation   By findings stated on the record. The court recommends   Summit;   New Directions;   Turning Point,   Other. _____

**JAIL**

Defendant X *MAY*   *MAY NOT* be considered by the supervisory authority for any form of alternative sanction authorized by ORS 423.478.

* **Basis for ineligibility:**   By stipulation   Substantial and compelling reasons: _____

    Def is eligible for Good/Work Time ONLY

Dated: 4/28/2023   Judge (Signature) _____ / Name of Judge (printed) David Rees

23-36 (6/1/2022)



## MULTNOMAH COUNTY SHERIFF'S OFFICE
*Sheriff Nicole Morrisey O'Donnell*

### STATEMENT OF CUSTODY - Specific case/count

**Name:** Taylor, Nimrod Bennie          **DOB:** 4/30/1978
**SID:** _____          **SWIS:** 825097

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

The above-named defendant was in the custody of the Multnomah County Sheriff's Office
for the listed case/count(s) on the following dates.
A specific count must be listed unless dates shown are for all counts concurrently on the specified case.

CASE NO:   20CR44701 _____     COUNT:2,6
CHARGES:   Assslt IV, Burg II _____

▶ This Statement does not include time served while in the custody of any other agency.
▶ These dates may or may not be included as credit towards a court-ordered sentence.

| Begin Date | End Date | Sentence | | TSI | |
|---|---|---|---|---|---|
| 4/20/2023 | 5/2/2023 | Yes X | No | Yes | No X |
| Comments | To OR DOC | | | | |
| 5/9/2022 | 5/31/2022 | Yes X | No | Yes | No X |
| Comments | To OR DOC | | | | |
| 8/11/2021 | 8/23/2021 | Yes X | No | Yes | No X |
| Comments | Ct 2 ONLY | | | | |
| 8/6/2021 | 8/9/2021 | Yes X | No | Yes X | No |
| Comments | | | | | |
| 10/19/2020 | 5/20/2020 | Yes | No X | Yes | No X |
| Comments | | | | | |
| 8/13/2020 | 8/13/2020 | Yes | No X | Yes | No X |
| Comments | | | | | |

By:   **DMY** _____     93087 _____     5/19/2023 _____
      MCSO RECORDS TECHNICIAN        DPSST              **DATE**

SEE ECOURT PRINTOUT BELOW

Skip to Main Content Logout My Account Search Menu Search Criminal, Traffic and Parking Case Records Refine Search Back Location : All Locations  Images Help

## REGISTER OF ACTIONS

### CASE NO. 20CR44701

| | | |
|---|---|---|
| **State of Oregon vs Nimrod Bennie Howard Taylor** | § § § § § § § | Case Type: **Offense Felony** |
| | | Date Filed: **08/14/2020** |
| | | Location: **Multnomah** |
| | | Booking Number: **1506930** |
| | | District Attorney Number: **2425951-1A** |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **Defendant Taylor, Nimrod Bennie Howard** *Also Known As* **Taylor, Nimrod Bennie** 650 NW Irving Street Portland, OR 97209 SID: OR23849845 Other Agency Numbers 825097 Multnomah County Sheriff | Male Black DOB: 1978 5' 11", 200 lbs | **Attorneys** **Jennifer Forman List** *Court Appointed* 503 225-9100(W) ~~Alicia L Hercher~~ ~~*Court Appointed*~~ ~~503 305-5348(W)~~ ~~Christopher N Behre~~ ~~*Court Appointed*~~ ~~503 225-9100(W)~~ |

3

~~Grant Hartley~~
*~~Court Appointed~~*
~~503 225 9100(W)~~

~~Harry R Carson~~
*~~Court Appointed~~*
~~503 225 9100(W)~~

~~JANE FOX~~
*~~Court Appointed~~*
~~971 274 0500(W)~~

~~Morgan~~
~~McKenzie~~
~~Dethman~~
*~~Retained~~*
~~503 225 9100(W)~~

~~Rachel Philips~~
*~~Court Appointed~~*
~~503 575 7062(W)~~

~~Stephanie Damon~~
~~Moore~~
*~~Court Appointed~~*
~~503 273 1333(W)~~

**Plaintiff    State of Oregon**

**Megan Irinaga**
503 988-5852(W)

Channa C Newell
503 988-5315(W)

MUL DA
EXHIBITS

Quinn E Zemel
503 988-3162(W)

4

Sean Patrick
Hughey
503 988-3162(W)

Theresa R Turner
503 988-5826(W)

Todd T Jackson
503 988-3162(W)

---

## CHARGE INFORMATION

| Charges: Taylor, Nimrod Bennie Howard | Statute | Level | Date |
|---|---|---|---|
| 1. Burglary in the First Degree | 164.225 | Felony Class A | 08/13/2020 |
| 2. Assault in the Fourth Degree | 163.160(2) | Misdemeanor Class A | 08/13/2020 |
| 3. Strangulation | 163.187 | Misdemeanor Class A | 08/13/2020 |
| 4. Burglary in the Second Degree | 164.215 | Felony Class C | 08/13/2020 |
| 5. Harassment | 166.065(3) | Misdemeanor Class B | 08/13/2020 |
| 6. Burglary in the Second Degree | 164.215 | Felony Class C | 08/13/2020 |
| 7. Criminal Mischief in the First Degree | 164.365 | Felony Class C | 08/13/2020 |
| 8. Interference with Making a Report | 165.572 | Misdemeanor Class A | 08/13/2020 |

---

## EVENTS & ORDERS OF THE COURT

| | DISPOSITIONS |
|---|---|
| 10/27/2020 | **Plea** (Judicial Officer: Souede, Benjamin)<br>7. Criminal Mischief in the First Degree<br>Not Guilty<br>5. Harassment<br>Not Guilty |

5

8. Interference with Making a Report
Not Guilty
2. Assault in the Fourth Degree
Not Guilty
1. Burglary in the First Degree
Not Guilty
3. Strangulation
Not Guilty
4. Burglary in the Second Degree
Not Guilty
6. Burglary in the Second Degree
Not Guilty
Created: 10/27/2020 8:21 AM

05/20/2021 **Amended Plea** (Judicial Officer: Baggio, Amy M.) Reason:
Change of Plea
2. Assault in the Fourth Degree
Guilty
6. Burglary in the Second Degree
Guilty
Created: 05/20/2021 12:28 PM

05/28/2021 **Disposition** (Judicial Officer: Baggio, Amy M.)
7. Criminal Mischief in the First Degree
Dismissed
5. Harassment
Dismissed
8. Interference with Making a Report
Dismissed
2. Assault in the Fourth Degree
Convicted
1. Burglary in the First Degree
Dismissed
3. Strangulation
Dismissed
4. Burglary in the Second Degree
Dismissed
6. Burglary in the Second Degree
Convicted
Created: 05/28/2021 1:45 PM

04/28/2023 **Sentence - Probation Violation** (Judicial Officer: Rees, David F)
2. Assault in the Fourth Degree

Incarceration

        Duration: 12 Months

        Agency: County Jail

        Comments: Defendant shall recieve presentence incarceration credits pursuant to ORS 137.370(4). Concurrent to Count 6

        Remand

        Credit Time Served

        Statute: 137.752

        Eligibility: Eligible

Created: 05/01/2023 8:41 AM

04/28/2023 **Sentence - Probation Violation** (Judicial Officer: Rees, David F)
6. Burglary in the Second Degree

Incarceration

        Duration: 35 Months

        Agency: Oregon Dept of Corrections

        Comments: Defendant shall recieve presentence incarceration credits pursuant to ORS 137.370(4).

        Remand

        Credit Time Served

        Statute: 137.750

        Eligibility: Eligible All

        Alternative Incarceration: Not Eligible

        Post-Prison Supervision Duration: 25 Months

Created: 05/01/2023 8:42 AM

**OTHER EVENTS AND HEARINGS**

08/14/2020 *CANCELED* **Arraignment** (2:30 PM) (Judicial Officer Hodson, Jerry B)
*Other*

Created: 08/14/2020 5:39 AM

08/14/2020 **Motion - Recognizance Release**

Created: 08/14/2020 6:50 AM

08/14/2020 **Agreement - Recognizance Release**

Created: 08/14/2020 8:02 AM

10/16/2020 **Arraignment** (2:30 PM) (Judicial Officer Baggio, Amy M.)

*Per rel agreement*

Result: Held
Created: 08/14/2020 1:11 PM

10/16/2020 | **Arraignment** (Judicial Officer: Baggio, Amy M. )
Created: 10/16/2020 2:22 PM

10/16/2020 | **Affidavit - Probable Cause**
*STAMP ON AFFIDAVIT*
Created: 10/16/2020 3:19 PM

10/16/2020 | **Order - Appear** (Judicial Officer: Baggio, Amy M. )
Signed: 10/16/2020
Created: 10/16/2020 3:27 PM

10/16/2020 | **Information**
Created: 10/16/2020 3:39 PM

10/16/2020 | **Order - Appointing Counsel** (Judicial Officer: Baggio, Amy M. )
*Attorney:*
Signed: 10/16/2020
Created: 10/20/2020 4:38 PM

10/19/2020 | **Hearing - Custody Issue** (9:30 AM) (Judicial Officer Baggio, Amy M.)
*Track w/20CR53116; Not held on this case.*

Result: Held
Created: 10/16/2020 2:28 PM

10/19/2020 | **Order - Appear** (Judicial Officer: Baggio, Amy M. )
*B&K w/new dates.*
Signed: 10/19/2020
Created: 10/20/2020 2:59 PM

10/21/2020 | **Indictment**
Created: 10/21/2020 3:25 PM

10/27/2020 | *CANCELED* **Arraignment - Indictment** (9:30 AM) (Judicial Officer Souede, Benjamin)
*Indicted*
   *12/11/2020 Reset by Court to 10/27/2020*
Created: 10/16/2020 2:26 PM

10/27/2020 | **Arraignment** (9:30 AM) (Judicial Officer Souede, Benjamin)

Result: Held
Created: 10/26/2020 3:28 PM

10/27/2020 | **Arraignment** (Judicial Officer: Souede, Benjamin )
Created: 10/27/2020 8:20 AM

10/27/2020 | **Order - Appear** (Judicial Officer: Souede, Benjamin )

|  | Signed: 10/27/2020 |
|---|---|
|  | Created: 10/27/2020 10:45 AM |
| 11/19/2020 | **Certificate - Victim Notification** |
|  | Created: 11/19/2020 12:54 PM |
| 12/04/2020 | **Hearing - Custody Issue** (10:29 AM) (Judicial Officer Baggio, Amy M.) |
|  | *Release Hearing* |
|  | Result: Held |
|  | Created: 12/01/2020 3:52 PM |
| 12/04/2020 | **Order** (Judicial Officer: Baggio, Amy M. ) |
|  | *cust status cont* |
|  | Signed: 12/04/2020 |
|  | Created: 12/04/2020 3:24 PM |
| 12/07/2020 | **Call - Regular** (9:00 AM) (Judicial Officer Bushong, Stephen K.) |
|  | *SWIS Booking date: 10/19/20 Custody: MCIJ MCJRP: needs risk assessment* |
|  | Result: Held |
|  | Created: 10/27/2020 8:21 AM |
| 12/10/2020 | **Order** (Judicial Officer: Baggio, Amy M. ) |
|  | *and opinion* |
|  | Signed: 12/09/2020 |
|  | Created: 12/10/2020 7:57 AM |
| 12/10/2020 | **Order - Denial** (Judicial Officer: Baggio, Amy M. ) |
|  | Signed: 12/09/2020 |
|  | Created: 12/10/2020 7:58 AM |
| 01/06/2021 | **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.) |
|  | *For New Dates SWIS Booking date: 10/19/20 Custody: MCIJ Ext 60 days thru 2/16 per SKB MCJRP: needs risk assessment Tracking w/ 20CR53116* |
|  | Result: Held |
|  | Created: 12/07/2020 2:33 PM |
| 01/25/2021 | **Order - Substituting Attorney** (Judicial Officer: Albrecht, Cheryl A. ) |
|  | *ATTORNEY: HERCHER* |
|  | Signed: 01/21/2021 |
|  | Created: 01/25/2021 12:09 PM |
| 02/02/2021 | **Order - Postponement** (Judicial Officer: Albrecht, Cheryl A. ) |
|  | Signed: 02/02/2021 |
|  | Created: 02/02/2021 3:50 PM |

| | |
|---|---|
| 02/09/2021 | **Hearing - Settlement Conference** (10:00 AM) (Judicial Officers Ramras, Christopher, Ramras, Christopher) |
| | Result: Held |
| | Created: 02/03/2021 5:18 PM |
| 03/11/2021 | **Hearing - Substitution Of Attorney** (3:00 PM) (Judicial Officer Albrecht, Cheryl A.) |
| | Result: Held |
| | Created: 03/04/2021 1:57 PM |
| 03/12/2021 | **Order - Substituting Attorney** (Judicial Officer: Albrecht, Cheryl A.) |
| | Signed: 03/11/2021 |
| | Created: 03/12/2021 9:51 AM |
| 03/12/2021 | **Order - Court Protective** (Judicial Officer: Albrecht, Cheryl A.) |
| | *Sealing the FTR Record from 3:13:24pm to 3:31:13pm on 3/11/21.* |
| | Signed: 03/11/2021 |
| | Created: 03/12/2021 10:04 AM |
| 03/15/2021 | **Order - Substituting Attorney** (Judicial Officer: Albrecht, Cheryl A.) |
| | *ATTORNEY: PHILIPS* |
| | Signed: 03/11/2021 |
| | Created: 03/15/2021 3:06 PM |
| 03/17/2021 | **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.) |
| | *For Status/New Dates SWIS Booking date: 10/19/20 Custody: MCIJ-Dorm 16 Ext 60 days thru 2/16 per SKB Ext 60 days thru 3/24 per SKB Defendant found to be unreleaseable by Judge Baggio on 12/9/2020 Tracking w/ 20CR53116* |
| | 02/10/2021   *Continued to 03/17/2021 - Request by Defendant - Taylor, Nimrod Bennie Howard* |
| | Result: Held |
| | Created: 01/06/2021 12:04 PM |
| 04/08/2021 | **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.) |
| | *For Status/New Dates SWIS Booking date: 10/19/20 Custody: MCIJ/Dorm 16 Ext 60 days thru 2/16 per SKB Ext 60 days thru 3/24 per SKB Defendant found to be unreleaseable by Judge Baggio on 12/9/2020 Tracking w/ 20CR53116* |
| | Result: Held |
| | Created: 03/17/2021 11:53 AM |
| 04/27/2021 | **Hearing - Settlement Conference** (2:00 PM) (Judicial Officers Ramras, Christopher, Ramras, Christopher) |

|            | Result: Held<br>Created: 04/23/2021 3:23 PM |
|------------|---------------------------------------------|
| 04/30/2021 | **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)<br>*For Release Hearing SWIS Booking date: 10/19/20 Custody: MCIJ/Dorm 16 Ext 60 days thru 2/16 per SKB Ext 60 days thru 3/24 per SKB Defendant found to be unreleaseable by Judge Baggio on 12/9/2020 Tracking w/ 20CR53116 Call 05/13/21 at 915am w/SKB MCJRP: never had JSC. LS/CMI report available* |
|            | Result: Held<br>Created: 04/29/2021 11:00 AM |
| 05/03/2021 | **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)<br>*For Release Hearing SWIS Booking date: 10/19/20 Custody: MCIJ/Dorm 16 Ext 60 days thru 2/16 per SKB Ext 60 days thru 3/24 per SKB Tracking w/ 20CR53116 Call 05/13/21 at 915am w/SKB Defendant found to be unreleaseable by Judge Baggio on 12/9/2020 MCJRP: never had JSC. LS/CMI report available* |
|            | Result: Held<br>Created: 04/30/2021 9:10 AM |
| 05/04/2021 | *CANCELED* **Hearing - Settlement Conference** (10:00 AM) (Judicial Officers Ramras, Christopher, Ramras, Christopher)<br>*Other*<br>*Transport Requested* |
|            | Created: 05/03/2021 10:54 AM |
| 05/04/2021 | **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)<br>*For Release Hearing SWIS Booking date: 10/19/20 Custody: MCDC Ext 60 days thru 2/16 per SKB Ext 60 days thru 3/24 per SKB Tracking w/ 20CR53116 Defendant found to be unreleaseable by Judge Baggio on 12/9/2020 MCJRP: never had JSC. LS/CMI report available Call: 05/13/21 @ 915 AM w/ SKB* |
|            | Result: Held<br>Created: 05/03/2021 11:28 AM |
| 05/04/2021 | **Hearing - Custody Issue** (11:00 AM) (Judicial Officer Ryan, Thomas M)<br>*Release Hearing Transport Requested* |
|            | Result: Held<br>Created: 05/03/2021 3:30 PM |
| 05/05/2021 | **Order** (Judicial Officer: Ryan, Thomas M )<br>*cust status cont* |

| | |
|---|---|
| | Signed: 05/05/2021<br>Created: 05/05/2021 2:39 PM |
| 05/05/2021 | **Order** (Judicial Officer: Ryan, Thomas M )<br>*sealing court filing*<br>Signed: 05/05/2021<br>Created: 05/05/2021 2:45 PM |
| 05/10/2021 | **Exhibit - List**<br>*Election*<br>Created: 05/10/2021 9:42 AM |
| 05/13/2021 | **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)<br>*For Status/New Dates SWIS Booking Date: 10/19/20 Custody:*<br>*MCDC Ext 60 days thru 2/16 per SKB Ext 60 days thru 3/24 per*<br>*SKB Defendant found to be unreleaseable by Judge Baggio on*<br>*12/9/2020 Tracking w/ 20CR53116 MCJRP: never had JSC.*<br>*LS/CMI report available* |
| | Result: Held<br>Created: 04/08/2021 10:32 AM |
| 05/14/2021 | **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)<br>*For Plea or New Dates SWIS Booking Date: 10/19/20 Custody:*<br>*MCDC Ext 60 days thru 2/16 per SKB Ext 60 days thru 3/24 per*<br>*SKB Defendant found to be unreleaseable by Judge Baggio on*<br>*12/9/2020 Tracking w/ 20CR53116 MCJRP: never had JSC.*<br>*LS/CMI report available* |
| | Result: Held<br>Created: 05/13/2021 10:14 AM |
| 05/17/2021 | **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)<br>*For Plea or New Dates SWIS Booking Date: 10/19/20 Custody:*<br>*MCDC Ext 60 days thru 2/16 per SKB Ext 60 days thru 3/24 per*<br>*SKB Defendant found to be unreleaseable by Judge Baggio on*<br>*12/9/2020 Tracking w/ 20CR53116 MCJRP: never had JSC.*<br>*LS/CMI report available* |
| | Result: Held<br>Created: 05/14/2021 10:09 AM |
| 05/18/2021 | **Call** (9:15 AM) (Judicial Officer Bushong, Stephen K.)<br>*For Plea or New Dates SWIS Booking Date: 10/19/20 Custody:*<br>*MCDC Ext 60 days thru 2/16 per SKB Ext 60 days thru 3/24 per*<br>*SKB Defendant found to be unreleaseable by Judge Baggio on*<br>*12/9/2020 Tracking w/ 20CR53116 MCJRP: never had JSC.*<br>*LS/CMI report available* |

| | |
|---|---|
| | Result: Held<br>Created: 05/17/2021 10:09 AM |
| 05/19/2021 | **Call**  (9:15 AM) (Judicial Officer Bushong, Stephen K.)<br>*For Plea or New Dates SWIS Booking Date: 10/19/20 Custody:*<br>*MCDC Ext 60 days thru 2/16 per SKB Ext 60 days thru 3/24 per*<br>*SKB Defendant found to be unreleaseable by Judge Baggio on*<br>*12/9/2020 Tracking w/ 20CR53116 MCJRP: never had JSC.*<br>*LS/CMI report available* |
| 05/20/2021 | Result: Held<br>Created: 05/18/2021 10:39 AM<br>**Hearing - Plea**  (9:00 AM) (Judicial Officer Baggio, Amy M.)<br>*Transport Requested* |
| 05/20/2021 | Result: Held<br>Created: 05/19/2021 11:43 AM<br>**Order - Release from Custody** (Judicial Officer: Baggio, Amy M.<br>)<br>Signed:  05/20/2021<br>Created: 05/20/2021 2:51 PM |
| 05/20/2021 | **Petition - Guilty Plea**<br>Created: 05/20/2021 2:59 PM |
| 05/28/2021 | **Hearing - Sentencing**  (1:00 PM) (Judicial Officer Baggio, Amy<br>M.)<br>*set-over sentencing for START referral process* |
| 05/28/2021 | Result: Held<br>Created: 05/20/2021 12:28 PM<br>**Order - Pending Judgment** (Judicial Officer: Baggio, Amy M. )<br>Signed:  05/28/2021<br>Created: 05/28/2021 2:57 PM |
| 05/28/2021 | **Order - Pending Judgment** (Judicial Officer: Baggio, Amy M. )<br>Signed:  05/28/2021<br>Created: 05/28/2021 2:57 PM |
| 05/28/2021 | **Order - Appear** (Judicial Officer: Baggio, Amy M. )<br>Signed:  05/28/2021<br>Created: 05/28/2021 2:57 PM |
| 05/28/2021 | **Notice**<br>*Of conditions for award of earned discharge*<br>Created: 05/28/2021 2:57 PM |
| 05/28/2021 | **Notice - Advise Appeal Rights**<br>Created: 05/28/2021 2:57 PM |

13

| | |
|---|---|
| 05/28/2021 | **Judgment - Offense General** (Judicial Officer: Baggio, Amy M. ) |
| | Signed: 06/03/2021 |
| | Created: 06/03/2021 3:46 PM |
| 06/03/2021 | **Closed** |
| | Created: 06/03/2021 3:47 PM |
| 06/04/2021 | **Hearing - Specialty Court** (10:05 AM) (Judicial Officer Bloch, Eric J) |
| | Created: 05/28/2021 2:29 PM |
| 06/07/2021 | **Order - Appointing Counsel** (Judicial Officer: Bloch, Eric J ) |
| | Signed: 06/04/2021 |
| | Created: 06/07/2021 10:40 AM |
| 06/11/2021 | **Hearing - Specialty Court** (10:14 AM) (Judicial Officer Bloch, Eric J) |
| | Created: 06/07/2021 11:52 AM |
| 06/16/2021 | **Hearing - Specialty Court** (10:14 AM) (Judicial Officer Bloch, Eric J) |
| | Created: 06/14/2021 10:43 AM |
| 06/23/2021 | **Hearing - Specialty Court** (10:16 AM) (Judicial Officer Oden-Orr, Melvin) |
| | Created: 06/22/2021 1:34 PM |
| 06/30/2021 | **Hearing - Specialty Court** (10:16 AM) (Judicial Officer Bloch, Eric J) |
| | Created: 06/29/2021 2:33 PM |
| 06/30/2021 | **Order** (Judicial Officer: Bloch, Eric J ) |
| | *8H ACS susp for any misses next 14D* |
| | Signed: 06/30/2021 |
| | Created: 06/30/2021 3:10 PM |
| 07/02/2021 | **Hearing - Status Check** (10:14 AM) (Judicial Officer Bloch, Eric J) |
| | Created: 06/30/2021 5:00 PM |
| 07/07/2021 | *CANCELED* **Hearing - Specialty Court** (10:14 AM) (Judicial Officer Bloch, Eric J) |
| | *Other* |
| | *07/02/2021 Reset by Court to 07/09/2021* |
| | *07/09/2021 Reset by Court to 07/07/2021* |
| | Created: 06/22/2021 1:33 PM |
| 07/07/2021 | **Hearing - Specialty Court** (10:45 AM) (Judicial Officer Bloch, Eric J) |

|  | Created: 07/02/2021 3:26 PM |
|---|---|
| 07/21/2021 | **Hearing - Probation Violation** (10:45 AM) (Judicial Officer Bloch, Eric J) <br> *In-Person* <br>    *07/20/2021 Reset by Court to 07/21/2021* |
|  | Result: Held <br> Created: 07/16/2021 11:39 AM |
| 07/21/2021 | **Order - Appointing Counsel** (Judicial Officer: Bloch, Eric J ) <br> Signed: 07/21/2021 <br> Created: 07/21/2021 3:43 PM |
| 07/21/2021 | **Judgment - Probation** (Judicial Officer: Bloch, Eric J ) <br> *prob cont* <br> Signed: 07/21/2021 <br> Created: 07/21/2021 3:46 PM |
| 07/28/2021 | **Hearing - Specialty Court** (10:16 AM) (Judicial Officer Bloch, Eric J) |
|  | Created: 07/26/2021 7:11 PM |
| 07/30/2021 | **Hearing - Substitution Of Attorney** (1:30 PM) (Judicial Officer Skye, Kelly) <br> *out of custody* |
|  | Result: Held <br> Created: 07/28/2021 2:43 PM |
| 08/04/2021 | *CANCELED* **Hearing - Probation Violation** (10:45 AM) (Judicial Officer Bloch, Eric J) <br> *Other* <br>    *07/14/2021 Reset by Court to 07/28/2021* <br>    *07/28/2021 Reset by Court to 08/04/2021* |
|  | Created: 07/07/2021 1:41 PM |
| 08/04/2021 | **Hearing - Status Check** (10:14 AM) (Judicial Officer Bloch, Eric J) <br> *staffing regarding 3:30 hearing;* |
|  | Created: 07/28/2021 11:13 AM |
| 08/04/2021 | **Hearing - Probation Violation** (3:30 PM) (Judicial Officer Bloch, Eric J) <br>    *08/04/2021 Reset by Court to 08/04/2021* |
|  | Result: Held <br> Created: 07/29/2021 9:26 AM |
| 08/05/2021 | **Order - Appointing Counsel** (Judicial Officer: Bloch, Eric J ) |

| | Signed: 08/04/2021 |
|---|---|
| | Created: 08/05/2021 10:23 AM |
| 08/05/2021 | **Order** (Judicial Officer: Bloch, Eric J ) |
| | *SB 936* |
| | Signed: 08/04/2021 |
| | Created: 08/05/2021 10:23 AM |
| 08/05/2021 | **Judgment - Probation** (Judicial Officer: Bloch, Eric J ) |
| | *prob cont* |
| | Signed: 08/04/2021 |
| | Created: 08/05/2021 10:23 AM |
| 08/11/2021 | **Hearing - Specialty Court** (10:45 AM) (Judicial Officer Oden-Orr, Melvin) |
| | *08/11/2021 Reset by Court to 08/11/2021* |
| | Result: Held |
| | Created: 08/09/2021 1:08 PM |
| 08/11/2021 | **Order - Appointing Counsel** (Judicial Officer: Oden-Orr, Melvin ) |
| | Signed: 08/11/2021 |
| | Created: 08/11/2021 3:36 PM |
| 08/11/2021 | **Judgment - Probation** (Judicial Officer: Oden-Orr, Melvin ) |
| | *prob cont* |
| | Signed: 08/11/2021 |
| | Created: 08/11/2021 4:05 PM |
| 08/18/2021 | **Hearing - Specialty Court** (10:45 AM) (Judicial Officer Bloch, Eric J) |
| | Result: Held |
| | Created: 08/13/2021 8:00 AM |
| 08/18/2021 | **Order** (Judicial Officer: Bloch, Eric J ) |
| | *8H AC per PO by 8.25.21* |
| | Signed: 08/18/2021 |
| | Created: 08/18/2021 3:34 PM |
| 08/25/2021 | **Hearing - Specialty Court** (10:16 AM) (Judicial Officer Bloch, Eric J) |
| | Created: 08/25/2021 8:51 AM |
| 08/27/2021 | **Hearing - Specialty Court** (10:14 AM) (Judicial Officer Bloch, Eric J) |
| | Created: 08/19/2021 9:34 AM |
| 09/01/2021 | **Hearing - Specialty Court** (10:45 AM) (Judicial Officer Bloch, Eric J) |

|            | Created: 08/27/2021 4:25 PM |
| 09/03/2021 | **Hearing - Appearance Warrant**  (10:16 AM) (Judicial Officer Bloch, Eric J) |
|            | Created: 09/02/2021 9:53 AM |
| 09/03/2021 | **Order - Bench Warrant** (Judicial Officer: Bloch, Eric J ) |
|            | Created: 09/03/2021 9:42 AM |
| 09/03/2021 | **Security - Determination** |
|            | Created: 09/03/2021 9:42 AM |
| 05/10/2022 | **Arraignment - Probation Violation**  (2:30 PM) (Judicial Officer Johnston, Benjamin) |
|            | *START* |
|            | Result: Held |
|            | Created: 05/09/2022 6:44 PM |
| 05/10/2022 | **Warrant - Return of Service** |
|            | Created: 05/10/2022 7:51 AM |
| 05/10/2022 | **Motion - Recognizance Release** |
|            | Created: 05/10/2022 8:06 AM |
| 05/10/2022 | **Order - Appointing Counsel** (Judicial Officer: Johnston, Benjamin ) |
|            | *Attorney:J.Fox* |
|            | Signed:  05/10/2022 |
|            | Created: 05/10/2022 3:57 PM |
| 05/13/2022 | **Hearing - Probation Violation**  (10:15 AM) (Judicial Officer Rees, David F) |
|            | *START* |
|            | *05/18/2022 Reset by Court to 05/13/2022* |
|            | Created: 05/10/2022 2:12 PM |
| 05/20/2022 | **Hearing - Probation Violation Sentencing**  (10:15 AM) (Judicial Officer Rees, David F) |
|            | Created: 05/16/2022 7:15 AM |
| 05/25/2022 | **Hearing - Status Check**  (10:15 AM) (Judicial Officer Rees, David F) |
|            | *05/24/2022 Reset by Court to 05/25/2022* |
|            | Created: 05/23/2022 12:42 PM |
| 05/26/2022 | **Hearing - Probation Violation**  (2:30 PM) (Judicial Officer Rees, David F) |
|            | Result: Held |
|            | Created: 05/23/2022 8:39 AM |

| | |
|---|---|
| 05/26/2022 | **Specialty Court - Terminated** |
| | Created: 06/02/2022 2:37 PM |
| 05/27/2022 | *CANCELED* **Hearing - Status Check** (10:15 AM) (Judicial Officer Rees, David F) |
| | *Other* |
| | Created: 05/20/2022 3:17 PM |
| 05/27/2022 | **Declaration - Use of Restraints** |
| | Created: 05/27/2022 3:19 PM |
| 05/27/2022 | **Order** (Judicial Officer: Rees, David F ) |
| | *Use of restraints* |
| | Signed: 05/27/2022 |
| | Created: 05/27/2022 3:19 PM |
| 05/27/2022 | **Order** (Judicial Officer: Rees, David F ) |
| | *SB 936* |
| | Signed: 05/26/2022 |
| | Created: 05/27/2022 3:19 PM |
| 05/27/2022 | **Judgment - Probation** (Judicial Officer: Rees, David F ) |
| | *Probation revoked* |
| | Signed: 05/26/2022 |
| | Created: 05/27/2022 3:24 PM |
| 05/27/2022 | **Order** (Judicial Officer: Rees, David F ) |
| | *SB 936* |
| | Signed: 05/27/2022 |
| | Created: 05/27/2022 3:37 PM |
| 06/16/2022 | **Notice - Appeal** |
| | *Handwritten Notice of Appeal* |
| | Created: 06/16/2022 1:25 PM |
| 06/17/2022 | **Request** |
| | *RE: Plea petition* |
| | Created: 06/21/2022 2:17 PM |
| 06/22/2022 | **Assignment - Transcriber** |
| | Created: 06/22/2022 4:17 PM |
| 06/22/2022 | **Certificate** |
| | *CERTIFICATE OF NOTICE TO COURT REPORTER/TRANSCRIBER* |
| | Created: 06/22/2022 4:17 PM |
| 06/24/2022 | **Letter** |
| | *SPEEDY TRIAL REQUEST SENT TO DA OFFICE* |
| | Created: 06/24/2022 9:23 AM |

| | |
|---|---|
| 07/12/2022 | **Letter**<br>*SPEEDY TRIAL REQUEST*<br>Created: 07/12/2022 7:39 AM |
| 07/21/2022 | **Affidavit**<br>*Appellant's Affidavit in Support of Appeal*<br>Created: 07/21/2022 11:21 AM |
| 07/25/2022 | **Request**<br>*Handwritten from defendant - RE: For fee waiver and to proceed In Forma Pauperis*<br>Created: 07/25/2022 11:25 AM |
| 07/25/2022 | **Request**<br>*Handwritten from defendant - RE: Foran order for an amended judgment.*<br>Created: 07/25/2022 11:29 AM |
| 07/25/2022 | **Request**<br>*Handwritten from defendant - RE: Petitionewr's Writ of Habeas Corpus*<br>Created: 07/25/2022 11:33 AM |
| 07/25/2022 | **Letter**<br>*Requesting copy of police report for this case. Also requesting docket sheet of civil and criminal cases motions filed from 1.2021 - 5.2021.*<br>Created: 07/25/2022 11:37 AM |
| 07/26/2022 | **Notice - Appeal**<br>Created: 07/26/2022 1:00 PM |
| 07/29/2022 | **Certificate**<br>*CERTIFICATE OF NOTICE TO COURT REPORTER/TRANSCRIBER*<br>Created: 07/29/2022 9:21 AM |
| 08/18/2022 | **Order** (Judicial Officer: Rees, David F )<br>*Motion denied*<br>Signed:  08/18/2022<br>Created: 08/18/2022 3:33 PM |
| 08/24/2022 | **Certificate**<br>*CERTIFICATE OF PREPARATION AND SERVICE OF TRANSCRIPT*<br>Created: 08/24/2022 9:51 AM |
| 09/13/2022 | **Request**<br>*Defendant's Request for Amended Judgment Order*<br>Created: 09/13/2022 11:57 AM |

10/03/2022   **Certificate**
*CERTIFICATE OF FILING OF TRANSCRIPT*
Created: 10/03/2022 10:08 AM

10/21/2022   **Affidavit/Declaration - Mailing**
*one env sent to COA*
Created: 10/21/2022 11:53 AM

10/21/2022   **Notice**
*1 Envelope of exhibits and 1 sealed exhibit submitted via shuttle - A179117*
Created: 10/24/2022 8:42 AM

03/02/2023   **Motion**
*Appellants motion - Amend designation of record*
Created: 03/02/2023 1:57 PM

04/21/2023   **Hearing - New Dates** (9:45 AM) (Judicial Officer Russell, Shelley D)
*RETURN FROM COA*

Result: Held
Created: 04/21/2023 5:12 AM

04/21/2023   **Order - Appear** (Judicial Officer: Russell, Shelley D )
Signed: 04/21/2023
Created: 04/21/2023 10:37 AM

04/21/2023   **Order - Appointing Counsel** (Judicial Officer: Russell, Shelley D )
*Attorney:*
Signed: 04/21/2023
Created: 04/24/2023 3:49 PM

04/24/2023   **Filing Copy - Reverse on Appeal (Post-Disposition)**
*Vacate judgment and remand case to the Trial Court for resentencing. Motion is granted. COA #A179117.*
Created: 04/25/2023 1:42 PM

04/28/2023   **Hearing - Sentencing** (3:30 PM) (Judicial Officer Rees, David F)
*04/28/2023 Reset by Court to 04/28/2023*
Created: 04/26/2023 3:11 PM

04/28/2023   **Judgment - Probation** (Judicial Officer: Rees, David F )
*Presentence incarceration*
Signed: 04/28/2023
Created: 05/01/2023 8:43 AM

05/18/2023   **Notice - Appeal**
Created: 05/18/2023 2:17 PM

| 05/30/2023 | **Request** |
| | *For amended sentencing order - with attachments.* |
| | Created: 05/30/2023 12:43 PM |
| 06/09/2023 | **Call**  (9:15 AM) (Judicial Officer Matarazzo, Judith H) |
| | *For Status/Dates Custody: CCF Returned from COA* |
| | *06/02/2023 Reset by Court to 06/09/2023* |
| | Result: Held |
| | Created: 04/21/2023 9:47 AM |

---

## FINANCIAL INFORMATION

|  | **Defendant** Taylor, Nimrod Bennie Howard | |
|  | Total Financial Assessment | 525.00 |
|  | Total Payments and Credits | 525.00 |
|  | **Balance Due as of 06/12/2023** | **0.00** |
| 06/01/2021 | Transaction Assessment | 200.00 |
| 06/01/2021 | Waiver | (200.00) |
| 06/02/2021 | Transaction Assessment | 100.00 |
| 06/02/2021 | Waiver | (100.00) |
| 06/03/2021 | Transaction Assessment | 100.00 |
| 06/03/2021 | Waiver | (100.00) |
| 07/21/2021 | Transaction Assessment | 25.00 |
| 07/21/2021 | Waiver | (25.00) |
| 07/21/2021 | Transaction Assessment | 25.00 |
| 07/21/2021 | Waiver | (25.00) |
| 08/05/2021 | Transaction Assessment | 25.00 |
| 08/05/2021 | Waiver | (25.00) |
| 08/05/2021 | Transaction Assessment | 25.00 |
| 08/05/2021 | Waiver | (25.00) |
| 08/11/2021 | Transaction Assessment | 25.00 |
| 08/11/2021 | Waiver | (25.00) |

IN THE CIRCUIT COURT FOR THE STATE OF OREGON FOR MULTNOMAH COUNTY
RELEASE ORDER AND AGREEMENT

State of Oregon vs. _Taylor, Nimved_    Offense: _Crim misch I_    DV: ___    Case No: _1504930_

Defendant:
SID/TN: ___
_950 NW Irving st_    _Inter for make report_
Address    _Harassment b mid_
_Portland, OR. 97209_
City/State/Zip
_(___) 437 - 3427_    _4-30-76_    COPY
Phone    DOB    SWIS _#2509_    RELEASE AGREEMENT    _20R44701_

Pursuant to ORS 135.250, the Defendant must comply with the following conditions of release:

1. Appear in person at all times and places ordered by the Court until discharge or final order of the Court.
2. Do not leave the State of Oregon without permission of the Court.
3. Obey all laws and Court orders and comply with any conditions the Court may impose.
4. Keep Defendant's attorney advised of Defendant's whereabouts.
5. Security posted on Defendant's behalf will be applied to any fine, costs, or restitution imposed on this case or any other case.
6. Waive extradition on the above listed offenses if arrested outside the State of Oregon.
7. DO NOT HAVE CONTACT WITH THE VICTIMS WITHOUT THE COURT'S WRITTEN PERMISSION. This ban includes direct contact (by you) or indirect contact (through third parties). The ban also includes any harassing, stalking, or threatening conduct against the victim(s), and any actual, threatened, or attempted use of physical force against the victim(s) reasonably expected to cause bodily injury. Any prior Federal Firearms Findings remain in effect for purposes of the no contact order.
8. Additional Conditions: _____

Violation of these conditions will have the following consequences:

1. Revocation of this Release Order, forfeiture of any security posted under this Order, arrest, and possible punishment by contempt of Court or a separate criminal charge for failure to appear, or both.
2. Immediate arrest by a peace officer if there is probable cause you have had any unauthorized contact with the victim.
3. Failure to Appear (FTA) conviction – For any appearance for an offense declared to be a violation by the District Attorney, the Court may enter a conviction and monetary judgment up to the maximum amount of fines, assessments, restitution, and other costs allowed by law.

I have read, understand, and agree to obey these listed conditions. I understand the consequences for violating these conditions. I agree to waive extradition on the above listed offenses if I violate any condition of this agreement and I am arrested outside of this State. I agree that if I willfully violate a term of this release agreement and a warrant is issued for my arrest that I expressly consent to any delay or postponement in the prosecution of my case. This includes any delay in a subsequent prosecution which arises from the incident related to my initial arrest or citation, on any form of accusatory instrument, including but not limited to subsequently filed indictments.

_[signature]_    _8/5/20_    _[signature] 3y865_
Defendant    Date    Witness

SECURITY VERIFICATION OF NET WORTH AND AGREEMENT
Full Security $ ___    100% ___    10% ___    Security Receipt # ___

I hereby certify that my total unencumbered assets are equal to no less than double the total amount of the security above. I understand that if the Defendant fails to comply with any of the conditions set on this Release Order, I am liable for the full amount of the security set. I further understand that security release costs plus any fines or other financial obligations assessed against the Defendant in this case or any other case will be taken out of the security amount posted.

_____    _____
Name (Please Print)    Signature

_____    _____
Address    Date

_____    _____
City/State/Zip    Phone

SUPERVISORY AGREEMENT – THIRD PARTY CUSTODIAN
I agree to supervise and be responsible for the above named Defendant and to notify the Court immediately of any breach of this agreement. I agree to make every effort to assure that the Defendant appears at all scheduled hearings. I understand that to knowingly aid the Defendant in any breach of this agreement or to knowingly fail to report such breach is punishable as contempt of Court.

_____    _____
Name (Please Print)    Signature

_____    FILED
Address    Date    AUG 14 2020

_____    Circuit Court
City/State/Zip    Phone    Multnomah County, Oregon

Courtroom _3_ at _2:00pm_ on _Friday 10/16/20_    NEXT COURT DATE AND TIME
[ ] COURTHOUSE 4021 SW Fourth Avenue, Portland, OR 97204    [ ] JUSTICE CENTER: 1120 SW Third Avenue, Portland, OR 97204
[ ] COURTHOUSE 4021 SW Fourth Avenue, Portland, OR 97204    [ ] COURTHOUSE 1306 SW First Avenue, Portland, OR 97204

DEFENSE ATTORNEY'S NAME AND PHONE NUMBER
Name _____    Phone _____

SUBSCRIBED AND SWORN TO OR AFFIRMED BEFORE ME AND RELEASE ORDERED THIS _15_ DAY OF _August_ 20_20_

_[signature]_    _____
Form Prepared by (Judge/Recognizance Staff/Officer)    Authorized by (Judge/Recognizance Staff/Officer)
23-21 (01/20) Distribution: Original – Court    Copies – Defendant, MCSO/Records & Warrants, Release Agency, District Attorney, Defense Attorney

22

IN THE CIRCUIT COURT FOR THE STATE OF OREGON
FOR MULTNOMAH COUNTY

STATE OF OREGON

Defendant _Taylor, Numord Bernie Howard_

Circuit Court No _20CR44707_
District Attorney No _2425981-1_
Charge (s) _Crim Misc T, Harassment, Assault IV, Bail of Mating Rpt._

ORDER FOR:
☐ RELEASE / SECURITY
☐ MOTION DISPOSITION
☒ OTHER _Book n/_

Date of Proceeding _10/19/20_
Court Reporter _____
Defense Attorney _M. Dothman_
District Attorney _T. Jackson_

FTR ☒ 13B

Bar No. _092398_
Bar No. _114240_

Custody Status: ☒ In Custody  ☐ On Court Ordered Release  ☐ On Security Release  ☐ On Population Release

I. RELEASE AND/OR SECURITY HEARING FOR:
A. Murder/Aggravated Murder
 ☐ Release is denied
 ☐ Security is allowed and set at $_____
B. All Other Crimes
 ☐ Upon receiving the Jail Records copy of this order, the Sheriff is to release the defendant on the above listed charges
 ☐ Security is reduced to $_____ from $_____
 ☐ Security is increased to $_____ from $_____
 ☐ Security reduction or increase is denied
 ☐ Present release and/or custody status is continued
 ☐ Defendant is released on personal recognizance on the above charge(s)
 ☐ Defendant is released to report to PRS
 ☐ Defendant is released to PRS
 ☐ Defendant is released to PRS, if accepted
 ☐ Defendant is released to PRS, interview only
 ☒ Other _Book n/ Keep on this case with new dates (see below)_

II. MOTION DISPOSITION:
_____
_____
_____
_____

III. OTHER:
_Grand Jury Arraignment moved to October 27, 2020 @ 7:30 am_
_in JC3._
_Bail set @ $11,500._

Date Signed _10/19/20_

Signature of Judge _____
Typed Name of Judge _Hon. A. Baggio_

23-60 (11/08)   ORDER FOR: RELEASE/MODIFICATION OF RELEASE/SECURITY/MOTION DISPOSITION/ OTHER
DISTRIBUTION: ORIGINAL – COURT, COPIES – JAIL RECORDS, DISTRICT ATTORNEY, PROBATION, DEFENSE ATTORNEY, JUDGE

23

# EXHIBIT PAGE SIX



# OREGON DEPARTMENT OF CORRECTIONS
## AIC COMMUNICATION FORM

TO: _P. T.A MCCOOL_     Date: _5/16/2023_

State your issue in detail: _MY RELEASE DATE WAS 10-8-2023 BEFORE_
_I WENT TO COURT, AT COURT 11 MONTHS WAS TAKEN OFF MY_
_POST PRISON SO HOW CAN MY RELEASE DATE NOW BE 10-9-2023_
_HOW CAN MY RELEASE DATE GO UP? SECONDLY MY RELEASE_
_DATE IS WRONG I AM SENTENCE TO 35 MONTHS I DID_
_8 MONTHS AND TEN DAYS IN THE MULTNOMAH JAIL FROM 8-13-2020_
_= 1 DAY AND 9-20-2020 - 5-20-2021 AND 3 WEEKENDS IN AUGUST_
_2021 ALTOGETHER 8 MONTHS 5 4 DAYS IVE NOW BEEN IN JAIL AFTER_
_MY PROBATION WAS REVOKED FROM MAY-9-2022 THROUGH MAY 16-2023_
_THATS 365 ONE YEAR STRAIGHT PLUS 7 DAYS. AT 20% X 35 MONTHS_
_IS 7 MONTH 210 DAYS 12 MONTHS PLUS 7 DAYS AND 8 MONTHS_
_PLUS TEN DAYS PLUS 7 MONTHS 10 DAYS 12+8+7 MONTHS = 27 MONTHS_
_AND 17 DAYS 35 MONTHS - 27 MONTHS AND 17 DAYS LEAVES 7½ MONTHS MINUS TRANSLEAVE_
_= 3½ MONTHS FROM MAY - AUGUST 2023. I SHOULD BE RELEASE LATE AUGUST EARLY SEPTEMBER 2023_

| AIC Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| TAYLOR , NIMROD / I WILL SUE IN CIVIL CAPTIVE / TRIED OVER OVER WITH LAW | 23849845 | Q225 |

Your current STTL eligibility date on your face sheet is 10/09/23. Your current projected release date is 02/05/24.

Multnomah County certified you were in their physical custody on Case 20CR44701/06 for the following dates: 08/13/20 – 08/13/20, 10/19/20 – 05/20/21 and 05/0922 to 05/31/22. You are receiving credit for those dates. The Department of Corrections is unable to add time/dates that aren't certified by the County. Multnomah would need to send an amended statement of imprisonment that includes additional dates or response to a form 1681 that indicates you were held on additional dates.

Please see the memo dates 05/16/23 that explains the one day difference in your release date, after return from re-sentencing.

Date Received: _____    Referred To*: _____

Date Answered: _5-18-23_    Signature of Staff Member: _J. Mcel_

*If forwarded, please notify the AIC

CD 214 (02/2020)

Earned Time Computation Form

Page   2

Offender ID..... 23849845 **Taylor, Nimrod Bennie Howard**   AIC(J46B  )         DRCM
                                         Counselor, TARA PINEDA- LOW ACRS
Date............... 11/30/2022    Caseload.. 01810    Class.. 2
                                         Institution admission, 5/31/2022
137.635: N   137.700: N    .          Projected release..... 2/04/2024
                                         Compliant hours:  40.0
Review period...... 5/31/2022 to  11/30/2022                      AMENDED:  | |

---

## RECOMMENDATION SECTION

Comments: _____

_____

Final Review:  Y   (N)

**Programming Retraction of "C" Review:**___

OCP Compliance:                    Non-Compliance   | Compliance |

Institution Conduct(# of DR's):____    Non-Compliance   | Compliance |

Final Determination: | | None    0%

                     | | Partial 10% for Sentence Eligible for 20% Earned Time
                              15% for Sentence Eligible for 30% Earned Time

                     |X| Full    20% or 30% Based on Sentence Eligibility

Signature: _NVb_____      Date: _12-28-22_
                Designee

---

## RECORDS SECTION

Current Earned Date: _5.22.24_

Current Proj Rel Dt: _2-4-24_    | | AIC Not Eligible for Sentence
                                     Reduction During this Review

Print Face Sheet:  (Y)   N

---

                 Guidelines for review contained in Division Rule #97.
CD 1154D



# OREGON DEPARTMENT OF CORRECTIONS
## AIC COMMUNICATION FORM

TO: COMPUTATION          Date: 5-25-2023

State your issue in detail:

CAN YOU SEND ME
A FACE SHEET

SO I CAN SHOW
THE CORT
HOW I AM NOT
GETTING MY
CREDIT TIME FROM
9-26-2020 THROUGH 10-19-2020
FROM MULTNOMAH JAIL
AND D.O.C

| AIC Committed Name (first middle last) | SID# | Housing Unit |
|---|---|---|
| TAYOK, NIMROD | 2384985 | C-143-A |

Response/Action Taken:

Attached is your current facesheet.

Date Received: _____    Referred To*: _____

Date Answered: 5/30/23    Signature of Staff Member: K Hofman

*If forwarded, please notify the AIC

CD 214 (02/2020)

Case 3:23-cv-01039-AN Document 1 Filed 07/17/23 Page 126 of 129

Location: DRCM                SID#: 23849845

                                        Orig Adm Date: 05/31/2022
Court/Legal Name: TAYLOR, NIMROD BENNIE HOWARD    Curr Adm Date: 05/02/2023
True Name:                              Proj Rele Date: 02/05/2024
                                        Phys Rele Date:
                                         Maximum Date: 04/18/2024
                                        Parole Release:
                                        Good Time Date:
    TL = Transitional Leave      ──────→    TL Begin: 10/09/2023 P
         Date                             TL End: 02/05/2024
                                        SG Earned Date: 04/15/2024
                                        SG Proj Date: 02/05/2024


                      02      SG      02      SG
Offense (abbrev)      ********      ********
137.635/137.700       N/N           N/N
Sent Reduct/Ovrd      E-20/N        E-20/N
TL/AIP1/AIP2/WR       E/R/R/E       E/E/E/E
Sentence yy-mm-dd     000-035-000   000-035-000
Court docket#         20CR44701     20CR44701
Dockt county/count    MULT/06       MULT/06
Name of judge         REES          REES
Date convicted        05/28/2021    05/28/2021
Date prob revoke      05/26/2022    05/26/2022
Sentence begin dt.    05/31/2022    05/02/2023
Time served credit    00237 Y       00713 B
GT-ET credit/Lost     00105         00003
Inop/Merit GT
MAX sent date         09/04/2024    04/18/2024
SG earned date        05/22/2024    04/15/2024
Proj rele/GT date     02/04/2024    02/05/2024
Termination date      04/20/2023
Termination code      RSNT
PPS sent length       003-000-000   000-025-000



* * * * * * * * * * * * *  C O N T I N U E D  * * * * * * * * * * * * * *

TAYLOR, NIMROD BENNIE HOWARD                  SID#: 23849845

DETAINERS:
      Agency: MULTNOMAH COUNTY
Contact Name: JAIL RECORDS                Phone: 000-000-0000  Ext:
                                               Agency

Case#-Charges: 20CR44701


Offense Data:012 months -

Planned Expiration Date:  6/07/2023 Provided
Entry Date:  6/02/2022
Comments:


Governors Warrant:  N  Waiver on File: N  Release to Detainer: N
--------------------------   -----------------   ---------------------------


* * * * * * * * * * * E N D   O F   F A C E S H E E T * * * * * * * * * * * * *

# VERIFICATION OF SERVICE

## BY U.S. MAIL

I Nimrod B. H. Taylor #23849845, a prisoner at Deer Ridge State Prison of Oregon Department of Corrections, is now acting, as a Pro Se litigant, in respects to this/these motions and verification of service, as I have not heard from my Oregon Appellate Court appointed Attorney, Jedediah Peterson #084425 of O'CONNOR WEBER LLC., (503)226-0923, 1500 SW First Ave. Suite 1090 Portland, Oregon 97201, declare under penalty of perjury that I mailed a true copy of Appellants/Defendants Request for Injunctive relief to the below listed address.,

Oregon Court of Appeals 1163 State Street ~~Portland~~ SALEM, Oregon 97301-2563
U.S DIST CRT - PORT - DIV. 1000 SW 3Rd Ave PORT, OR 97204
Attorney General's Office 1162 Court Street North East Salem, Oregon 97301

Jedediah Peterson #084425 of O'CONNOR WEBER LLC., (503)226-0923, 1500 SW First Ave. Suite 1090 Portland, Oregon 97201,

Attorney Jennifer F. List 522 South West 5th avenue., Suite 100 Portland, OR 97204

Multnomah County Court of Oregon 1200SW 1st Ave. Portland, Or 97204

Office of Public Defense service - Appellate Div. 1175 Court St. North East Salem, OR 97301-4030

Brett J. Allin #142719 File No. 78142

I declare the above written true to the best of my knowledge as correct under penalty of perjury.

Dated: ~~6/11/2023~~
7-12-2023

Nimrod B.H. Taylor #23849845 Deer Ridge Prison

3920 East Ashwood Road Madras, Oregon 97741

Pro Se litigant

19

...ctional Institution
...wood Road
...gon 97741
...B.H. TAYLOR
...45



NEOPOST
07/13/2023
US POSTAGE
PRIORITY MAIL
$010.05⁰

UNITED STATES DISTRICT
COURT OF OREGON.
FEDERAL COURT-PORTLAND DIV.
1000 SOUTHWEST 3ʳᵈ
AVENUE
PORTLAND, OREGON 97204

LEGAL MAIL

